LDA

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

| | |
|---|---|
| THE HANOVER INSURANCE GROUP<br>Plaintiff<br><br>v.<br><br>ANTHONY F. ROSCITI, JR., SHANNON B. ROSCITI, HENRY V. ROSCITI, JR. and AHR UTILITY CORPORATION<br>Defendant | CIVIL ACTION NO.<br><br>CA 06 276T |

COMPLAINT

**PARTIES**

1. The Hanover Insurance Group ("Hanover") is a Delaware corporation with its principal place of business in Worcester, Massachusetts.

2. Defendant Anthony F. Rosciti, Jr. is a resident of Lincoln, Rhode Island and can be served at 15 Morgan Court, Lincoln, RI 02865 and is a Rhode Island citizen.

3. Defendant Henry V. Rosciti, Jr. is a resident of North Scituate, Rhode Island and can be served at 1324 Chop Mist Hill Road, North Scituate, RI 02857 and is a Rhode Island citizen.

4. Defendant Shannon Rosciti is a resident of Lincoln, Rhode Island and can be served at 15 Morgan Court, Lincoln, RI 02865 and is a Rhode Island citizen.

5. Defendant AHR Utility Corporation is a Rhode Island corporation with its principal place of business at 44 Maria Avenue, Johnston, RI 02919.

## JURISDICTION AND VENUE

6. This court has jurisdiction over this cause under 28 U.S. C. §1332(a)(1) in that the matter in controversy, exclusive of interests and costs, exceeds the sum or value of $75,000, and is between citizens of different states.

7. Venue is proper in this court under 28 U.S. C. §1391(a) as a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

8. Hanover is in the business of providing surety bonds to contractors and other companies.

9. Hanover provided surety bonds to South Shore Utility Contractors, Inc. ("South Shore"), as principal, to various owners and general contractors, and which bonds secured the obligations of South Shore to perform construction work required by the contracts or subcontracts with these entities and to pay for labor and material required for the completion of these contracts.

10. In consideration of the issuance of the surety bonds by Hanover on behalf of South Shore, South Shore and the defendants entered into an Agreement of Indemnity in favor of Hanover. A true and accurate copy of the Agreement of Indemnity is attached as Exhibit A.

11. Pursuant to Section 2 of the Agreement of Indemnity, the Defendants agreed to:

> "Exonerate, indemnify and save harmless the Surety (Hanover) from and against every claim, demand, liability, cost, charge, suit, judgment and expense which the Surety may pay or incur, including, but not limited to, loss, interest, court costs and consultant and attorney fees... by having executed or procured the execution of the bonds..."

12. Hanover has received various performance and payment bond claims relating to the various bonds relating to Hanover on behalf of South Shore and lawsuits have been initiated against Hanover relating to certain payment bond claims as a result of South Shore's failure to pay its subcontractors, suppliers and material men on various projects. In addition, claims have been asserted against performance bonds issued by Hanover.

13. By letter dated March 17, 2006, Hanover notified South Shore and the Defendants, as indemnitors under the Agreement of Indemnity, of the claims submitted to Hanover totaling $1.3 million and requested that the indemnitors; (a) indemnify and hold Hanover harmless from the pending claims and (b) post collateral on the claims, all in accordance with the terms of the Agreement of Indemnity. Indemnitors have not indemnified Hanover nor posted any collateral. A true and accurate copy of the March 17, 2006 letter is attached as Exhibit B.

14. Hanover has made payment in the amount of $588,533.31 as an offer of judgment on a claim by a subcontractor of South Shore on one of the projects bonded by Hanover. Hanover faces additional exposure under its payment and performance bonds. Hanover has requested that South Shore and the indemnitors post $1.3 million in collateral with Hanover. To date, Defendants have failed to post any collateral with Hanover.

15. On April 24, 2006, pursuant to its rights under paragraph 10 of the Agreement of Indemnity, Hanover filed the Agreement of Indemnity as a UCC1 filing against South Shore and the Defendants with the Rhode Island Corporations Division. A true and accurate copy of the file stamped UCC1 Financing Statement and Acknowledgement of Receipt by the Rhode Island Corporations Division are attached collectively as Exhibit C.

16. As an acknowledgement of their collective obligations under the Agreement of Indemnity, South Shore and Defendants executed on April 13, 2006 an Acknowledgement of Voluntary Default and addressed to Hanover. A true and accurate copy of the Acknowledgement of Default dated April 13, 2006 is attached as Exhibit D. Among other things, Defendants acknowledge their collective default under the Agreement of Indemnity.

