**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**THE HANOVER INSURANCE GROUP,**

**Plaintiff**

**vs.** **C.A. No.: 06-276/T**

**ANTHONY F. ROSCITI, JR.; SHANNON ROSCITI; HENRY V. ROSCITI; and A.H.R. UTILITY CORPORATION,**

**Defendants**

**Defendants, Anthony F. Rosciti, Jr. & Shannon Rosciti's Motion to Dismiss, or, in the Alternative, Motion to Stay**

NOW COME Defendants, Anthony F. Rosciti, Jr. ("Anthony Rosciti") and Shannon Rosciti ("Shannon Rosciti") (collectively, the "Roscitis"), and each of them, by and through counsel, pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure, and hereby move this Court for an order dismissing Plaintiff, The Hanover Insurance Group's ("Hanover") Complaint in connection with the above-entitled action. Alternatively, the Roscitis respectfully pray that this Court stay the above-entitled action pending the adjudication of the Roscitis' state court action on the merits.

In support of the within motion, the Roscitis submit the accompanying memorandum.

Respectfully submitted,

Anthony F. Rosciti, Jr. & Shannon Rosciti

By their Attorneys,

W. Mark Russo (#3937)
Christopher M. Mulhearn (#5188)
**Ferrucci Russo, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel.: (401) 455-1000
Fax.: (401) 455-7778

Date: August 1, 2006

**Certification**

I hereby certify that on this 1st day of August, 2006, the foregoing was served upon **Kevin C. Cain, Esq.**, Peabody & Arnold, LLP, 30 Rowes Wharf, Boston, Massachusetts, 02110, by first-class, postage prepaid mail.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THE HANOVER INSURANCE GROUP,

Plaintiff

vs. C.A. No.: 06-276/T

ANTHONY F. ROSCITI, JR.; SHANNON ROSCITI; HENRY V. ROSCITI; and A.H.R. UTILITY CORPORATION,

Defendants

**Defendants, Anthony F. Rosciti, Jr. & Shannon Rosciti's Memorandum in Support of Motion to Dismiss, or, in the Alternative, Motion to Stay**

NOW COME Defendants, Anthony F. Rosciti, Jr. ("Anthony Rosciti") and Shannon Rosciti ("Shannon Rosciti") (collectively, the "Roscitis"), and each of them, by and through counsel, and hereby submit the within memorandum in support of the Roscitis' motion to dismiss Plaintiff, The Hanover Insurance Group's ("Hanover") Complaint in connection with the above-entitled action. Alternatively, the Roscitis have moved this Court for an order staying the instant matter pending the full and final adjudication of the Roscitis state court action on the merits.

**Pertinent Facts**

Hanover purports to be in the business of providing surety bonds to contractors, and other companies. *See Hanover's Complaint at Paragraph 8.* Hanover provided surety bonds to South Shore Utility Contractors, Inc.[1] ("South Shore"), as principal, to various

---

[1] In or about May, 2006, South Shore was petitioned into a Rhode Island receivership proceeding. South Shore's receivership is currently pending before the Providence County Superior Court Business Calendar, which said matter is more commonly known, and identified, as *Anthony F. Rosciti, Jr. v. South Shore Utility*

owners and general contractors, and which bonds secured the obligations of South Shore to perform construction work required by the contracts or subcontracts with these entities, and to pay for labor and material required for the completion of those contracts. *See Hanover's Complaint at Paragraph 9.* In consideration of the issuance of the surety bonds by Hanover on behalf of South Shore, South Shore and the Roscitis entered into an Agreement of Indemnity in favor of Hanover[2]. *See Hanover's Complaint at Paragraph 10.* In addition to the Roscitis, the other indemnitors on the Agreement of Indemnity are South Shore, Henry V. Rosciti ("Henry Rosciti") and AHR Utility Corporation ("AHR"). *See Hanover's Complaint at Paragraph 10.*

Thereafter, Hanover allegedly received various performance and payment bond claims relating to the various bonds relating to Hanover on behalf of South Shore, and lawsuits have been initiated against Hanover relating to certain payment bond claims as a result of South Shore's purported failure to pay its subcontractors, suppliers and material men on various projects. *See Hanover's Complaint at Paragraph 12.* In response to the same, on or about March 17, 2006, Hanover purportedly notified South Shore, the Roscitis, Henry Rosciti, and AHR, all as indemnitors under the Agreement of Indemnity, of the so-called claims submitted to Hanover, and requested that the indemnitors (a) indemnify and

---

*Contractors, Inc.*, P.M. No.: PB 06-2623. Jonathan N. Savage, Esq. is the duly appointed Permanent Receiver of South Shore per order of the Providence County Superior Court.

