UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

| | |
|---|---|
| THE HANOVER INSURANCE GROUP<br>Plaintiff<br><br>v.<br><br>ANTHONY F. ROSCITI, JR., SHANNON B. ROSCITI, HENRY V. ROSCITI, JR. and AHR UTILITY CORPORATION<br>Defendant | CIVIL ACTION NO. 1:06-cv-00276-T-LDA |

**PLAINTIFF, THE HANOVER INSURANCE GROUP'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO THE MOTION TO DISMISS OR, IN THE ALTERNATIVE, REQUEST FOR STAY OF DEFENDANTS ANTHONY F. ROSCITI, JR. AND SHANNON ROSCITI**

NOW COMES, Plaintiff, The Hanover Insurance Group ("Hanover"), by and through its counsel, and hereby submits this memorandum in support of its Objection to the Motion to Dismiss or, alternatively, request for stay of Defendants Anthony F. Rosciti, Jr. ("Anthony Rosciti") and Shannon Rosciti ("Shannon Rosciti") (collectively, "Roscitis").

**FACTS**

Hanover filed its Complaint in the instant action to enforce an Agreement of Indemnity ("Indemnity Agreement") which the Roscitis and co-defendants and co-obligors, Henry V. Rosciti and A. H. R. Utility Corporation executed on May 31, 2005. In addition, principal obligor, South Shore Utility Contractors, Inc. ("South Shore") executed this Agreement of Indemnity on the same date. (Attached to the Complaint and attached to this Objection for convenience, as Exhibit 1, is a true and accurate copy of the Agreement of Indemnity.) Defendants and South Shore executed the Indemnity Agreement as partial consideration to

Hanover for its executing payment and performance bonds on South Shore's behalf for construction projects located in Rhode Island. The Indemnity Agreement, among other things, provides that defendants and South Shore "jointly and severally...covenant and agree in favor of (Hanover)" to, under paragraph 2 of the Indemnity Agreement, "exonerate, indemnify and save harmless" Hanover from any and all loss, costs, attorney fees, interest and expense arising out of Hanover having executed bonds on behalf of South Shore. In addition, under paragraph 3 of the Indemnity Agreement, Defendants and South Shore agree to provide Hanover payments to hold as collateral security in an amount sufficient, in Hanover's discretion, to indemnify Hanover from any and all loss, costs, attorney fees, interest and expense.

Further, paragraph 17 of the Indemnity Agreement provides:

> "every right, power and remedy given by this Agreement to the Surety (Hanover) shall be concurrent and may be pursued separately, successively or together against any Indemnitor, or any one or more of them; and every right, power and remedy given by this Agreement to the Surety may be exercised from time to time as often as may be deemed expedient by the Surety in its sole discretion."

As alleged in the Complaint, Hanover has incurred loss and expense under bonds written on behalf of South Shore. In addition, in order to secure it against loss and expense from pending claims, Hanover demanded collateral from the Defendants and South Shore by letter dated March 17, 2006. (A true and accurate copy of this letter was attached as an exhibit to the Complaint and, for convenience, is attached to this Memorandum as Exhibit 3.) Defendants have failed and/or refused to post collateral with Hanover.

By letter dated April 13, 2006 to Hanover (a true and accurate copy of this letter was attached as an exhibit to the Complaint and, for convenience, is attached to this Memorandum as Exhibit 3), Defendants and South Shore acknowledged that they were "financially unable to perform their obligations under contracts and/or bonds and are in default under the bonds and the

Agreement of Indemnity." The letter also states the Defendants "expressly affirm their joint and several obligations to the Surety under the Agreement of Indemnity." (Exhibit 3).

On or about May 12, 2006, Defendant Anthony Rosciti filed a Petition to Appoint Receiver against South Shore in Providence Superior Court. (A true and accurate copy of this Petition is attached to this Memorandum as Exhibit 4.) By order of the Rhode Island Superior Court dated June 5, 2006, Jonathan Savage, Esquire, was named as the permanent receiver for South Shore. (A true and accurate copy of the Order Appointing Permanent Receiver is attached to this Memorandum as Exhibit 5.)

