**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**THE HANOVER INSURANCE GROUP,**

**Plaintiff**

**vs.** **C.A. No.: 06-276/T**

**ANTHONY F. ROSCITI, JR.; SHANNON ROSCITI; HENRY V. ROSCITI; and A.H.R. UTILITY CORPORATION,**

**Defendants**

**Defendants, Anthony F. Rosciti, Jr. & Shannon Rosciti's Supplemental Memorandum in Support of Motion to Dismiss, or, in the Alternative, Motion to Stay**

NOW COME Defendants, Anthony F. Rosciti, Jr. ("Anthony Rosciti") and Shannon Rosciti ("Shannon Rosciti") (collectively, the "Roscitis"), and each of them, by and through counsel, and hereby submit the within supplemental memorandum in support of the Roscitis' previously filed motion to dismiss Plaintiff, The Hanover Insurance Group's ("Hanover") Complaint in connection with the above-entitled action. Alternatively, the Roscitis have moved this Court for an order staying the instant matter pending the full and final adjudication of the Roscitis' pending state court action on the merits.

On or about August 1, 2006, simultaneous with the filing of their motion to dismiss, or, in the alternative, motion to stay herein, the Roscitis filed an action in the Providence County Superior Court (the "Superior Court action") against Hanover, South Shore Utility Contractors, Inc. ("South Shore"), Henry Rosciti and AHR Utility Corporation ("AHR")[1]. The Roscitis' Complaint seeks declaratory relief/judgment, pursuant to the Rhode Island Declaratory

[1] As the Court may recall, on or about May 31, 2005, the so-called Agreement of Indemnity was purportedly entered into by the Roscitis, South Shore, Henry Rosciti and AHR, and each of them. Notwithstanding, Hanover willfully, and inexplicably, omitted South Shore as a named party in the instant action.

Judgments Act, relative to the parties' respective rights and/or obligations under Agreement of Indemnity, as well as prays for monetary damages against Hanover for breach of contract, bad faith, tortious interference with prospective business advantage, breach of fiduciary duty, and unfair and deceptive acts or practices under M.G.L.A. Ch. 93A §11.

At that same time, the Roscitis moved the Superior Court for leave to serve a Summons and Complaint in the Superior Court action upon Jonathan N. Savage, Esq. (the "Receiver"), in his capacity as the duly appointed Permanent Receiver of South Shore, and not in his individual capacity. On August 15, 2006, the Superior Court granted the Roscitis' request, and permitted South Shore to be served, by and through its Receiver, in the Superior Court action[2]. The Receiver has since been served in that matter.

Insofar as *all* of the interested, and affected, parties relative to the Agreement of Indemnity have been named and/or joined as part of the Superior Court action, which the Superior Court implicitly acknowledged in permitting service of process upon South Shore, by and through the Receiver, the instant action should be dismissed, or alternatively, at the very least, stayed pending a determination of the Superior Court action on the merits.

By design, Hanover excluded South Shore from the present case not because of the pendency of its receivership, which is, at best, a pretext, but in order to foreclose the ability of South Shore to advance or prosecute any counterclaim that may be available as a result of certain wrongful conduct on the part of Hanover which, as a result, artificially triggering an alleged event of default under the Agreement of Indemnity.

---

[2] Furthermore, this Court should take notice that on August 23, 2006, the Superior Court has scheduled a hearing upon the Roscitis' motion to consolidate the Superior Court action - *Anthony F. Rosciti, Jr., et al. v. The Hanover Insurance Group, et al.*, C.A. No.: PC 06-4021 with the previously pending receivership proceeding more commonly known, and identified, as *Anthony F. Rosciti, Jr. v. South Shore Utility Contactors, Inc.*, P.M. No.: PB 06-2623. As of this date, no party to the Superior Court action has objected to the Roscitis' motion to consolidate.

Through their Complaint, the Roscitis have advanced certain claims against Hanover[3] alleging certain intentional misconduct. Even more, it is the Roscitis' expectation that South Shore may be joining in the same, as well as prosecuting its own independent claims against Hanover in the context of the Superior Court action. Finally, Hanover will have the ability to present any appropriate counterclaims and/or cross-claims in the Superior Court action as well. Thus, the Superior Court action appears "primed" to consider and determine the "full universe" of *all* of the interested parties' competing claims. Accordingly, it is the Superior Court action that is the most efficient and economical forum within which the same may be adjudicated. Even more, considering these competing claims under the umbrella of a single proceeding will eliminate the possibility of inconsistent findings and/or results in separate actions pending before this Court, as well as the Superior Court.

WHEREFORE, for the foregoing reasons, the Roscitis respectfully pray that this Court dismiss Hanover's Complaint forthwith, or, in the alternative, that this Court stay the instant action pending an adjudication of the claims to be prosecuted in the context of the Superior Court action, or such other time period as this Court may order, and that this Court award to the Roscitis such other further relief as this Court may deem fair, just and reasonable.

[3] Anthony F. Rosciti, Jr. is a shareholder of South Shore.

Respectfully submitted,

Anthony F. Rosciti, Jr. & Shannon Rosciti

By their Attorneys,

/s/ Christopher M. Mulhearn
W. Mark Russo (#3937)
Christopher M. Mulhearn (#5188)
**Ferrucci Russo, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel.: (401) 455-1000
Fax.: (401) 455-7778

Date: August 22, 2006

**Certification**

I hereby certify that on this 22nd day of August, 2006, the foregoing was served upon **Kevin C. Cain, Esq.**, via e-mail @ kcain@peabodyarnold.com

/s/ Christopher M. Mulhearn