UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

| | |
|---|---|
| THE HANOVER INSURANCE GROUP<br>Plaintiff<br><br>v.<br><br>ANTHONY F. ROSCITI, JR., SHANNON B. ROSCITI, HENRY V. ROSCITI, JR. and AHR UTILITY CORPORATION<br>Defendant | CIVIL ACTION NO. 1:06-cv-00276-T-LDA |

**PLAINTIFF, THE HANOVER INSURANCE GROUP'S REPLY TO DEFENDANTS, ANTHONY F. ROSCITI, JR. & SHANNON ROSCITI'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS, OR, IN THE ALTERNATIVE, MOTION TO STAY**

NOW COMES Plaintiff, The Hanover Insurance Group ("Hanover"), by and through counsel, and hereby submits the following Reply to the "Supplemental Memorandum" filed by Defendants, Anthony F. Rosciti, Jr. and Shannon Rosciti (collectively as "Roscitis") in the above matter.

On or about June 12, 2006, Hanover filed the within action against the Roscitis, Henry V. Rosciti and AHR Utility Corporation. Defendants, Roscitis filed a motion to dismiss or, in the alternative, request for a stay on August 1, 2006. On August 17, 2006, Hanover filed its objection to the motion to dismiss or, in the alternative, request for stay. On August 22, 2006, after it had received Hanover's objection, Roscitis file this "supplemental memorandum".

Under the U.S. District Court Local Rules for Rhode Island, LR Cv 7(b)(2) provides: "A movant may file and serve a reply memorandum no later than ten (10) days after service of the objection. A reply memorandum shall consist only of a response to an objection, shall not present additional grounds for granting the motion, or reargue or expand upon the arguments

made in support of the motion." In addition, Rule 7(b)(3) provides that "no memorandum other than a memorandum in support of a motion, a memorandum in opposition, and a reply memorandum may be filed without prior leave of the Court."

The "supplemental memorandum", filed after the Roscitis received Hanover's objection, constitutes a reply under the Local Rules, even though styled as a "supplemental memorandum".

In addition, in their motion to dismiss, or, in the alternative, request for stay of the action, the Roscitis base their motion on Federal Rule of Civil Procedure 12(b)(7) and Federal Rule of Civil Procedure 19. The Roscitis argued that South Shore Utility Contractors, Inc. ("South Shore") is an indispensable party to this action. In their "supplemental memorandum" the Roscitis now advance a different basis for their motion to dismiss. The Roscitis state:

> "in so far as *all* of the interested, and affected, parties relative to the Agreement of Indemnity have been named and/or joined as part of the Superior Court action, which the Superior Court implicitly acknowledged in permitting service of process upon South Shore, by and through the Receiver, the instant action should be dismissed, or alternatively, at the very least, stayed pending a determination of the Superior Court action on the merits."

In other words, the Roscitis now argue that the State Court action is the better forum. Further, the Roscitis make no mention of their indispensable party argument in their "supplemental memorandum". In other words, the "supplemental memorandum" is not supplemental, but merely a device by the Roscitis to change course on its argument after it had reviewed Hanover's objection.

As such, under the Local Rule cited above, Hanover requests that the Court either deem the "supplemental memorandum" as a reply and disallow any subsequent filing of a reply memorandum by the Roscitis, and specifically find that this reply memorandum is non-responsive to Hanover's objection such that it should be disallowed.

In addition, as part of its reply to this "supplemental memorandum", Hanover reiterates that it chose its forum by filing its action on June 12, 2006 in this Court. Pursuant to Federal Rule of Civil Procedure 19, Hanover had no duty to join South Shore as a party defendant, as South Shore is a joint and several co-obligor, along with the defendants named herein. As such, South Shore is neither a necessary or indispensable party to the action. Accordingly, in compliance with applicable rules and law, it is within Hanover's discretion, as with every plaintiff, to choose its cause of action, forum and parties to be named. The Roscitis' filing of a suit in state court, rather than setting forth its answer and any compulsory counterclaims in this action, is merely another device to avoid the properly pleaded action that Hanover has properly brought before this Court.

Accordingly, Hanover has filed a notice of removal to remove the Roscitis' state court action to this Court. Hanover will also file a motion shortly to consolidate the removed state court action with this action. In this way, all of the claims of all of the parties can and should be resolved in this Court.

Finally, the Roscitis have moved and the state court has granted its motion to consolidate its pending state court action with the receivership action which Anthony Rosciti filed in Providence Superior Court against South Shore. As such, when that action is removed, South Shore, through the receiver, will be before this Court. Consequently, the Roscitis argument that all interested and affected parties to the agreement of indemnity can only be joined in the Superior Court action is incorrect. Upon removal, all the parties will be before this Court.

WHEREFORE, for the foregoing reasons, Hanover respectfully requests that the Court deem the "supplemental memorandum" as a reply to Hanover's objection and disallow any subsequent filing of a reply memorandum by the Roscitis, and find that this reply memorandum

is non-responsive to Hanover's objection, such that it should be disallowed. Finally, Hanover prays that this Court award to Hanover its attorney fees, costs and expense incurred to reply to this "supplemental memorandum", and such other relief as this Court may deem fair, just and reasonable.

Respectfully submitted,

THE HANOVER INSURANCE GROUP

By their attorney,

/s/ Kevin C. Cain

Kevin C. Cain, #3960
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA 02110
[617] 951.2100

Dated: August 31, 2006

**CERTIFICATION OF SERVICE**

I hereby certify that on this 31st day of August, 2006, the foregoing was filed electronically and is available for viewing and downloading from the ECF system.

A copy has also been served upon W. Mark Russo, Ferrucci & Russo, P.C. by first-class, postage pre-paid mail on the same date.

/s/ Kevin C. Cain
Kevin C. Cain

PABOS2:RRITLAN:644612_1
2114-91630