UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

| | |
|---|---|
| ANTHONY F. ROSCITI, JR.; and SHANNON B. ROSCITI<br>Plaintiffs<br><br>v.<br><br>THE HANOVER INSURANCE GROUP; SOUTH SHORE UTILITY CONTRACTORS, INC., by and through Jonathan N. Savage, Esq., duly appointed Permanent Receiver of South Shore Utility Contractors, Inc.; HENRY V. ROSCITI; and AHR UTILITY CORPORATION,<br>Defendants | CA 06 392 T<br><br>CIVIL ACTION NO. ______________ |

NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendant, The Hanover Insurance Group ("Hanover") hereby removes this case to this Court from Rhode Island Superior Court at Providence County. In support of this notice, the Hanover states as follows:

1. The plaintiffs Anthony F. Rosciti, Jr. ("Anthony Rosciti") and Shannon B. Rosciti (collectively as "Roscitis") filed suit on or about August 1, 2006 in Providence Superior Court. The case is entitled Anthony F. Rosciti, Jr.; and Shannon B. Rosciti v. The Hanover Insurance Group; South Shore Utility Contractors, Inc., by and through Jonathan N. Savage, Esq., duly appointed Permanent Receiver of South Shore utility Contractors, Inc.; Henry V. Rosciti; and A.H.R. Utility Corporation, Providence Superior Court C.A. No.: PC 06-4021. True copies of the Civil Action Cover Sheet and Complaint are attached to this notice as Exhibit A. Defendants Henry V. Rosciti ("Henry Rosciti") and A.H.R. Utility Corporation ("AHR") filed their Answer

Attest to True Copy
DAVID A. DIMARZIO
By [signature]
Deputy Clerk

to this Complaint on or about August 25, 2006 and a true and accurate copy of the Answer is attached as Exhibit B.

2. Service of the Complaint was effected on Hanover on August 8, 2006. This notice is being timely filed within 30 days of August 8.

3. Relevant Facts

South Shore Utility Contractors, Inc. ("South Shore") was a utility contractor doing, among other things, public jobs requiring surety bonds in Rhode Island. South Shore came to Hanover in early 2005 seeking surety bonds. South Shore had been previously bonded by the sureties Crum & Forster and St. Paul/Travelers (and are now in claim with each company).

As partial consideration for Hanover agreeing to write bonds on behalf of South Shore, Indemnitors Roscitis, Henry Rosciti, AHR and South Shore executed an Agreement of Indemnity dated May 31, 2005 ("Indemnity Agreement"). Among other things, the Indemnitors agreed, jointly and severally, to: (1) indemnify and hold harmless Hanover from all loss, costs, attorney fees, interest, etc. occasioned by its having written bonds on behalf of South Shore; (2) post cash collateral with Hanover when liability existed or was asserted against Hanover under the bonds in an amount satisfactory to Hanover; (3) assign all right and title to bonded and unbonded contract proceeds to Hanover, enforceable when the Indemnitors, or any one of them, were in default of the Indemnity Agreement; and (4) covenant and agree that all bonded contract funds are held in trust for payment of bonded obligations on bonded construction jobs.

In reliance of these promises, Hanover wrote performance and payment bonds for South Shore on two projects. Hanover wrote a total of five bonds on a project known as the Pawtucket Water Treatment Facility ("Pawtucket Project") totaling $7,640,000. Hanover also wrote a

performance and payment bond on an Amtrak project in Pawtucket ("Amtrak Project") in the amount of $365,900. Overall, Hanover expects losses of nearly $2,000,000 on these projects, net of remaining contract funds on each.

Hanover began receiving claim notices under the above payment and performance bonds beginning in November of 2005. Specifically, a subcontractor on the Pawtucket project made a claim for $572,000 against it for labor and materials supplied. In addition, on the same project, a pipe supplier made a claim in the amount of $755,000 under the payment bond. Each alleged that South Shore had received contract funds their work from the obligee on the bonds, but had not paid these funds over to them for the accepted work and/or materials.

By letter dated March 17, 2006, pursuant to the terms of the Indemnity Agreement, Hanover made a demand for collateral in the amount of $1.3 million against all Indemnitors. The Indemnitors refused to post collateral with Hanover. By letters dated March 21, 2006, Hanover wrote to the obligees on the Pawtucket Project and Amtrak Project and asked each not to pay any contract funds to South Shore without Hanover's prior, written consent.

