e. A declaration by this Court, pursuant to, and in accord with, R.I. Gen. Laws §9-30-1, *et seq.*, that Hanover's actions and/or conduct is in breach of its contract(s) with South Shore and/or the Roscitis, as well as in breach of its fiduciary obligations and duty of good faith and fair dealing owed to said individuals.

f. A declaration by this Court, pursuant to, and in accord with, R.I. Gen. Laws §9-30-1, *et seq.*, that Hanover is not entitled to indemnification or, in the alternative, any duty to indemnity is set off against the loss incurred as a result of its actions.

g. An award to the Roscitis, and each of them, of any and all attorneys' fees, costs and disbursements incurred by the Roscitis as a result of the prosecution of the above-entitled action.

h. An award to the Roscitis, and each of them, such other further relief as this Court may deem fair, just and reasonable.

**Count II**
**(Breach of Contract)**

23. The Roscitis hereby reallege and incorporate by reference Paragraphs 1 through 22 of their Complaint as if the same was stated more fully herein.

24. The Roscitis, and each of them, and Hanover, entered into and/or have standing to enforce and benefit from a legally binding, valid and enforceable contracts.

25. The Roscitis performed pursuant to the terms and conditions of the parties' contracts.

26. Hanover breached the terms and conditions of said contracts.

27. As a direct and proximate result of Hanover's willful breach of contract, the Roscitis, and each of them, have been, and continue to be, injured, harmed and/or damaged.

28. There exists no justiciable issue of either law or fact, and, Hanover's breach of the parties' contract is wholly unjustified.

WHEREFORE, the Roscitis, and each of them, respectfully pray that this Court enter judgment against Hanover, and in favor of the Roscitis, and each of them, in an amount to be proven at trial, together with any interest thereon, plus any and all attorneys' fees incurred, pursuant to R.I. Gen. Laws §9-1-45, and any and all other costs and disbursements incurred in the prosecution of the above-entitled action, and that this Court award to the Roscitis, and each of them, such other further relief as this Court may deem fair, just and reasonable.

**Count III**
**(Tortious Interference with Contract)**

29. The Roscitis hereby reallege and incorporate by reference Paragraphs 1 through 28 of their Complaint as if the same was stated more fully herein.

30. Hanover knew, or should have known, of the underlying contracts relating to the Amtrak Project, Pawtucket Project, surety for said projects, and the indemnity obligations related thereto.

31. Hanover tortiously interfered with said contractual relationship.

32. Said tortious interference was willful and knowing. Further, said interference amounts to criminality.

33. As a direct and proximate result of Hanover's tortious conduct, the Roscitis, and each of them, have been, and continue to be injured, harmed and/or damaged.

WHEREFORE, the Roscitis, and each of them, respectfully pray that this Court enter judgment against Hanover, and in favor of the Roscitis, and each of them, in an amount to be proven at trial, together with any interest thereon, plus any and all attorneys' fees costs, and other disbursements incurred by the Roscitis as a result of the above-entitled action, and that the

Roscitis, and each of them, be award such further relief as this Court may deem fair, just and reasonable.

**Count IV**
**(Tortious Interference Prospective Business Advantage)**

34. The Roscitis hereby reallege and incorporate by reference Paragraphs 1 through 33 of their Complaint as if the same was stated more fully herein.

35. The Roscitis had a business relationship or contemplated contracts of economic benefit with regard and in connection with South Shore's ongoing operation of its business.

36. Hanover had knowledge of such relationship, and/or contemplated economic benefit.

37. Hanover's interference with such business relationship or contemplated economic benefit was through improper motive or means.

38. As a direct and proximate result thereof, the Roscitis lost business advantage(s) and/or opportunities, and, as such, the Roscitis has sustained damages in an amount to be proven at trial.

WHEREFORE, the Roscitis respectfully prays that this Court enter judgment in favor of the Roscitis, in an amount to be proven at trial, plus interest thereon, together with any and all attorneys' fees, costs and other disbursements or expenses incurred by the Roscitis, and that the Roscitis, and each of them, be awarded such other and further relief as this Court may deem fair, just and reasonable.

**Count V**
**(Bad Faith)**

39. The Roscitis hereby reallege and incorporate by reference Paragraphs 1 through 38 of their Complaint as if the same was stated more fully herein.

40. Inherent in every contractual relationship, including without limitation the contract by and among the Roscitis and Hanover, is an inherent duty or obligation of good faith and fair dealing.

41. Hanover, owed the Roscitis a duty of good faith and fair dealing.

42. Hanover breached its duty of good faith and fair dealing to the Roscitis when it directly contacted, and instructed, Earth Tech and Amtrak, respectively, to not make any further payments to South Shore relative to the Pawtucket Project and Amtrak Project, respectively, thereby triggering or creating default relative to South Shore, and, further, artificially triggering the Roscitis' obligations under the Agreement.

