UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THE HANOVER INSURANCE GROUP | : | |
| v. | : | C.A. No. 06-276T |
| ANTHONY F. ROSCITI, JR., SHANNON ROSCITI, HENRY V. ROSCITI, and AHR UTILITY CORPORATION | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Before this Court for preliminary review, findings and recommended disposition (28 U.S.C. § 636(b)(1)(B); LR Cv 72(a)) is the Motion of Defendants Anthony F. Rosciti, Jr. and Shannon Rosciti (the "Roscitis") to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(7). Neither party has requested argument or hearing (LR Cv 7(e)), and this Court has determined that none is necessary. For the reasons set forth below, this Court recommends that the Roscitis' Motion to Dismiss (Document No. 3) be DENIED.

**Background**

This diversity action was commenced by The Hanover Insurance Group, a Delaware corporation with its principal place of business in Worcester, Massachusetts ("Hanover"), against a Rhode Island corporation and three Rhode Island residents regarding a May 31, 2005 Agreement of Indemnity (the "Agreement"). See Document No. 1, Ex. A. The Agreement is signed by the Roscitis and another family member, Defendant Henry V. Rosciti, as indemnitors of Hanover. Defendant Anthony F. Rosciti, Jr. also signed the Agreement in his capacity as President of both

Defendant AHR Utility Corporation ("AHR") and, a non-party to this case, South Shore Utility Contractors, Inc., a Rhode Island corporation, ("SSUC"). AHR and SSUC are thus also indemnitors of Hanover under the Agreement. SSUC is currently the subject of a Superior Court receivership action commenced on May 12, 2006 by Anthony F. Rosciti, Jr. A permanent receiver of SSUC was appointed by the Superior Court on June 5, 2006. The Order of Appointment "restrained and enjoined" any legal proceedings against SSUC unless approved by the Superior Court with prior notice to the Receiver.

Hanover is in the business of providing surety bonds to contractors and other entities. See Document No. 1, ¶ 8. Hanover provided surety bonds to SSUC, as principal to various owners and general contractors, to secure the performance and completion of certain Rhode Island construction projects by SSUC. Id., ¶ 9. In consideration of Hanover's issuance of these surety bonds, Defendants and SSUC executed the Agreement in favor of Hanover. Id., ¶ 10. Hanover received various performance and payment bond claims relating to SSUC's work which resulted in this dispute. Id., ¶¶ 12-16. In this action, Hanover contends that Defendants breached the Agreement, and it seeks both specific performance and a declaratory judgment that Defendants, "jointly and severally," are liable to Hanover and have certain obligations to it under the Agreement.

This action was commenced on June 12, 2006. On August 1, 2006, the Roscitis commenced a separate action in Superior Court, regarding the Agreement, that seeks a declaratory judgment and asserts various contract and tort claims against Hanover (the "Rosciti suit"). SSUC, AHR and Henry V. Rosciti are named as "nominal" Defendants in the Rosciti suit, and no affirmative claims are made against them by the Roscitis. On September 1, 2006, Hanover removed the Rosciti suit to this Court, and both Defendant SSUC, by its Receiver, and Plaintiffs have moved to remand the case to

Superior Court. See Rosciti v. Hanover, et al., C.A. No. 06-392T (Document Nos. 5 and 7). To further complicate matters, Hanover moved to consolidate this action with C.A. No. 06-392T (the Rosciti suit) pursuant to Fed. R. Civ. P. 42(a). (Document No. 10).[1] In a nutshell, Hanover wants this dispute decided in Federal Court, and the Roscitis want it decided in State Court. Both are attempting to utilize every procedural mechanism at their disposal to accomplish their respective goals.

**Discussion**

The Roscitis move to dismiss pursuant to Fed. R. Civ. P. 12(b)(7) for Hanover's failure to join SSUC to this action under Fed. R. Civ. P. 19. They argue that "Hanover's failure and/or refusal to name [SSUC], a necessary and indispensable party hereto fatally flaws Hanover's Complaint." Defs.' Mem. in Supp. at p. 4. "A 'necessary' party under Fed. R. Civ. P. 19(a) is one that should be joined to effect a just adjudication, while an 'indispensable' party under Fed. R. Civ. P. 19(b) is simply a 'necessary' party...who, for one reason or another, cannot be made a party and without whom the Court determines the action cannot proceed." Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 184 F. Supp. 2d 55, 77 (D. Mass. 2001) (emphasis in original) (noting that indispensable is a subset of necessary under Rule 19). Thus, this Court must first determine if SSUC is a "necessary" party, and, if so, is it an "indispensable" party warranting dismissal of this case. See United States v. San Juan Bay Marina, 239 F.3d 400, 405 (1st Cir. 2001).

The Roscitis argue that since SSUC is a party to the Agreement and thus also an indemnitor of Hanover, there cannot be "a complete and efficient settlement of the controversies that exist relative to the Agreement" without SSUC's participation. Defs.' Mem. in Supp. at p. 9. Hanover

[1] Prior to removal of the Rosciti suit, Justice Silverstein of the Superior Court granted the Roscitis' Motion to consolidate that suit with the pending SSUC Superior Court receivership proceeding. See Document No. 7.

counters that SSUC is not a "necessary" party under Fed. R. Civ. P. 19(a) because the Agreement expressly subjects the individual indemnitors to joint and several liability. This Court agrees with Hanover that SSUC is not a necessary party under Fed. R. Civ. P. 19(a). Thus, this Court need not decide the secondary issue of whether SSUC is "indispensable" under Fed. R. Civ. P. 19(b).