17. On or about May 12, 2006, Defendant Anthony Rosciti, Jr. brought a receivership action against South Shore in Rhode Island Superior Court. On that same date, the Rhode Island Superior Court entered an order appointing temporary receiver and staying certain proceedings against South Shore. A true and accurate copy of the order appointing temporary receiver is attached as Exhibit E.

**COUNT I**
**(BREACH OF CONTRACT)**

18. Hanover adopts and realleges paragraphs 1-17 as and for paragraphs 1-17 of Count I as though fully set forth herein.

19. Pursuant to the Agreement of Indemnity, the Defendants are obligated to indemnify Hanover from all losses, costs, damages, attorney fees, disbursements and expenses of every nature and kind and propose collateral to cover Hanover's contingent bond exposure and future expenses. See, Exhibit A, paragraphs 2,3.

20. Despite Hanover's demands, the indemnitors have breached the Agreement between the parties by failing and refusing to indemnify and hold Hanover harmless from all claims and to post collateral in the amount of Hanover's bond exposure.

21. Defendants have acknowledged that they are in default of the Agreement of Indemnity. See, Exhibit D.

22. Hanover has been damaged by the Defendants material breach of the Agreement of Indemnity in the initial amount of $588,533.31 and accrued file expenses to date.

WHEREFORE, Hanover prays the Court to enter an order of judgment against Defendants, jointly and severally in the initial amount of $588,533.31 plus costs and expenses and require them to post collateral in the initial amount of $1.3 million or in an amount sufficient to secure Hanover from any future loss; and for such further relief as the Court deems just an appropriate.

**COUNT II**
**(SPECIFIC PERFORMANCE)**

23. Hanover adopts and realleges paragraphs 1-17.

24. By letter of March 17, 2006, Hanover has demanded that Defendants indemnify and hold Hanover harmless from any and all loss and costs resulting from the bonds it issued. Defendants have failed or refused to so indemnify Hanover.

25. Hanover has demanded that the Defendants post collateral in the initial amount of $1.3 million or in an amount sufficient to secure Hanover from any loss and cost resulting from the bonds it issued. Indemnitors have failed or refused to so post collateral with Hanover.

26. Hanover lacks and adequate remedy at law and will suffer irreparable harm if the relief sought is not granted.

WHEREFORE, Hanover prays the Court to enter an order against Defendants, jointly and severally, requiring them to post collateral in the amount of $1.3 million or in an amount sufficient to secure Hanover from any losses; and for such further relief as the Court deems just and appropriate.

**COUNT III**
**(DECLARATORY JUDGMENT)**

27. Hanover adopts and realleges paragraphs 1-17 as and for paragraphs 1-17 of Count III as though fully set forth herein.

28. 28 U.S. 2201 provides that the Court may make binding declarations of rights in cases of actual controversy.

29. The instant cause involves an actual controversy regarding the obligations of the defendants under the agreement of indemnity and it is thus appropriate that this Court issue a declaratory judgment regarding the parties' respective rights and obligations under the Agreement of Indemnity because a binding declaration of this Court as to each parties' rights and obligations under this Agreement would serve to terminate any question of who is obligated to indemnify Hanover.

WHEREFORE, Hanover respectfully requests that Court grant the following relief;

A. That the Court issue an order declaring that Defendants, jointly and severally, are liable to Hanover under the agreement of indemnity of all losses, expense, cost, etc. that Hanover incurs as a result of the bonds it issued on behalf of South Shore;

B. That the Court issue an order declaring that pursuant to the terms of Agreement of Indemnity, Hanover has the following rights:

    1. Defendants are obligated to post collateral to secure Hanover's contingent bond exposure and future expenses;

2. Hanover has the exclusive right to adjust, settle, compromise any claim, demand, suit or any other proceeding arising out of any bond against Hanover and/or the indemnitors and that Hanover has the right to take any action it deems appropriate in response thereto and its determination of whether to defend or settle the same shall be binding and conclusive on Defendants. Vouchers and other evidence of payment by Hanover shall be conclusive of the fact and amount such liability and of the defendants liability to Hanover (see Exhibit A, paragraph 3).

C. That the Court order that the Defendants have waived, to the extent permitted by law so far as their respective obligations under the Agreement of Indemnity are concerned, all rights to claim any property including their respective homesteads as exempt from levy, execution, sale or other legal process under the laws of any state, territory or possession of the United States (see Exhibit A, paragraph 13).

Respectfully submitted,

THE HANOVER INSURANCE GROUP

By its attorney,

Kevin C. Cain, #3960
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA 02110
[617] 951.2100

PABOS2:RRITLAN:639228_1
2114-91630