[2] Notwithstanding that South Shore is in indemnitor under the Agreement of Indemnity, Hanover has *not* named South Shore as a party defendant. However, each of the other indemnitors under the Agreement of Indemnity - Anthony Rosciti, Shannon Rosciti, Henry Rosciti and AHR - are named as party defendants herein.

hold Hanover harmless from the pending claims; and (b) post collateral on the claims[3]. *See Hanover's Complaint at Paragraph 13.*

Subsequently, on or about April 24, 2006, Hanover filed the Agreement of Indemnity as a UCC1 filing against South Shore, the Roscitis, Henry Rosciti and AHR, all as indemnitors, with the Rhode Island Secretary of State-Corporations Division. *See Hanover's Complaint at Paragraph 15.*

In or about June, 2006, Hanover initiated the instant action under the Agreement of Indemnity against, among others, the Roscitis, but not South Shore. *See, generally, Hanover's Complaint.*

**Standard of Review**

It is well-settled that a motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure should be granted "if, under the facts alleged, the plaintiff cannot recover on any viable theory." *Blackstone Realty LLC v. F.D.I.C.*, 244 F.3d 193, 197 (1st Cir. 2001). In conducting its review, the Court, generally, must accept all well-pled factual averments as true, and draw all reasonable inferences in favor of the non-moving party. *Berezin v. Regency Savings Bank*, 234 F. 3d 68, 70 (1st Cir. 2000); *Negron-Gaztambide v. Hernandez-Torres*, 35 F. 3d 25, 27 (1st Cir. 1994). A complaint, however, should be dismissed if it appears beyond any doubt that the non-moving party can prove no set of facts which may support a claim entitling the plaintiff to relief. *See Ronald C. Brown v. Hot, Sexy & Safe Productions,*

---

[3] Notwithstanding that neither South Shore nor the other indemnitors under the Agreement of Indemnity have posted the requested collateral, on or about April 13, 2006, South Shore and said other indemnitors, and each of them, purportedly executed a so-called Acknowledgement of Voluntary Default. *See Hanover's Complaint at Paragraph 16.*

*Inc.*, 68 F. 3d 525 (1st Cir. 1995); *see also*, *Miranda v. Ponce Federal Bank*, 948 F. 2d 41, 44 (1st Cir. 1991); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

The complainant may not rest merely on "unsupported conclusions or interpretations of law." *Washington Legal Foundation v. Massachusetts Bar Foundation*, 993 F. 2d 962, 971 (1st Cir. 1993). In order to survive a motion to dismiss, a plaintiff must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery." *Gooly v. Mobil Oil Corp.*, 851 F. 2d 513, 515 (1st Cir. 1988). The Court need not accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard*, 83 F. 3d 1, 3 (1st Cir. 1996).

**Argument**

Notwithstanding that South Shore, as plainly acknowledged in Hanover's Complaint, is also an indemnitor under the Agreement of Indemnity and party to that contract, that Hanover's Complaint seeks declaratory relief pursuant the Federal Declaratory Judgment Act, and that as a result of the relief sought by Hanover in the instant action certain issues or matters will remain open, and ripe, for future litigation by and among the parties absent South Shore's participation herein, Hanover has, inexplicably, and improperly, intentionally omitted South Shore as a named party defendant. Hanover's failure and/or refusal to name South Shore, a necessary and indispensable party hereto fatally flaws Hanover's Complaint.

The Federal Declaratory Judgment Act (the "Act"), 28 U.S.C. §2201, provides, in pertinent part: "(a) In a case of actual controversy within its jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested

party seeking such declaration, whether or not further relief is or could be sought." Further, the Act, 28 U.S.C. §2202, continues " . . . necessary or proper relief based on a declaratory judgment or decree may be granted, *after reasonable notice and hearing*, against any adverse party whose rights have been determined by such judgment." (Emphasis supplied.) Insofar as Hanover has failed and/or refused to name South Shore as a party, thus not providing notice and an opportunity to be heard to South Shore, the relief sought by Hanover herein should be denied, and its Complaint dismissed.

As such, given the clear and unambiguous language of the Act, the fact that South Shore is an express party to the Agreement of Indemnity with Hanover, and, thus, a necessary and indispensable party, and that certain claims and/or issues will be left open as a result of South Shore's omission herein, thereby resulting in further litigation in other forums, Hanover's Complaint should be dismissed in light of Hanover's willful failure and/or refusal to join South Shore in the instant action.