**PROCEDURAL POSTURE**

Hanover filed the instant action against Defendants in three counts (breach of contract, specific performance and request for declaratory relief) all based on Defendants' obligations to Hanover under the Indemnity Agreement. The Roscitis have filed this Motion to Dismiss under Rule 12(b)(7) of the Federal Rules of Civil Procedure, based on their claim that absentee South Shore is an indispensable party under Rule 19 of the Federal Rules of Civil Procedure. Subsequent to the initiation of this action, the Roscitis filed suit against Hanover, as defendant, and the other Defendants herein and South Shore, as, collectively, nominal defendants, seeking a declaration of rights and obligations under the Indemnity Agreement, among other things, based on the same facts detailed under Hanover's Complaint.

**STANDARD OF REVIEW**

According to one commentator, "the Courts are loath to grant motions to dismiss of this type." *5A Charles Allen Wright & Arthur R. Miller,* Federal Practice and Procedure § 1359 (2d Ed. 1990), page 425. Dismissal of the action is warranted only when the defect is serious and cannot be cured. *Sever v. Glickman,* 298 F. Supp. 2d 267 (D. Conn. 2004). In addition, all well

pleaded allegations in the complaint must be accepted as true when deciding a motion under Rule 12(b). *Bowdoin v. Molone,* 287 F. 2d 282 (5th Cir. 1961).

The burden is on the party moving under Rule 12(b)(7) to prove that missing parties are necessary or indispensable under Rule 19. *Raytheon Company v. Continental Ins. Co.,* 123 F. Supp. 2d 22 (D. Mass. 2000). Reasonable factual inferences will be drawn to aid the pleader and ambiguities will be resolved in the pleader's favor. *King v. King*, 922 F. Supp. (D. NH 1966). Finally, evidence extrinsic to the pleadings in the complaint may be considered in deciding this motion. *Rivera Rojas v. Loewen Group Int'l, Inc.*, 178 F. R. D. (D. Puerto Rico 1998).

## ARGUMENT

**Joinder of South Shore under Rule 19 is Feasible**

Compulsory joinder under Rule 19 is an exception to the general practice of giving the plaintiff the right to decide who shall be parties to the lawsuit. In making the determination on joinder, the Court first must determine if, according to the language of Rule 19, the absent person is "subject to service of process and whose joinder will not deprive the Court of jurisdiction." Rule 19(a) cases are almost exclusively federal diversity cases.

Under 28 U.S.C.A. § 1332(a), federal courts have jurisdiction where the matter in controversy exceeds $75,000 and is between citizens of different states. Under the statute, a corporation is a citizen of any state by which it has been incorporated and also where it has its principal place of business. Under this statute, there must be complete diversity of all plaintiffs on the one hand and all defendants on the other. *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

Accordingly, in a diversity action, the strictures set forth in Rule 19 operate only where joining (or keeping as a party in the action) a person found to be "necessary" under Rule 19(a) would defeat diversity. Only then must the court determine if the absent person is indispensable

and, if indispensable, that the cause of action must be dismissed. In its Complaint, Hanover has alleged proper subject matter jurisdiction of this Court under the diversity statute.

Despite having the burden under Rule 12(b)(7) and Rule 19 of proving that the instant action must be dismissed, the Roscitis have not in their Motion to Dismiss or accompanying memorandum supplied evidence, argued or even suggested that absent party, South Shore, or its receiver, is a citizen of Massachusetts (which they must do to defeat diversity jurisdiction because, as pleaded in the Complaint, Hanover is a citizen of Massachusetts and all Defendants are citizens of Rhode Island). As such, the Roscitis have failed to meet their burden of proof on this essential element of Rule 19.

As set forth in Exhibit 4 to this Memorandum, attaching the Petition to Appoint a Receiver, it is undisputed that South Shore is a Rhode Island corporation with its principal place of business in Rhode Island. In addition, since May 12, 2006, South Shore has been in receivership in Rhode Island Superior Court. On or about June 5, 2006, Jonathan M. Savage, Esquire was appointed permanent receiver.

When a receivership is involved, it is the citizenship of the receiver which affords the test of diversity jurisdiction. *Irvine v. Bankard,* 181 F. 206 (D. Md. 1910); *Mitchell v. Maurer*, 293 U.S. 237 (1934). On information and belief, receiver Jonathan Savage is a citizen of South Kingstown, Rhode Island and conducts his business practice in Pawtucket, Rhode Island.

Accordingly, even if the Roscitis' argument that South Shore is an indispensable party under Rule 19 has some merit, joinder of South Shore or Savage in his capacity as receiver for South Shore, does not defeat diversity, but maintains it, as all Defendants would be citizens of Rhode Island and Hanover is a citizen of Massachusetts.