By letter dated April 13, 2006, from the Indemnitors to Hanover, the Indemnitors each acknowledged that they were presently financially unable to perform their obligations under the relevant contracts and bonds and were in default under the bonds and Indemnity Agreement. Indemnitors expressly reaffirmed their joint and several obligations under the Indemnity Agreement. In addition, by letters also dated April 13, 2006, South Shore wrote to the obligees on the Pawtucket Project and Amtrak Project and irrevocably and voluntarily terminated their construction contract with each effective upon receipt of the letter. Further, South Shore irrevocably directed that all payments due or to become due under the contracts be payable

solely at the direction of Hanover. In addition, South Shore abandoned each of the projects on or about April 7, 2006.

Over the course of the months from April through June 2006, Hanover re-let the Pawtucket Project to a completing contractor by tendering the contractor to the obligee under the performance bond. During this same period of time, Hanover arranged for the completion of the Amtrak Project.

On or about May 12, 2006, Anthony Rosciti filed a petition in Rhode Island Superior Court placing South Shore in receivership. (Anthony Rosciti is 50% shareholder of South Shore.) Jonathan N. Savage, Esquire was appointed permanent receiver on or about June 5, 2006. (Providence Superior Court P.M. No. 06-2623.)

On June 12, 2006, Hanover filed suit in this Court (Civil Action No. 1:06-cv-00276) against the Roscitis, Henry Rosciti, and AHR, as joint and several obligors under the Indemnity Agreement on counts of breach of contract, declaratory relief and specific performance, all related to their obligations under the Indemnity Agreement.

In response, the Roscitis filed a motion to dismiss Hanover's action, which motion is pending before this Court, claiming it had failed to join indispensable party, South Shore, and, alternatively, for a stay of the proceedings, on or about August 1, 2006.

On the same day, the Roscitis also filed the state court action referenced above (Exhibit A to this Notice). In its Complaint, the Roscitis name Hanover and all of the other Indemnitors as Defendants. The Roscitis plead, among other things, a count under the declaratory judgment statutes of Rhode Island. With reference to the Defendants other than Hanover, the Roscitis specifically assert in their Complaint that the other Indemnitors are named as Defendants solely pursuant to the declaratory judgment statutes of Rhode Island. As such, the Roscitis specifically

plead that each of the other Defendants, South Shore, Henry Rosciti, and AHR, are "nominal defendants" in the action. (Exhibit A, Complaint, Paragraphs 4-6). Further, other than to recite in its facts that the other Indemnitors executed the Indemnity Agreement, the Roscitis make no further mention of these Defendants throughout the Complaint. Specifically, the Roscitis state absolutely no cause of action against any of these other Defendants and seek no relief against these Defendants under any of the counts of the Complaint, the sole claims for relief being directed against Hanover.

Under the Answer filed by Defendants AHR and Henry Rosciti (Exhibit B), these Defendants admit all of the pleading allegations made by the Roscitis in their Complaint against Hanover, and at the conclusion of their responses to each count, these Defendants demand judgment against Hanover. In other words, they seek, as named co-Defendants, the very same relief that Plaintiffs Roscitis seek in its Complaint against Hanover.

In response to the Roscitis' motion to dismiss its action, Hanover filed an objection on August 17, 2006, based on the well-settled case law that South Shore, as joint and several obligor, is not a necessary or indispensable party under Federal Rule of Civil Procedure 19.

The Roscitis filed a motion to consolidate its state court action with the receivership action, which motion was granted after a hearing on August 23, 2006.

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

5. Although Defendants South Shore, by and through its receiver, Henry Rosciti and AHR are all citizens of Rhode Island and have not consented to this removal notice, none of them are real parties "in interest" to this action pursuant to 28 U.S.C. § 1444(b). As set forth specifically in the Roscitis' Complaint, these Defendants are "nominal parties" to this action, named only pursuant to the Rhode Island declaratory judgment statutes. In addition, the Roscitis