43. Said breach of good faith and fair dealing was willful and knowing.

44. As a direct and proximate result of Hanover's conduct, the Roscitis, and each of them, have been and continue to be, injured, harmed and/or damaged.

WHEREFORE, the Roscitis respectfully pray that this Court enter judgment against Hanover, and in favor of the Roscitis, and each of them, in an amount to be proven at trial, together with interest thereon, plus any and all attorneys' fees, costs and other disbursements incurred by the Roscitis as a result of the above-entitled action, and that the Roscitis, and each of them, be awarded such other further relief as this Court may deem fair, just and reasonable.

**Count VII**
**(Breach of Fiduciary Duty)**

45. The Roscitis hereby reallege and incorporate by reference Paragraphs 1 through 44 of their Complaint as if the same was stated more fully herein.

46. By virtue of their indemnitor-indemnity relationship *vis-à-vis* the Agreement, Hanover had a fiduciary obligation to the Roscitis.

47. Hanover breached its fiduciary obligation to the Roscitis, by instructing Earth Tech and Amtrak, respectively, to not tender any payments to South Shore relative to the subject projects.

48. As a direct and proximate result of Hanover's breach of its fiduciary obligation, the Roscitis have been, and continue to be, injured, harmed and/or damaged.

WHEREFORE, the Roscitis respectfully pray that this Court enter judgment against Hanover, and in favor of the Roscitis, and each of them, in an amount to be proven at trial, together with interest thereon, plus any and all attorneys' fees, costs and other disbursements incurred by the Roscitis as a result of the above-entitled action, and that the Roscitis, and each of them, be awarded such other further relief as this Court may deem, fair, just and reasonable.

**Count VIII**
**(Unfair and Deceptive Acts or Practices)**
**M.G.L.A. 93A § 11**

49. The Roscitis hereby reallege and incorporate by reference Paragraphs 1 through 48 of their Complaint as if the same was stated more fully herein.

50. The Roscitis are persons who engaged in the conduct of trade commerce.

51. Hanover is a person who engages in the conduct of trade commerce.

52. As a result of Hanover's use or employment of unfair or deceptive acts or practices declared unlawful by M.G.L.A. 93A §2, the Roscitis have suffered a loss of money and/or property, real or personal.

53. The deceptive act or practices undertaken by Hanover and declared lawful under M.G.L.A. 93A §2, were undertaken willfully and knowingly.

54. The deceptive act or practices undertaken by Hanover occurred primarily and substantially within the Commonwealth of Massachusetts.

WHEREFORE, the Roscitis respectfully pray that this Court enter judgment against Hanover, and in favor of the Roscitis, and each of them, in an amount to be proven at trial, together with interest thereon, plus any and all attorneys' fees, costs and statutory damages provided for under M.G.L.A. 93A §11, and such other relief as this Court may deem, fair, just and reasonable.

Respectfully submitted,

Anthony F. Rosciti, Jr., & Shannon B. Rosciti,

By their Attorneys,

W. Mark Russo (#3937)
Christopher M. Mulhearn (#5188)
**Ferrucci Russo, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel.: (401) 455-1000
Fax.: (401) 455-7778

Date: August 1, 2006

**Jury Demand**

Plaintiffs, Anthony F. Rosciti and Shannon Rosciti, and each of them, hereby demand a trial by jury on all counts so triable.

# Exhibit 1

# Attachment B

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

ANTHONY F. ROSCITI, JR, et al
Plaintiffs

vs.

C.A. No.: PC-06-4021

THE HANOVER INS GROUP; SOUTH SHORE UTILITY CONTRACTORS, HENRY V. ROSCITI and A.H.R. UTILITY CORP.
Defendants

**ANSWER OF DEFENDANTS HENRY V. ROSCITI AND A.H.R. UTILITY CORP.**

NOW COME Defendants Henry V. Rosciti ("Henry Rosciti") and A.H.R. Utility Corp. (AHR) (collectively "Defendants") who are Nominal Defendants only in the above captioned matter and answer Plaintiffs' Complaint as follows:

1. Paragraph 1 does not require an answer on behalf of Defendants Henry Rosciti and A.H.R. Utility Corp., but to the extent an answer may be required, Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 1 of Plaintiffs' Complaint and leave Plaintiffs to their proof thereof.

2. Paragraph 2 does not require an answer on behalf of Defendants Henry Rosciti and A.H.R. Utility Corp., but to the extent an answer may be required, Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 2 of Plaintiffs' Complaint and leave Plaintiffs to their proof thereof.