The Agreement, among other things, provides that Defendants and SSUC "jointly and severally...covenant and agree in favor of [Hanover]" to, under paragraph 2 of the Agreement, "exonerate, indemnify and save harmless" Hanover from any and all loss, costs, attorney fees, interest and expense arising out of Hanover having executed bonds on behalf of SSUC. Document No. 1, Ex. A, ¶ 2. In addition, under paragraph 3 of the Agreement, Defendants and SSUC agree to make payments to Hanover as collateral security in an amount sufficient, in Hanover's discretion, to indemnify Hanover from any and all such loss, costs, attorney fees, interest and expense. Id.

Further, paragraph 17 of the Agreement provides:

> [e]very right, power and remedy given by this Agreement to [Hanover] shall be concurrent and may be pursued separately, successively or together against any Indemnitor, or any one or more of them; and every right, power and remedy given by this Agreement to [Hanover] may be exercised from time to time as often as may be deemed expedient by [Hanover] in its sole discretion.

Id.

Hanover alleges that it has incurred loss and expense under bonds written on behalf of SSUC. In addition, in order to secure it against loss and expense from pending claims, Hanover alleges that, under the Agreement, it demanded collateral from Defendants and SSUC by letter dated March 17, 2006. Document No. 1, Ex. B. Hanover alleges that Defendants failed and/or refused to post collateral with Hanover, as required by the Agreement.

By letter dated April 13, 2006 to Hanover, Defendants and SSUC acknowledged that they were "financially unable to perform their obligations under the contracts and/or bonds and are in default under the bonds and Agreement of Indemnity." Id., Ex. C. The letter also states that Defendants and SSUC "expressly reaffirm their joint and several obligations to [Hanover] under the Agreement of Indemnity." Id.

Under Rule 19(a), a person is "necessary" if: (1) in the person's absence, complete relief cannot be accorded among those already parties; or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest; or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the claimed interest. See Fed. R. Civ. P. 19(a).

SSUC is not a necessary party under Fed. R. Civ. P. 19(a)(1) because complete relief can be granted among the present parties in SSUC's absence. This action arises out of an Agreement of Indemnity which Hanover required as part of its security in providing surety bonds to SSUC. In addition to SSUC, Hanover also sought security from a sister company, AHR, and certain individuals, the Roscitis and Henry V. Rosciti. The Agreement provided Hanover with further security because it provided that these various indemnitors were jointly and severally obligated, and that Hanover's rights under the Agreement were "concurrent" and could be "pursued separately, successively or together against any Indemnitor, or any one or more of them...." Document No. 1, Ex. A, ¶ 17. (emphasis added). By choosing to file suit against only the Roscitis, AHR and Henry V. Rosciti, Hanover has done exactly what it bargained for in the Agreement. Its failure to also sue

SSUC, an entity in receivership and subject to a stay order, is not a "fatal flaw" as argued by the Roscitis.

It is well established that when an agreement imposes "joint and several liability on its co-obligors,...complete relief may be granted in a suit against only one of them." Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 406 (3rd Cir. 1993) (citing Greenleaf v. Safeway Trails, Inc., 140 F.2d 889, 890 (2nd Cir. 1944)). One commentator has noted that "the joinder of obligors is left to plaintiff's discretion by many courts and he may select defendants without being concerned about dismissal because of nonjoinder." Wright, Miller & Kane, 7 Federal Practice and Procedure § 1613 at p. 177 (3d ed. 2001). The Roscitis focus their argument on SSUC's status as a party to the Agreement but do not consider the nature of the indemnitors' respective liability. Liability on a contract by itself does not require joinder if complete relief can be granted among those parties present. Wheaton v. Diversified Energy, LLC, 215 F.R.D. 487, 490 n.1 (E.D. Pa. 2003). Since the Agreement by its plain language imposes joint and several liability on the indemnitors, SSUC's absence does not impact this Court's ability to provide complete relief to those present. See UTI Corp. v. Fireman's Fund Ins. Co., 896 F. Supp. 389, 392 (D.N.J. 1995); cf. In re Olympic Mills Corp., 333 B.R. 540, 552 (B.A.P. 1st Cir. 2005) (joint obligors on a contract are not indispensable parties); and Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 838 (1989) (since all guarantors are jointly and severally liable, an individual guarantor is not indispensable).

SSUC's joinder is also not required by Fed. R. Civ. P. 19(a)(2). The Roscitis have not shown how SSUC's absence in this indemnification action would impair or impede SSUC's interest. Rather, the Roscitis erroneously focus their argument on whether SSUC's absence would

compromise the Roscitis' ability to represent their interests in this case. That is simply not a proper inquiry under Fed. R. Civ. P. 19(a)(2)(i) which examines the absent party's interests.

The Roscitis have also not made a showing that SSUC's absence will expose them to "a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Fed. R. Civ. P. 19(a)(2)(ii). The possibility that the Roscitis may bear the entire liability under the Agreement is not "double" or "multiple" liability but rather is "a common result of joint and several liability and should not be equated with prejudice." Janney Montgomery, 11 F.3d at 412. "Inherent in the concept of joint and several liability is the right of a plaintiff to satisfy its whole judgment by [claiming] against any one of the multiple [parties] who are liable to him, thereby forcing the debtor who has paid the whole debt to protect itself by an action for contribution against the other joint obligators." Id.

**Conclusion**

For the reasons discussed above, this Court recommends that the Roscitis' Motion to Dismiss (Document No. 3) be DENIED.[2]

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

[2] Alternatively, the Roscitis request that this action be stayed pending resolution by the Superior Court of the later filed Rosciti suit. The Roscitis cite no legal authority for this request, and the premise for the request no longer exists, as Hanover has removed the Rosciti suit to this Court. Thus, this Court also recommends that the Roscitis' alternative request for stay be DENIED.

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
October 13, 2006