The joinder of parties in an action is governed by Rule 19 of the Federal Rules of Civil Procedure. "The Rule furthers several related policies, including the public interest in preventing multiple and repetitive litigation, the interest of the present parties in obtaining complete and effective relief in a single action, and the interest of absentees in avoiding the possible prejudicial effect of deciding the case without them." *Z & B Enterprises, Inc. v. Tastee-Freez International, Inc.*, 162 Fed. Appx. 16, 18 (1st Cir. 2006) (citing *Acton Co. of Massachusetts v. Bachman Foods, Inc.*, 668 F. F. 2d 76, 78 (1st Cir. 1982)).

A court applying Rule 19 must keep in mind the rule's practical objective: to attain "judicial economies of scale" by resolving related disputes in a single lawsuit, while also

preventing that single lawsuit from becoming hopelessly complex or unending. *Pujol v. Shearson American Express, Inc.*, 877 F. 2d 132, 134 (1st Cir. 1989) (quoting *Smuck v. Hobson*, 408 F. 2d 175, 179 (D.C. Cir. 1969)). This policy, however, has been abrogated by Hanover's improper failure and/or refusal to name South Shore as a party to this action. Simply put, because Hanover has chosen to omit South Shore from this proceeding, the Roscitis are now required to initiate their own action, in the Providence County Superior Court, which they have done subsequent to the commencement of the present case, in order to fully and finally adjudicate all of the issues and matters implicated herein, on the merits.

Rule 19 defines a two-step process. In the first step under Rule 19(a), the court determines whether a party is necessary, i.e., one who must be joined if feasible to do so. Joinder is not feasible if it will deprive the court of subject matter jurisdiction. If the party is necessary but joinder is not feasible, the court must then determine under Rule 19(b) whether the party is indispensable or whether "in equity and good conscience the action should proceed among the parties before it." *Z & B Enterprises, Inc.*, 162 Fed. Appx. at 18.

In other words, once a court determines that a party is a necessary one under Rule 19(a), it must then determine whether it is also an indispensable one under Rule 19(b). This analysis is done on a case-by-case basis. *Rojas v. Loewen Group International, Inc.*, 178 F.R.D. 356, 362 (D. P.R. 1998) (citing *Provident Tradesmens B & T Co. v. Patterson*, 390 U.S. 102, 118-119 (1968)). The Court must determine whether, in the interests of efficiency and fairness, it is so important to join the absent party that the case should not proceed at

all. *Pujol*, 877 F. 2d at 134. The Roscitis submit that fairness and efficiency dictate that South Shore should have been joined as a party defendant herein.

It is well-established that a contracting party, such as South Shore, is the paradigmatic example of an indispensable party. *Rashid v. Kite*, 957 F. Supp. 70, 74 (E.D. Pa. 1997); *E & E Inv., Inc. v. Simmons Co.*, 169 F.R.D. 467, 472 (D. P.R. 1996); *Travelers Indemnity Co. v. Household Int'l., Inc.*, 775 F. Supp. 518, 527 (D. Conn. 1991) (citing cases). Insofar as it is beyond dispute that South Shore is a party to a contract, *to wit*, the Agreement of Indemnity, with Hanover, the very same contract that the Roscitis are also parties to, South Shore must be a litigant herein. Hanover's unilateral determination not to include South Shore herein fatally flaws the within action, and the relief sought by Hanover in the Complaint.

In reaching its determination, the Court must consider four (4) factors:

> first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

*Rojas*, 178 F.R.D. at 16-17; Rule 19(b) of the Federal Rules of Civil Procedure.

These four (4) factors are overlapping. *Travelers*, 775 F. Supp. at 526. Additionally, the Supreme Court has articulated four (4) corresponding interests, which the rule's four (4) factors promote: (1) the interest of the absent party, (2) the defendant's interest in avoiding inconsistent relief, multiple litigation, or sole responsibility for a liability which it shares with the absent party, (3) the interests of the public and the courts in consistent,

complete, and efficient settlement of cases, and (4) the plaintiff's interests in having an appropriate forum. *Rojas*, 178 F.R.D. at 17; *Provident*, 390 U.S. at 108-111; *H.D. Corp. of Puerto Rico v. Ford Motor Co.*, 791 F. 2d 987, 92-993 (1st Cir. 1986).