Additionally, South Shore, through the receiver, is subject to service of process (as the Roscitis demonstrated in filing their action in Rhode Island Superior Court, which action includes South Shore as a party). If the Roscitis believe South Shore is an indispensable party to this action, they can avail themselves of their rights under Federal Rule of Civil Procedure 14(a) by filing a third-party action against South Shore.

**South Shore is not a Necessary Party under Rule 19(a)**

Rule 19 sets forth a two-step analysis for the joinder of absent parties. As such, the Courts have designated the analysis under Rule 19(a) as whether a person is "necessary" to the action. According to Rule 19(a), person shall be joined if:

> "(1) in the persons absence complete relief cannot be accorded among those already parties, or
>
> (2) a person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the persons absence may (i) as a practical matter impair or impede the persons ability to protect that interest or (ii) leave any of the persons already parties subject to substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the claimed interest."

Hanover's action against Defendants is based solely on the Indemnity Agreement. As set forth above, the Defendants agreed to act as joint obligors (or sureties) to Hanover, as obligee, for the reimbursement of loss and expense and to post collateral to secure Hanover against loss resulting from Hanover having written construction bonds on behalf of the principal obligor, South Shore. The joint obligors, Defendants herein, and principal obligor South Shore, agreed that the obligations were joint and several. In addition, by letter of April 13, 2006, the joint obligors and principal obligor acknowledged their collective default under the Indemnity Agreement and reiterated their joint and several obligations thereunder. Therefore, it is beyond dispute that Defendants herein are joint and several obligors who agreed to indemnify and hold

harmless Hanover, as obligee, from loss and expense occasioned from its having written contract bonds on behalf of the principal obligor, South Shore.

At the core of the Roscitis' Rule 19 argument is their assertion that the parties to a contract are generally considered indispensable parties under Rule 19. The Roscitis ignore, however, the well-settled doctrine that joint and several obligors to an agreement are not indispensable under Rule 19. *Newman-Greene, Inc. v. Alfonzo-Larrain*, 490 U.S. 826 (1989); *Camp, et al v. Gress*, 250 U.S. 308 (1919); *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F. 3d 399 (3d Cir. 1993); *Greenleaf v. Safeway Trails, Inc.*, 140 F. 2d 889 (2d Cir. 1944); *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 184 F. Supp. 2d 55 (D. Mass. 2001); *Delgado v. Plaza Las Americas, Inc.*, 139 F. 3d 1 (1st Cir. 1998); *Wheaton v. Diversified Energy, LLC*, 215 F.R.D. 487 (E.D. Pa. 2003); *Brackin Tie, Lumber & Chip Co. v. McLarty Farms, Inc.*, 704 F. 2d 585 (11th Cir. 1983); *Tehran-Berkeley Civil & Envtl. Eng'r v. Tippetts-Abbett-McCarthy-Stratton*, 888 F.2d 239 (2d Cir. 1989); *Universal Reins. Co. v. St. Paul Fire and Marine Ins. Co.*, 2001 U.S Dist. LEXIS 7101 (S.D.N.Y. 2001).

The Third Circuit Court of Appeals, in the *Janney* case cited above, held that the absent defendant – a co-obligor to the alleged contract and parent corporation of the named defendant – was not even a "necessary" party under Rule 19(a), much less indispensable under Rule 19(b). Specifically, the Court found that Rule 19(a)(1) did not apply where the defendants were jointly and severally liable under the underlying contract. Further, the Court held that Rule 19(a)(2)(i) did not apply because any judgment against the co-obligor defendants would not bind the absent party. The Court finally held that Rule 19(a)(2)(ii) did not apply as the risk of inconsistent adjudication was not equivalent to inconsistent obligations:

> "The possibility that (the defendant) may bear the whole loss if found liable (and the absent defendant is later found not liable) is

> not equivalent to double liability. It is instead a common result of joint and several liability and should not be equated with prejudice. Inherent in the concept of joint and several liability is the right of a plaintiff to satisfy its full judgment by execution against any one of the multiple defendants who are liable to him, thereby forcing the debtor who has paid the whole debt to protect itself by an action for contribution against the other joint obligors." *Janney* at 412.