Case 1:06-cv-00392-T-DLM Document 1-1 Filed 09/01/2006 Page 6 of 7

state no cause of action and seek no relief from these Defendants. Finally, the Answer filed by Defendants Henry Rosciti and AHR to the Roscitis' Complaint acknowledges that they are nominal parties. In fact, these Defendants admit all allegations under all of the Counts directed against Hanover and seek judgment against Hanover in the same fashion on each Count as do the Roscitis. In construing the dictates of 28 U.S.C. § 1441 and 28 U.S.C. § 1332 in this context, the federal courts have uniformly held nominal parties will be disregarded and jurisdiction will be decided only on the citizenship of the real parties to the controversy. In addition, in deciding the propriety of removal, the courts will realign parties from their positions in the state action to bring them in line with their real interests in the matter. *See,* for example, Salem Trust Company v. Manufacturers' Finance Co., 264 U.S. 182 (1924); Navarro Sav. Ass'n.v. Lee, 446 U. S. 458, 461 (1980); Shuman v. Shuman, 1996 U.S. Dist. Lexis 20043 (D. Mass. 1996); Ohio Cas. Ins. Co. v. RLI Ins. Co., 2005 U.S. Dist. Lexis 24124 (M.D.N.C. 2005). In this case, Defendants Henry Rosciti, AHR and South Shore should be disregarded as either nominal or fraudulently joined parties when considering compliance by Hanover in its removal notice with 28 U.S.C § 1441 and 28 U.S.C. § 1332. Alternatively, these defendants should be realigned in this action according to their real interests as one of Plaintiffs.

6. The removing defendant, Hanover, is a Delaware Corporation with its principal place of business in Worcester, Massachusetts. The amount in controversy in this matter exceeds $75,000.

Respectfully submitted,

THE HANOVER INSURANCE GROUP

By their attorney,

Kevin C. Cain, #3960
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA 02110
[617] 951.2100

PABOS2:RRITLAN:644575_1
2114-91630

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

nthony F. Rosciti, Jr. and Shannon B. Rosciti

(b) County of Residence of First Listed Plaintiff: Providence County, RI
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
hristopher M. Mulhearn Ferrucci Russo P.C.
5 Pine Street, 4th Floor Providence, RI 02903 (401) 455-1000

## DEFENDANTS

The Hanover Insurance Group; et al.

County of Residence of First Listed Defendant: Worcester County, MA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
Kevin C. Cain Peabody & Arnold LLP
30 Rowes Wharf Boston, MA 02110 (617) 951-2100

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determinatio Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding ☒ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §§ 1441 and 1446

Brief description of cause:
Contract and Tort Action

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 75,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE Ernest C. Torres DOCKET NUMBER 1:06-cv-00276

DATE 8/31/06

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

# Exhibit 1

# Attachment A

COPY

# STATE OF RHODE ISLAND
## SUPERIOR COURT
### CIVIL CASE COVER SHEET

CASE # 06-4021

THIS FORM MUST BE FILED WITH EACH ORIGINAL DOCUMENT THAT COMENCES A CIVIL PROCEEDING IN THE CLERK'S OFFICE. IF THE CASE IS A DISTRICT COURT APPEAL, THIS FORM MUST BE FILED WITH THE APPEAL IN THE DISTRICT COURT AND WILL BE TRANSFERRED WITH OTHER DOCUMENTS TO THE SUPERIOR COURT.

Anthony F. Rosciti, Jr.; and Shannon B. Rosciti,

PLAINTIFF ID#

The Hanover Insurance Group; South Shore Utility Contractors, Inc., by and through Jonathan N. Savage, Esq., duly appointed Permanent Receiver of South Shore Utility Contractors, Inc.; Henry V. Rosciti; and A.H.R. Utility Corporation,

DEFENDANT ID#

NATURE OF PROCEEDING - CHECK ONE APPLICABLE CASE TYPE UNDER MAIN CATEGORIES LISTED BELOW.