3. Paragraph 3 does not require an answer on behalf of Defendants Henry Rosciti and A.H.R. Utility Corp., but to the extent an answer may be required, Defendants are without

sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 3 of Plaintiffs' Complaint and leave Plaintiffs to their proof thereof.

4. Paragraph 4 does not require an answer on behalf of Defendants Henry Rosciti and A.H.R. Utility Corp., but to the extent an answer may be required, Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 4 of Plaintiffs' Complaint and leave Plaintiffs to their proof thereof.

5. Defendant Henry V. Rosciti admits to the allegations in Paragraph 5 of Plaintiffs' Complaint.

6. Defendant A.H.R. Utility Corporation ("AHR") admits that it was a duly organized corporation pursuant to the laws of the State of Rhode Island, but is no longer an active corporation.

7. Defendants admit to the allegations in Paragraph 7 of Plaintiff's Complaint.

8. Defendants admit to the allegations contained in Paragraph 8 of Plaintiffs' Complaint.

9. Defendants admit to the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10. Defendants admit to the allegations contained in Paragraph 10 of Plaintiffs' Complaint.

11. Defendants do not have sufficient information or knowledge as to form a belief to the truth of the averments in Paragraph 11 and leave Plaintiffs to their proof thereof.

12. Defendants do not have sufficient information or knowledge as to form a belief to the truth of the averments in Paragraph 12 and leave Plaintiffs to their proof thereof.

13. Defendants do not have sufficient information or knowledge as to form a belief to the truth of the averments in Paragraph 13 and leave Plaintiffs to their proof thereof.

14. Defendants do not have sufficient information or knowledge as to form a belief to the

truth of the averments in Paragraph 14 and leave Plaintiffs to their proof thereof.

15. Defendants do not have sufficient information or knowledge as to form a belief to the truth of the averments in Paragraph 15 and leave Plaintiffs to their proof thereof.

16. Defendants do not have sufficient information or knowledge as to form a belief to the truth of the averments in Paragraph 16 and leave Plaintiffs to their proof thereof.

17. Defendants do not have sufficient information or knowledge as to form a belief to the truth of the averments in Paragraph 17 and leave Plaintiffs to their proof thereof.

18. Defendants admit to the allegations in Paragraph 18 of Plaintiffs' Complaint.

19. Defendants admit to the allegations in Paragraph 19 of Plaintiffs' Complaint.

**COUNT 1**
**(Declaratory Judgment)**

20. Defendants' responses to Paragraphs 1-19 are incorporated by reference as if fully set forth herein.

21. Defendants admit to the allegations in Paragraph 21 of Plaintiffs' Complaint.

22. Defendants admit to allegations in Paragraph 22 of Plaintiffs' Complaint.

WHEREFORE Defendants Henry V. Rosciti and AHR demand a judgment in their favor and against Defendant Hanover Insurance Group, together with any and all costs, including but not limited to attorney's fees, as deemed appropriate by this Honorable Court.

**COUNT II**
**(Breach of Contract)**

23. Defendants' responses to Paragraphs 1-22 are incorporated by reference as if fully set forth herein.

24. Defendants Henry Rosciti and AHR admit to the allegations in Paragraph 24 of the

Complaint.

25. Defendants admit to the allegations in Paragraph 25 of the Complaint.

26. Defendants admit to the allegations in Paragraph 26 of the Complaint.

27. Defendants admit to the allegations in Paragraph 27 of the Complaint.

28. Defendants admit to the allegations in Paragraph 28 of the Complaint.

WHEREFORE Defendants Henry Rosciti and AHR respectfully demand judgment against Defendant Hanover and in favor of Defendants Henry Rosciti and AHR in an amount to be proven at trial, together with any interest thereon, plus any and all costs and attorneys' fees, and that this Honorable Court award Defendants Henry Rosciti and AHR any other relief as it deems just and reasonable.

**COUNT III**
**(Tortious Interference with Contract)**

29. Defendants' responses to Paragraphs 1-28 are incorporated by reference as if fully set forth herein.

30. Defendants Henry Rosciti and AHR admit to the allegations in Paragraph 30 of the Complaint.

31. Defendants admit to the allegations in Paragraph 31 of the Complaint.

32. Defendants admit to the allegations in Paragraph 32 of the Complaint.

33. Defendants admit to the allegations in Paragraph 33 of the Complaint.

WHEREFORE Defendants Henry Rosciti and AHR respectfully demand judgment against Defendant Hanover and in favor of Defendants Henry Rosciti and AHR in an amount to be proven at trial, together with any interest thereon, plus any and all costs and attorneys' fees,

and that this Honorable Court award Defendants Henry Rosciti and AHR any other relief as it deems just and reasonable..