It is clear that South Shore's absence herein is inherently prejudicial to the Roscitis, as well as the other indemnitors under the Agreement of Indemnity. South Shore is a party to the contract with Hanover, and an indemnitor under the Agreement of Indemnity. Further, it is certain of South Shore's alleged conduct and/or actions that purportedly "triggered" the Roscitis so-called obligations to Hanover under the Agreement of Indemnity. Thus, to the extent that South Shore has a *bona fide* defense and/or the ability to mitigate or set-off against Hanover's claims, the same inures to the benefit of the Roscitis, and the other indemnitors. However, to the contrary, absent Hanover's participation herein, the Roscitis ability to adequately represent their interests has been compromised. As such, South Shore is plainly a necessary and indispensable party herein, and, thus, Hanover's Complaint should be dismissed.

Secondly, the Roscitis interest in avoiding inconsistent results, multiple litigation and/or potentially being solely responsible for South Shore's actions or conduct supports the Court's dismissal of Hanover's Complaint. The instant controversy has spawned the Roscitis' state court action, against Hanover, South Shore, Henry Rosciti and AHR, and each of them, to determine the rights and/or obligations of the parties *vis-à-vis* the Agreement of Indemnity[4]. Thus, all of the parties to the subject contract are participants

---

[4] Even date herewith, the Roscitis initiated an action in the Providence County Superior Court, which said action is more commonly known, and identified, as *Anthony F. Rosciti, Jr., et al. v. The Hanover Insurance Group, et al.* In addition, the Roscitis have also moved the Superior Court to consolidate the same with the pending South Shore receivership proceeding.

in that state court case. None of the concerns regarding prejudice or complications over incomplete relief are present in the single Superior Court lawsuit. Therefore, it is beyond dispute that South Shore is an indispensable party to the instant action, and, thus, Hanover's Complaint should be dismissed.

Further, absent South Shore's participation herein, there can not be a complete and efficient settlement of the controversies that exist relative to the Agreement of Indemnity. One of the principal parties to the contract - South Shore - and the party upon whose conduct and/or actions Hanover's claims are primarily based has been willfully omitted from this action. This case is more simply, and properly, resolved in the Providence County Superior Court, where all of the parties to the Agreement of Indemnity are participants. Again, because of this, South Shore is an indispensable party herein, and absent its inclusion, Hanover's Complaint should be dismissed.

Lastly, Hanover does, in fact, have an adequate and, indeed, more appropriate forum to adjudicate this matter if the instant action is dismissed - the Providence County Superior Court. Further, Hanover does have the ability to seek its relief in the Providence County Superior Court without prejudice to its position. Clearly, the Providence County Superior Court has the ability to fully and finally adjudicate this dispute on the merits. In fact, the state court is the more practical and appropriate forum to do so, particularly given the pendency of the South Shore receivership proceeding. As such, this supports a determination that South Shore is an indispensable party to this action, and that Hanover's Complaint should be dismissed.

Alternatively, should this Court not be prepared to dismiss Hanover's Complaint at this juncture, the Roscitis respectfully request that this Court stay the instant action pending a determination by the Providence County Superior Court as to their motion to consolidate the state court action with the South Shore receivership proceeding, as well as the full and final adjudication of the state court action on the merits. Insofar as all interested parties are named participants in the Roscitis' state court action, the imposition of a stay herein does not prejudice Hanover in any respect.

**Conclusion**

WHEREFORE, for the foregoing reasons, the Roscitis respectfully pray that this Court enter an order dismissing, and denying, Hanover's Complaint in connection with the above-entitled action, that this Court enter judgment in favor of the Roscitis, and each of them, and against Hanover, thereon, that, alternatively, this Court enter an order staying the above-entitled action pending the adjudication, on the merits, of the Roscitis' state court action by the Providence County Superior Court, that this Court award to the Roscitis any and all attorneys' fees, costs and disbursements incurred in the instant mater, and that this Court award to the Roscitis, and each of them, such other further relief as this Court may deem fair, just and reasonable.

Respectfully submitted,

Anthony F. Rosciti, Jr. & Shannon Rosciti

By their Attorneys,

W. Mark Russo (#3937)
Christopher M. Mulhearn (#5188)
**Ferrucci Russo, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel.: (401) 455-1000
Fax.: (401) 455-7778

Date: August 1, 2006

**Certification**

I hereby certify that on this 1st day of August, 2006, the foregoing was served upon **Kevin C. Cain, Esq.**, Peabody & Arnold, LLP, 30 Rowes Wharf, Boston, Massachusetts, 02110, by first-class, postage prepaid mail.