The same reasoning was followed in the Massachusetts District Court case of *Daynard v. Ness, Motley, Loaholt, Richardson, and Poole, P.A.,* 184 F. Supp. 2d 55 (D. Mass. 2001), reversed and remanded on other grounds, 290 F 3d 42 (1st Cir. 2002). In this action, a Massachusetts law professor brought suit against two sets of defendants, one from Mississippi and one from South Carolina, claiming each owed him money for services rendered in tobacco litigation. The Court assumed, for purposes of the Rule 19 motion, that the underlying contract made the defendants jointly and severally liable. The Court held, as the defendants were jointly and severally liable to the plaintiff as joint obligors, the Mississippi co-obligors were not necessary parties under Rule 19(a). *Accord, Delgado v. Plaza Las Americas, Inc., et al.,* 139 F. 3d 1 (1st Cir. 1998) (joint obligors were not necessary parties).

In some instances the Courts will look at the underlying statutes and contract language between the parties in determining whether the joint and several obligors could be sued separately. *Brodsky v. Lehigh Valley Industries, Inc.,* 424 F. Supp. 863 (D. Mich. 1976). Under Rhode Island General Laws § 9-2-7:

> "no judgment, without complete satisfaction, rendered against a part only of the defendants in any action upon a joint contract shall be a bar to any future action on the contract, for any unsatisfied balance due, against such of the defendants upon whom or whose estate the writ in the original action shall not have been served."

In the case of *Nathanson v. Spitz, et al.,* 19 R.I. 70, 31 A 690 (1895), the Rhode Island Supreme Court stated that this statute implies that "service on a part only of the defendants in an action upon a joint contract is sufficient to give the Court jurisdiction". *Nathanson* at 72, 691.

As stated above, the Indemnity Agreement imposes a joint and several obligation, and paragraph 17 of the Indemnity Agreement gives Hanover the right to pursue the co-obligors separately or together, or against any one or more of them.

Based on this rationale, the Rhode Island Supreme Court, in the case of *Municipal Court v. Whaley, et al.*, 25 R.I. 289 55 A 750 (1903), held "on a joint and several bond a creditor may sue all jointly or separately for the whole amount. It is the same as though all had given a joint bond and each a separate bond, and the creditor could elect on which bond he will sue." (Citation omitted.) *Municipal Court* at 290.

In addition, the terms "obligor" or "guarantor" are interchangeable with the term "surety." *See*, generally, *Restatement 3d of Suretyship and Guarantee*, § 15. Accordingly, in this case, Defendants each acted as sureties to South Shore as principal, guaranteeing South Shore's obligations to Hanover as obligee under the Indemnity Agreement.

In this context, the Courts have uniformly held that principal obligors are not necessary parties in a suit by the obligee against the sureties. For example, the Supreme Court of Rhode Island, in the case of *City of Providence v. Royal F. Paine, et al.*, 41 R.I. 333, 103A 786 (1918), held that a claimant on a surety bond could sue the sureties without the principal being joined in the action because the bond was a joint and several obligation of the sureties and the principal. "Their liability is unconditional and ... they may be proceeded against alone." *City of Providence*, 103A. at 338.

Similarly, in the context of Rule 19(a), the Courts have consistently held that the principal on the bond is not a "necessary" party to an action by the obligee against the surety. *McGinness v. National Union Fire Insurance,* 32 Fed. R. Serv. 3d 680 (D. Mass. 1995) ("a surety's liability is independent of the principal's and consequently plaintiff can obtain complete

relief without the presence of (the principal)."); *New Amsterdam Cas. Co. v. Town of Weymouth*, 97 F. Supp. 565, 566 ("under Massachusetts law the principal debtor is not a necessary party to an action between the surety and obligee on the bond"); *McLister v. Fidelity and Deposit,* 37 F. Supp. 956 (D. S.C. 1941) ("where a liability on a bond is joint and several, all who may be liable may be joined or one or more of any number less than all may be sued, at the option of the plaintiff").

In conclusion, as the courts have uniformly found that co-obligors (and co-sureties) are not necessary parties under Rule 19(a), Hanover had no obligation, as Roscitis suggest in their memorandum, to join South Shore as defendant in this action.

**South Shore is also not an Indispensable Party under Rule 19(b)**

In their Motion to Dismiss and accompanying memorandum, the Roscitis do not focus on whether South Shore was a necessary party, rather focusing their attention on the argument that South Shore is an indispensable party under Rule 19(b). The Roscitis argue the mere fact that South Shore is a party to the Indemnity Agreement means that South Shore is an indispensable party. They cite three cases for the proposition that parties to a contract are generally indispensable, all of which are distinguishable on the facts presented here. Significantly, none of these cases involved the question of whether co-obligors were indispensable in a suit to enforce the contract obligations against other co-obligors, as is the case here.