**CIVIL ACTION**

| | | |
|---|---|---|
| ( ) AA AGENCY APPEAL | ( ) EX EXCESSIVE TAX | ( ) PR PARTITION |
| ( ) AB ASSAULT & BATTERY | ( ) FF FORFEITURE | ( ) RC REINSTATE CHARTER |
| ( ) AE ASBESTOS CASES | ( ) FG FOREIGN JUDGMENT | ( ) PT PROMISSARY NOTE |
| ( ) AI ANTI-TRUST | ( ) FS FRIENDLY SUIT | ( ) RY REAL PROPERTY |
| ( ) BA BOOK ACCOUNT | ( ) ID PER INJURY/PROP DAM/VEH | ( ) SA SEXUAL ABUSE |
| ( ) BP BILL OF RIGHTS-POLICE OFF | ( ) IJ INJUNCTIVE RELIEF | ( ) SF SPECIFIC PERFORMANCE |
| ( ) CH CIVIL RIGHTS/JOB DISCRIM | ( ) IP INTERPLEADER | ( ) SX SEXUAL HARASSMENT |
| ( ) CI CRIMINAL INJURY COMP | ( ) LC LEAD CASE | ( ) TD CONTRACT DAMAGES |
| ( ) CL COMMON LAW ASSIGNMENT | ( ) LS LIBEL/SLANDER | ( ) TE TRESSPASS & EJECTMENT |
| ( ) CM COMMON LAW LIEN | ( ) ME MALPRACTICE/LEGAL | ( ) TO TITLE CLEARING |
| ( ) CS CONVERSION | ( ) MM MALPRACTICE/MEDICAL | ( ) TV TRUSTEE/APPT CONVEY TITLE |
| ( ) CV CRIMINAL CONVERSION | ( ) MO MALPRACTICE/OTHER | ( ) TG TRUSTEE/ACCOUNTING |
| ( ) CH CIVIL RIGHTS/JOB DISCRIMIN | ( ) OV OTHER CIVIL ACTION | ( ) UM UNINSURED MOTORIST |
| (✓) DJ DECLARATORY JUDGMENT | ( ) PB PROPERTY DAMAGES | ( ) WM WRIT OF MANDAMUS |
| ( ) DG RECOVERY OF DAMAGES | ( ) PG PROPERTY DAMAGES/VEH | ( ) WR WRIT OF REPLEVIN |
| ( ) DB DEBT ON JUDGMENT | ( ) PI PERSONAL INJURY | ( ) WD WRONGFUL DEATH |
| ( ) DD DECEPTIVE TRADE PRACTICE | ( ) PJ PERSONAL INJURY/VEHICLE | |
| ( ) DN DENIAL OF PROBATE CLAIM | ( ) PL PRODUCT LIABILITY | |

**MISCELLANEOUS PETITION**

| | | |
|---|---|---|
| ( ) AC ARBITRATION/CONFIRM | ( ) GJ GRAND JURY INVESTIGATION | ( ) PX PETITION TO EXPUNGE |
| ( ) AD ARBITRATION AWARD | ( ) HC HABEAS CORPUS | ( ) PY PETITION INVENT (WIRE TAP) |
| ( ) AS ASSESSMENT OF DAMAGES | ( ) LN LEVEL COMMUN NOTIFICATION | ( ) RB ARBITRATION REFERRAL |
| ( ) CE CONDEMNATION | ( ) ML MECHANICS LIEN | ( ) RP RULE 5A PETITION |
| ( ) CN CONFIRM COMPROMISE | ( ) MW MATERIAL WITNESS | ( ) RV RECEIVERSHIP |
| ( ) CP CONTEMPT | ( ) OM OTHER MISC PETITION | ( ) SO SEXUAL VIOLENT PREDATOR |
| ( ) DI DISCLAIMER | ( ) OW OUT OF STATE WITNESS | ( ) TA APPOINTMENT OF TRUSTEE |
| ( ) DS DISSOLUTION OF CORP | ( ) PC POST CONVICTION RELIEF | ( ) TC TITLE CLEARING (TAX TITLE) |
| ( ) DT DECLINATION OF TRUSTEE | ( ) PD PETITION TO TAKE DEPO | ( ) TL FORECLOSURE/TAX LIEN |
| ( ) EN END PARTNERSHIP | ( ) PM PETITION FOR IMMUNITY | ( ) TS TRUSTEE SUCCESSOR |
| ( ) FC FORFEITURE OF CHARTER | ( ) PO PETITION FOR CONSTABLE | ( ) VC VACATE ARBITRATION |
| ( ) FL FORECLOSURE RIGHTS REDEM | ( ) PS PERFORM SURGERY | |

**PROBATE APPEAL**

| | | |
|---|---|---|
| ( ) GD GUARDIANSHIP | ( ) OA OTHER PROBATE APPEAL | ( ) WL WILL |
| ( ) NC NAME CHANGE | ( ) TU TRUST | |