**COUNT IV**
**(Tortious Interference with Prospective Business Advantage)**

34. Defendants' responses to Paragraphs 1-28 are incorporated by reference as if fully set forth herein.

35. Defendants Henry Rosciti and AHR admit to the allegations in Paragraph 35 of the Complaint.

36. Defendants admit to the allegations in Paragraph 36 of the Complaint.

37. Defendants admit to the allegations in Paragraph 37 of the Complaint.

38. Defendants admit to the allegations in Paragraph 38 of the Complaint.

WHEREFORE Defendants Henry Rosciti and AHR respectfully demand judgment against Defendant Hanover and in favor of Defendants Henry Rosciti and AHR in an amount to be proven at trial, together with any interest thereon, plus any and all costs and attorneys' fees, and that this Honorable Court award Defendants Henry Rosciti and AHR any other relief as it deems just and reasonable.

**COUNT V**
**(Bad Faith)**

39. Defendants' responses to Paragraphs 1-38 are incorporated by reference as if fully set forth herein.

40. Defendants Henry Rosciti and AHR admit to the allegations in Paragraph 40 of the Complaint.

41. Defendants admit to the allegations in Paragraph 41 of the Complaint.

42. Defendants admit to the allegations in Paragraph 42 of the Complaint.

43. Defendants admit to the allegations in Paragraph 43 of the Complaint.

44. Defendants admit to the allegations in Paragraph 44 of the Complaint.

WHEREFORE Defendants Henry Rosciti and AHR respectfully demand judgment against Defendant Hanover and in favor of Defendants Henry Rosciti and AHR in an amount to be proven at trial, together with any interest thereon, plus any and all costs and attorneys' fees, and that this Honorable Court award Defendants Henry Rosciti and AHR any other relief as it deems just and reasonable.

**COUNT VII (no Count VI)**
**(Breach of Fiduciary Duty)**

45. Defendants' responses to Paragraphs 1-44 are incorporated by reference as if fully set forth herein.

46. Defendants Henry Rosciti and AHR admit to the allegations in Paragraph 46 of the Complaint.

47. Defendants admit to the allegations in Paragraph 47 of the Complaint.

48. Defendants admit to the allegations in Paragraph 48 of the Complaint.

WHEREFORE Defendants Henry Rosciti and AHR respectfully demand judgment against Defendant Hanover and in favor of Defendants Henry Rosciti and AHR in an amount to be proven at trial, together with any interest thereon, plus any and all costs and attorneys' fees, and that this Honorable Court award Defendants Henry Rosciti and AHR any other relief as it deems just and reasonable.

**COUNT VIII**
**(Unfair and Deceptive Acts or Practices M.G.L.A. 93A § 11)**

49. Defendants' responses to Paragraphs 1-48 are incorporated by reference as if fully set forth herein.

50. Defendants Henry Rosciti and AHR admit to the allegations in Paragraph 50 of the Complaint.

51. Defendants admit to the allegations in Paragraph 51 of the Complaint.

52. Defendants admit to the allegations in Paragraph 52 of the Complaint.

53. Defendants admit to the allegations in Paragraph 53 of the Complaint.

54. Defendants admit to the allegations in Paragraph 54 of the Complaint.

WHEREFORE Defendants Henry Rosciti and AHR respectfully demand judgment against Defendant Hanover and in favor of Defendants Henry Rosciti and AHR in an amount to be proven at trial, together with any interest thereon, plus any and all costs and attorneys' fees, and that this Honorable Court award Defendants Henry Rosciti and AHR any other relief as it deems just and reasonable.

Respectfully Submitted,
DEFENDANTS HENRY V.ROSCITI AND A.H.R. UTILITY CORP.
By their Attorneys

Joseph DeAngelis (#1395)
Paul J. Moretti Sr. (# 7433)
TILLINGHAST LICHT LLP
Ten Weybosset Street
Providence, Rhode Island 02903
(401) 456-1257
(401) 456-1210 (fax)

DEFENDANTS HENRY V. ROSCITI AND A.H.R. UTILITY CORP. HEREBY DEMAND A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.

CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of August, 2006, I mailed a copy of the within Answer of Defendants Henry V. Rosciti and A.H.R. Utility Corp. by first-class mail, postage prepaid, to the following:

W. Mark Russo. Esq.
Christopher M. Mulhearn, Esq.
Ferrucci Russo, P.C.
55 Pine St., 4th Floor
Providence, RI 02903

Fred Connelly,Esq.
Kevin Cain, Esq.
Peabody & Arnold LLP
30 Rowes Wharf
Boston, MA 02110

Jonathan Savage, Esq.
Schechtman, Halperin Savage, LLP
1080 Main St.
Pawtucket, RI 02860

Roberta S. Arsac

@PFDesktop\::ODMA/MHODMA/TLSDMS.TLSLAW.COM;imanage;434997;1