In one of the cases, *Travelers Indemnity Company v. Household International, Inc.*, 775 F. Supp. 518 (D. Conn. 1991), the Court found that a joint **obligee** to a contract was an indispensable party in an action against other joint obligees. The Courts have generally carved out this rule and, of course, it differs significantly from the rule asserted by Hanover that co-**obligors** under a contract are not indispensable parties.

In another case, *E&E Investment, Inc. v. Simmons Company,* 169 F.R.D. 467 (D. P.R. 1996) the court relied heavily on the fact that plaintiff had mistakenly sued the parent corporation when its subsidiary was really the party that entered into the contract with plaintiff. The court cites with approval earlier case law uniformly holding that subsidiary corporations are indispensable when the plaintiff files suit against the parent chiefly based upon the acts of the subsidiary. As such, the court found the subsidiary to be an indispensable party under that particular set of facts.

Finally, in the case of *Rashid v. Kite,* 957 F. Supp. 70 (E.D. PA. 1997) the Court again relied heavily on the fact that the particular defendant sought to be dismissed to preserve diversity was the actual party that executed the contract with plaintiff, while the co-defendant was not. Not surprisingly, the Court held that the defendant could not be dismissed because, as signator to the contract, that party was indispensable.

On the other hand, in cases decided under Rule 19(b) on indispensable party grounds, the Courts have uniformly held that a co-obligor is not an indispensable party. The general proposition espoused by the Roscitis that parties to a contract are generally viewed as indispensable was addressed in one of these cases, *Wheaton v. Diversified Energy, LLC,* 215 F.R.D. 487 (D. Pa. 2003):

> "There is no hard and fast rule that requires all parties to a contract to be joined as parties in a breach of contract suit that is before a federal court sitting in diversity."
>
> *Wheaton* at 491.

Citing 7 Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure § 1613 (2001), the court stated:

> "Today the joinder of obligors is left to the plaintiff's discretion by many courts and the plaintiff may select defendants without being concerned about dismissal because of non-joinder."

*Wheaton* at 491.

Accordingly, in the case of *Camp v. Gress,* 250 U.S. 308 (1919), the U.S. Supreme Court held that an absent co-obligor is not an indispensable party to a suit to enforce liability of the other two joint obligors. Further, in *Newman-Green, Inc. v. Alfonzo Larrain, et al.*, 490 U.S. 109 (1989), the Supreme Court, in a suit against joint and several guarantors of royalty payments, held the absent co-guarantor was not an indispensable party. As the Court noted, "given all guarantors (including the absent party) are jointly and severally liable, it cannot be argued that (the absent party) was an indispensable party to the suit." *Newman-Green* at 838.

Finally, an analysis of the factors to be considered under the language of Rule 19(b) favors Hanover's position here. First, there is nothing in the complaint or exhibits demonstrating any prejudice would result to South Shore or Defendants from a judgment entered in the absence of South Shore. The obligations of the co-obligors are joint and several. In addition, as defendants Anthony Rosciti and Henry Rosciti are the sole shareholders of South Shore, they certainly should be able to assert all defenses of South Shore in this action. As quoted above from the *Janney* case, supra: "The possibility that (the defendant) may bear the whole loss if found liable (and the absent defendant is later found not liable) is not equivalent to double liability. It is instead a common result of joint and several liability and should not be equated with prejudice. Inherent in the concept of joint and several liability is the right of a plaintiff to satisfy its full judgment by execution against any one of the multiple defendants who are liable to him, thereby forcing the debtor who has paid the whole debt to protect itself by an action for contribution against the other joint obligors." Janney at 11 F.3d at 412.

Second, it is unclear how "protective provisions" would be relevant under the averments made in the Complaint. Third, clearly a judgment rendered in South Shore's absence would be adequate. The co-obligors are jointly and severally liable on the debt to Hanover. As this

constitutes an election of remedies by Hanover, an adequate judgment obviously can be rendered. The Roscitis complain that South Shore's absence from this suit will spawn additional litigation. To the contrary, the only additional litigation that might arise from these facts is a suit by the co-obligors seeking contribution from South Shore. In this case, however, South Shore is in receivership such that the Roscitis have their own opportunity to file a creditor's claim therein. Incredibly, the Roscitis point to a suit that they filed in Providence Superior Court, subsequent to Hanover's filing of this action, involving the same issues and naming all other Defendants herein and South Shore as nominal parties, as evidence that additional litigation will arise if South Shore is not joined as a party herein.