**DISTRICT COURT APPEAL**

( ) DISTRICT COURT APPEAL

TRIAL (✓) YES ( ) NO IF YES: (✓) JURY ( ) NON-JURY

ATTORNEY NAME & REGISTRATION# Christopher M. Mulhearn (#5188)
PRO SE/NAME: CMM [signature]

DATE: TODAY August 1, 2006

SC223 (REV05-05)

JB 8-1-06

**STATE OF RHODE ISLAND**
**PROVIDENCE, SC.**

**SUPERIOR COURT**

**ANTHONY F. ROSCITI, JR.; and SHANNON B. ROSCITI,**

**Plaintiffs**

**vs.**

**THE HANOVER INSURANCE GROUP; SOUTH SHORE UTILITY CONTRACTORS, INC., by and through Jonathan N. Savage, Esq., duly appointed Permanent Receiver of South Shore Utility Contractors, Inc.; HENRY V. ROSCITI; and A.H.R. UTILITY CORPORATION,**

**Defendants**

**C.A. No.: PC 06-4021**

## COMPLAINT

1. Plaintiff, Anthony F. Rosciti, Jr. ("Anthony Rosciti") is a domiciled resident and inhabitant of the Town of Lincoln, State of Rhode Island.

2. Plaintiff, Shannon B. Rosciti ("Shannon Rosciti") is a domiciled resident and inhabitant of the Town of Lincoln, State of Rhode Island.

3. Upon information and belief, Defendant, The Hanover Insurance Group ("Hanover") is a duly organized and existing corporation, pursuant to the laws of the State of Delaware, having its principal place of business located in the City of Worcester, Commonwealth of Massachusetts.

4. Defendant, South Shore Utility Contractors, Inc. ("South Shore") is a duly organized and existing corporation pursuant to the laws of the State of Rhode Island, having its principal place of business located in the Town of Johnston, State of Rhode Island. Further, in or about June, 2006, Jonathan N. Savage, Esq. ("the Receiver") was duly appointed by Providence

County Superior Court as Permanent Receiver of South Shore. As such, South Shore is being named herein by and through its Receiver, who is identified herein solely in his official capacity, and not in his individual capacity. Moreover, South Shore is named herein as a defendant, solely pursuant to, and in accord with, R.I. Gen. Laws §9-30-1, *et seq.* Thus, South Shore is a nominal defendant in the above-entitled action.

5. Upon information and belief, Defendant, Henry V. Rosciti ("Henry Rosciti") is a domiciled resident and inhabitant of the Town of Scituate, State of Rhode Island. Henry Rosciti is named herein as a defendant solely pursuant to, and in accord with, R.I. Gen. Laws §9-30-1, *et seq.* Thus, Henry Rosciti is a nominal defendant in the above-entitled action.

6. Upon information and belief, Defendant, A.H.R. Utility Corporation ("AHR") is a duly organized and existing corporation pursuant to the laws of the State of Rhode Island, having its principal place of business located in the Town of Johnston, State of Rhode Island. AHR is named herein as a defendant herein solely pursuant to, and in accord with, R.I. Gen. Laws §9-30-1, *et seq.* Thus, AHR is a nominal defendant in the above-entitled action.

**Jurisdiction**

7. This Superior Court has jurisdiction over the above-entitled action pursuant to R.I. General Laws §§8-2-13, 8-2-14 and 9-30-1.

**Allegations Common to All Counts**

8. In or about 2005, Hanover furnished performance and payment bonds on behalf of its principal, South Shore, naming Earth Tech and O. Ahlborg and Sons, Inc. (collectively, "Earth Tech") as obligees, for the project known as the Pawtucket Water Treatment Facility (the "Pawtucket Project") in the total amount of Five Million Six Hundred Sixteen Thousand Thirty Dollars and 00/100 ($5,616,030.00) (the "Pawtucket Project Bonds").

9. In addition, at or about that same time, Hanover furnished a payment and performance bonds or on behalf of its principal, South Shore, naming the Amtrak-National Railroad Passenger Corporation ("Amtrak") as obligee for a project known as the Freight Rail Improvement Project, twenty-four (24) inch water main relocation in Providence, Rhode Island (the "Amtrak Project") in the amount of Three Hundred Sixty-Five Thousand Nine Hundred Dollars and 00/100 ($365,900.00) (the "Amtrak Project Bonds").