Fourth, there is no evidence here that Hanover could find an adequate remedy if this action is dismissed. Even if it could, Hanover, as obligee under the Indemnity Agreement and as a foreign corporation in the State of Rhode Island, was well within its rights in choosing the Federal forum in its suit against these local defendants, based on diversity, and should have its day in this Court.

**Hanover's Request for Declaratory Judgment Relief does not affect the Rule 19 Analysis**

In its Complaint, Hanover sets forth three counts; Count I – Breach of Contract; Count II – Specific Performance; and Count III – Declaratory Judgment Relief. The relief requested under Count III is completely directed to the obligations of the Defendants under the Indemnity Agreement. There is obviously no request for any sweeping declaration of rights which would affect South Shore. In such case, there is no reasonable basis for the claim that Hanover's request for declaratory relief has somehow denied South Shore an opportunity to defend itself or to be heard, or that there would be issues remaining open that would lead to additional litigation.

In fact, the cases involving a Rule 19 analysis where declaratory relief is sought demonstrate that the analysis is unaffected by the request for declaratory relief. *Provident Tradesmans Bank and Trust Co. v. Patterson,* 390 U.S. 102 (1968); *Sandefer Oil and Gas, Inc. v. Duhon,* 871 F. 2d 526 (5th Cir. 1989); *Rosewood Apartments Corp. v. Perpignano,* 200 F. Supp. 2d 269 (D. N.Y. 2002). Generally, only where the Court concludes that the declaratory relief requested affects the absent party will it also conclude that the absent party must be joined as an indispensable party. *Gaw v. Higham,* 267 F. 2d 355 (6th Cir. 1959), certiorari denied 360 U.S. 933 (the court found that the absent parties to be indispensable because the remedy sought as part of the declaratory relief was a declaration that the absent parties and others were ineligible for union office.) As stated above, Hanover seeks only specific relief under the Indemnity Agreement from the named Defendants. No declaratory relief is sought that will affect South Shore's standing or rights. Accordingly, the mere fact that Hanover has requested this relief does not make South Shore an indispensable party.

**Roscitis Request for a Stay should be Denied**

Finally, the Roscitis request, as an alternative to dismissal under Rule 12(b)(7) and Rule 19, that this action be stayed pending "full and final adjudication" of the state court action the Roscitis filed subsequent to Hanover's filing this action. Of course, the request for stay is not relief provided under Rules 12 and 19. In addition, the Roscitis provide no basis for the request. Finally, Hanover will shortly petition this Court for an order to remove the Rhode Island State court action filed by the Roscitis to this Court and move to consolidate that action with this one. In any event, as Hanover is entitled to proceed with this action, the Roscitis' request for stay should be denied.

**Conclusion**

Hanover is well within its rights as a creditor-obligee to file the instant action against the co-obligor Defendants. South Shore, as principal obligor under the Indemnity Agreement, is not a necessary, much less indispensable party, to this action under the plain language of Rule 19 and the related case law. Moreover, there has been no showing by Roscitis that South Shore's joinder, even if South Shore is found to be a necessary party under Rule 19(a), is not feasible. Further, the relief requested in Hanover's prayer for declaratory judgment under Count 3 of the Complaint, being addressed solely to the obligations of the named Defendants under the Indemnity Agreement, does not make South Shore an indispensable party.

Consequently, the Roscitis have not met their burden under Rules 12 and 19 that this action be dismissed for failure to join an indispensable party. Finally, there is no basis for the Roscitis alternative prayer that this action be stayed.

WHEREFORE, Hanover respectfully requests this Court to enter an Order that the Roscitis' motion to dismiss or, in the alternative, request for stay, be denied, that Hanover's attorney fees, costs and disbursements in filing this objection be awarded against the Roscitis, and that all other relief the Court deems fair, just and reasonable be awarded to Hanover.

Respectfully submitted,

THE HANOVER INSURANCE GROUP

By their attorneys,

*/s/ Kevin C. Cain*

Kevin C. Cain, #3960
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA 02110
[617] 951.2100

Dated: August 17, 2006

## CERTIFICATION OF SERVICE

I hereby certify that on this 17th day of August, 2006, the foregoing was filed electronically and is available for viewing and downloading from the ECF system.

A copy has also been served upon W. Mark Russo, Ferrucci & Russo, P.C. by first-class, postage pre-paid mail on the same date.

*/s/ Kevin C. Cain*
Kevin C. Cain

PABOS2:RRITLAN:643798_1
2114-91630