10. In or about May, 2005, South Shore, Anthony Rosciti, Shannon Rosciti, Henry Rosciti and AHR, and each of them, executed an Agreement of Indemnity in favor of Hanover relative to the Pawtucket Project Bonds and the Amtrak Project Bonds, respectively.

11. Subsequent to the commencement of the Pawtucket Project and Amtrak Project, respectively, and during South Shore's discharge of its scope of work in connection with these projects, South Shore had disputes with two of its subcontractors regarding payment.

12. One of the disputes involving the Pawtucket Project related to measurement and payment terms in a subcontract (the "Pawtucket Dispute").

13. South Shore resolved the Pawtucket Dispute.

14. The only other dispute involved the Amtrak Project, wherein a subcontractor was applying payments on the Amtrak Project and other "bonded" work to only outstanding requisitions on "non-bonded" projects. Thus, creating an inflated receivable on the Amtrak Project (the "Amtrak Dispute").

15. South Shore's records supported its position with regard to the Amtrak Dispute.

16. Hanover had knowledge that South Shore had settled the Pawtucket Dispute and that South Shore's records supported South Shore's position relating to the Amtrak Dispute.

17. Despite the settlement of the Pawtucket Dispute and the good faith position of South Shore relative to the Amtrak Dispute, Hanover wrongfully, tortiously and in bad faith took it upon itself to communicate directly with the owners on both the Pawtucket Project and the Amtrak Project, respectively, and notify the owners not to make any further payments to the South Shore.

18. With all income from the Pawtucket and Amtrak Disputes cut-off, South Shore no longer had the ability to conduct an otherwise successful business.

19. South Shore's principal was able to secure a take-over arrangement that will ensure the completion of the Pawtucket and Amtrak Projects despite Hanover's action; however, South Shore has no ability to continue in its business.

**Count I**
**(Declaratory Judgment)**

20. Anthony Rosciti and Shannon Rosciti (collectively, the "Roscitis") hereby reallege and incorporate by reference Paragraphs 1 through 19 of their Complaint as if the same was stated more fully herein.

21. The rights, status and legal standing of the parties are governed by the Agreement, R.I. Gen. Laws and the Rhode Island common law.

22. A dispute has arisen in connection therewith.

WHEREFORE, the Roscitis respectfully pray that this Court enter an order that provides as follows:

a. A declaration by this Court, pursuant to, and in accord with, R.I. Gen. Laws §9-30-1, *et seq.*, that in or about May, 2005, the Roscitis entered and/or have legal standing to enforce and benefit from legally valid, binding and enforceable contracts with Hanover.

b. A declaration by this Court, pursuant to, and in accord with, R.I. Gen. Laws §9-30-1, *et seq.*, that without having engaged in any due diligence and/or investigation with respect to the complaints and/or claims asserted by certain subcontractors and/or suppliers relative to the Pawtucket Project and Amtrak Project, respectively, with respect to the Pawtucket Project Bonds and Amtrak Project Bonds in connection with any alleged non-payment of said certain subcontractors and/or supplier, Hanover directly contacted the subject projects' owners, Earth Tech and Amtrak, respectively, and instructed Earth Tech and Amtrak, and each of them, to not tender any further payments to South Shore regarding the subject projects.

c. In the alternative, a declaration by this Court, pursuant to, and in accord with R.I. Gen. Laws §9-30-1, *et seq.*, that Hanover with knowledge that the Pawtucket Dispute had been resolved and with knowledge that South Shore's records supported its position relative to the Amtrak Dispute, wrongfully, tortiously and with bad faith contacted the subject projects' owners, Earth Tech and Amtrak, respectively, and instructed Earth Tech and Amtrak, and each of them, to not tender any further payments to South Shore regarding the subject projects.

d. A declaration by this Court, pursuant to, and in accord with R.I. Gen. Laws §9-30-1, *et seq.*, that as a direct and proximate result of Hanover's actions or conduct, *to wit*, its contact with and directive to Earth Tech and Amtrak, and each of them, Hanover manufactured defaults of South Shore under the Pawtucket Project Bonds and Amtrak Project Bonds, respectively, as well as the Agreement.