UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THE HANOVER INSURANCE GROUP,

Plaintiff

vs. C.A. No.: 06-276/T

ANTHONY F. ROSCITI, JR.; SHANNON ROSCITI; HENRY V. ROSCITI; and A.H.R. UTILITY CORPORATION,

Defendants

**Defendants, Anthony F. Rosciti, Jr. & Shannon Rosciti's Objection to Report and Recommendation**

NOW COME Defendants, Anthony F. Rosciti, Jr. and Shannon Rosciti (collectively, the "Roscitis"), and each of them, by and through counsel, pursuant to Fed R. Civ. P. 72(b) and Local Rule 32(c), and hereby object to the Report and Recommendation (the "Report") of United States Magistrate Judge Lincoln D. Almond, dated October 13, 2006, denying the Roscitis' motion to dismiss, or, in the alternative, motion to stay in connection with the above-identified action.

In particular, the Roscitis object to the Report as follows:

1. In the first instance, the Roscitis object to the Report's determination that South Shore Utility Company ("South Shore") is not a necessary party to the instant action under Fed R. Civ. P. 19(a)(1). *See* Report, slip op. at 5. The Roscitis also object to the purported finding that complete relief can be granted in the present case among the parties herein notwithstanding South Shore's absence as a named party defendant. *See* Report, slip op. at 5. Even more, Roscitis object to the suggestion in the Report that by intentionally omitting South Shore from the instant action Hanover has availed itself to exactly what it bargained for in the Agreement of Indemnity (the "Agreement"), dated May 31, 2005, entered into by and among Hanover, South Shore, the

Roscitis, Henry V. Rosciti ("Henry Rosciti") and A.H.R. Utility Corporation ("AHR"). *See* Report, slip op. at 5. Finally, the Roscitis object to the *ad hoc* finding that the language in the Agreement suggests that South Shore's absence herein does not impact the Court's ability to provide complete relief to those parties named herein. *See* Report, slip op. at 6. The basis for the above-referenced objections is that these findings result from a misapplication of the law in light of the pleadings filed herein, as well as an incomplete analysis of the attendant facts and circumstances presented to the Court in this matter.

2. Moreover, the Roscitis object to the Report's use of that certain letter (the "Letter"), dated April 13, 2006, insofar as the parties' expressly reserved certain rights therein, which should prevent the same from adversely affecting the parties' assertion of the same and/or related certain rights herein. *See* Report, slip op. at 5.

3. The Roscitis object to the finding that South Shore's joinder is not required under Fed. R. Civ. P. 19(a)(2)(i). *See* Report, slip op. at 7. The Roscitis also object to the finding that South Shore's joinder is not required pursuant Rule 19(a)(2)(ii). *See* Report, slip op. at 7. Again, this determination is contrary to well-settled law, as well as unsupported by the underlying facts herein.

4. The Roscitis object to the determination that the underlying basis for the Roscitis motion to stay no longer exists insofar as no such finding can be made by the Court at this juncture because the Court has yet to pass upon the Roscitis' pending motion to remand, as well as the motion to remand filed by South Shore, by and through its Receiver, in a separate, and recently removed, action. *See* Report, slip op. at 7 n.2.

5. The Roscitis object to the Report's recommendation that the motion to dismiss, or, in the alternative, motion to stay be denied insofar as the failure to dismiss in this case would be inconsistent with prior case law established by this Court, as well as those Court of Appeals for the First Circuit. *See* Report, slip op. at 7. Further, to adopt the Report's determinations would be to ignore the undisputed, pertinent facts herein.

WHEREFORE, for the foregoing reasons, the Roscitis respectfully pray that the Court sustain the Roscitis' objection to the Report, that this Court reject and reverse the findings of the Report, that this Court grant the Roscitis' motion to dismiss, or, in the alternative, grant the Roscitis' motion to stay pending an adjudication of the subsequently filed action on the merits, that this Court award to the Roscitis any and all attorneys' fees and costs incurred in the preparation and prosecution of the within objection, and that this Court award to the Roscitis such other further relief as this Court may deem fair, just and reasonable.

Respectfully submitted,

Anthony F. Rosciti, Jr. &
Shannon B. Rosciti

By their Attorneys,

/s/ Christopher M. Mulhearn
W. Mark Russo (#3937)
Christopher M. Mulhearn (#5188)
**Ferrucci Russo, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel: (401) 455-1000
Fax: (401) 455-7778

Dated: October 23, 2006

**Certification**

I hereby certify that on this 23rd day of October, 2006, the foregoing was served upon **Kevin C. Cain, Esq.** via e-mail @ kevin@peabodyarnold.com; **Ronald E. Ritland, Esq.,** via e-mail @ rritland@peabodyarnold.com; and **Paul J. Moretti, Esq.**, via e-mail @ pmoretti@tllaw.com.

/s/ Christopher M. Mulhearn

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THE HANOVER INSURANCE GROUP,

Plaintiff

vs. C.A. No.: 06-276/T

ANTHONY F. ROSCITI, JR.; SHANNON ROSCITI; HENRY V. ROSCITI; and A.H.R. UTILITY CORPORATION,

Defendants

**Defendants, Anthony F. Rosciti, Jr. & Shannon Rosciti's Memorandum in Support of Objection to Report and Recommendation**

NOW COME Defendants, Anthony F. Rosciti, Jr. and Shannon Rosciti (collectively, the "Roscitis"), and each of them, by and through counsel, and hereby submit the within memorandum in support of the accompanying objection to the Report and Recommendation (the "Report") of United States Magistrate Judge Lincoln D. Almond, dated October 13, 2006, denying the Roscitis' motion to dismiss, or, in the alternative, motion to stay in connection with the above-identified action.

**Pertinent Facts**

The Hanover Insurance Group's ("Hanover") purports to be in the business of providing surety bonds to contractors, and other companies. *See Hanover's Complaint at Paragraph 8*. Hanover provided surety bonds to South Shore Utility Contractors, Inc.[1] ("South Shore"), as

[1] In or about May, 2006, South Shore was petitioned into a Rhode Island receivership proceeding. South Shore's receivership is currently pending before the Providence County Superior Court Business Calendar, which said matter is more commonly known, and identified, as *Anthony F. Rosciti, Jr. v. South Shore Utility Contractors, Inc.*, P.M. No.: PB 06-2623. Jonathan N. Savage, Esq. is the duly appointed Permanent Receiver of South Shore per order of the Providence County Superior Court.

principal, to various owners and general contractors, and which bonds secured the obligations of South Shore to perform construction work required by the contracts or subcontracts with these entities, and to pay for labor and material required for the completion of those contracts. *See Hanover's Complaint at Paragraph 9*. In consideration of the issuance of the surety bonds by Hanover on behalf of South Shore, South Shore and the Roscitis, among others, as indemnitors, entered into an Agreement of Indemnity (the "Agreement") in favor of Hanover[2]. *See Hanover's Complaint at Paragraph 10*. In addition to the Roscitis, the other indemnitors under the Agreement are South Shore, Henry V. Rosciti ("Henry Rosciti") and AHR Utility Corporation ("AHR"). *See Hanover's Complaint at Paragraph 10.*

Thereafter, Hanover allegedly received various performance and payment bond claims relating to certain of the bonds issued by Hanover on behalf of South Shore, and lawsuits were initiated against Hanover relating to certain payment bond claims as a result of South Shore's purported failure to pay its subcontractors, suppliers and/or material men on various projects. *See Hanover's Complaint at Paragraph 12*. In response to the same, on or about March 17, 2006, Hanover purportedly notified South Shore, the Roscitis, Henry Rosciti, and AHR, all as indemnitors under the Agreement, of the so-called claims submitted to Hanover, and requested that the indemnitors (a) indemnify and hold Hanover harmless from the pending claims; and (b) post collateral on the claims[3]. *See Hanover's Complaint at Paragraph 13*.

---

[2] Notwithstanding that South Shore is in indemnitor under the Agreement, Hanover has *not* named South Shore as a party defendant herein. However, each of the other indemnitors under the Agreement - Anthony Rosciti, Shannon Rosciti, Henry Rosciti and AHR - are named as party defendants in the instant action.

[3] Notwithstanding that neither South Shore nor the other indemnitors under the Agreement have posted the requested collateral, on or about April 13, 2006, South Shore and said other indemnitors, and each of them, purportedly executed a so-called Acknowledgement of Voluntary Default. *See Hanover's Complaint at Paragraph 16.*

Subsequently, on or about April 24, 2006, Hanover filed the Agreement as a UCC-1 filing against South Shore, the Roscitis, Henry Rosciti and AHR, all as indemnitors, with the Rhode Island Secretary of State-Corporations Division. *See Hanover's Complaint at Paragraph 15.*

In or about June, 2006, Hanover initiated the instant action under the Agreement against, among others, the Roscitis, but did not name South Shore as a party defendant even though South Shore is an indemnitor under the Agreement. *See, generally, Hanover's Complaint.*

In lieu of filing an answer to Hanover's Complaint herein, on or about August 1, 2006, the Roscitis' moved this Court to dismiss the Complaint because of Hanover's willful failure and/or refusal to include South Shore as a named party defendant in this case. Alternatively, the Roscitis requested that this Court stay the instant proceeding pending an adjudication of a Rhode Island Superior Court action commenced by the Roscitis on that same date. Hanover objected to the Roscitis' motion to dismiss, or, in the alternative, motion to stay.

On August 1st, 2006, the Roscitis commenced the above-referenced separate action in the Rhode Island Superior Court (the "Superior Court action") regarding the Agreement against Hanover seeking declaratory judgment, and alleging breach of contract, tortuous interference with contract, tortuous interference with prospective businesses advantage, bad faith, breach of fiduciary duty, and unfair and deceptive acts practices. On September 1, 2006, Hanover removed the Superior Court action to this Court. In response to the same, both South Shore, by and through its Receiver, and the Roscitis have moved this Court to remand the Superior Court action to the Providence County Superior Court.[4]

[4] Hanover has objected to the Roscitis and Reciever's respective motions to remand. There has not yet been any decision made by this Court with respect to the requested remand of the Superior Court action.

On or about October 13, 2006, Magistrate Judge Lincoln D. Almond issued the Report recommending that the Roscitis' motion to dismiss, or, in the alternative, motion to stay be denied. The Roscitis have objected to the Report, and, further, submit the within memorandum in support of their objection to the same.

**Standard of Review**

This Court's standard of review in considering a party's objection to a Magistrate Judge's report and recommendation is a "*de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." Fed. R. Civ. P. 72(b); *Stoll v. Principi*, 449 F.3d 263, 265 (1st Cir. 2006)

**Argument**

It is well-settled that a motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure should be granted "if, under the facts alleged, the plaintiff cannot recover on any viable theory." *Blackstone Realty LLC v. F.D.I.C.,* 244 F.3d 193, 197 (1st Cir. 2001). In conducting its review, the Court, generally, must accept all well-pled factual averments as true, and draw all reasonable inferences in favor of the non-moving party. *Berezin v. Regency Savings Bank*, 234 F. 3d 68, 70 (1st Cir. 2000); *Negron-Gaztambide v. Hernandez-Torres*, 35 F. 3d 25, 27 (1st Cir. 1994). A complaint, however, should be dismissed if it appears beyond any doubt that the non-moving party can prove no set of facts which may support a claim entitling the plaintiff to relief. *See Ronald C. Brown v. Hot, Sexy & Safe Productions, Inc.*, 68 F. 3d 525 (1st Cir. 1995); *see also*, *Miranda v. Ponce Federal Bank*, 948 F. 2d 41, 44 (1st Cir. 1991); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

The complainant may not rest merely on "unsupported conclusions or interpretations of law." *Washington Legal Foundation v. Massachusetts Bar Foundation*, 993 F. 2d 962, 971 (1st Cir. 1993). In order to survive a motion to dismiss, a plaintiff must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery." *Gooly v. Mobil Oil Corp.*, 851 F. 2d 513, 515 (1st Cir. 1988). The Court need not accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard*, 83 F. 3d 1, 3 (1st Cir. 1996). The Roscitis submit that they have satisfied the jurisdictional requirements, to prevail upon their motion to dismiss, or, in the alternative, motion to stay in the instant matter.

First, the Roscitis submit that the Report misapplied the law as it pertains to the Roscitis' arguments relative to the joinder of South Shore as a party defendant herein under Fed. R. Civ. P. 19(a)(1). Rule 19(a)(1) requires a finding that a person is a "necessary" party if: …"in the person's absence, complete relief cannot be accorded among those already parties." *See* Fed. R. Civ. P. 19(a)(1). The Advisory Committee Notes to Rule 19 state that Subdivision (a)(1) was enacted to "avoid partial or hollow relief." *Drysdale v. Woerth* , 1998 WL 966020, *3 (E.D.Pa.1998) (citing Fed. R. Civ. P. 19 Advisory Committee Notes). Further, the Advisory Committee Notes continue that "The interests that are being furthered here are not only those of the parties, but also that of the public in avoiding repeated lawsuits on the same essential subject matter." *Id.*

The Report suggests that South Shore's absence does not impact the Court's ability to provide complete relief to the parties herein. This assumption is incorrect. To the contrary, the Roscitis were required to file a separate declaratory judgment action, *to wit*, the Superior Court action as a result of Hanover's willful failure and/or refusal to name South Shore as a party herein in order to frame the full panoply of issues and/or identify all competing claims by and among all

of the interested parties such that the same may be fully and completely litigated, and determined. It is clear that Hanover omitted South Shore from the instant action to avoid the adjudication of all of the related claims under the Agreement of Indemnity (the "Agreement"), dated May 31, 2005, including those claims that South Shore's Receiver has indicated may be available to South Shore, and potentially asserted against Hanover. The reasoning behind Hanover's strategy is twofold: 1) to avoid defending possible claims that South Shore may have against Hanover; and 2) to deprive the Roscitis an ability to fully defend and/or minimize any exposure to Hanover under the Agreement with respect to the claims set forth herein. In other words, Hanover has endeavored to present its purported claims against the defendants herein without having to be held accountable for certain of its actions and/or inactions that gave rise to the alleged liability claimed in the instant action. The allegations contained in the Superior Court action Complaint indeed have a *direct* bearing on the liability of the indemnitors under the Agreement. If Hanover is found liable, whether for all, or even a portion of the conduct alleged in the Roscitis' Superior Court action Complaint, the alleged event of default would therefore have been manufactured by Hanover, which would potentially relieve the indemnitors of any and/or all liability under the Agreement. Therefore, the indmenitors would potentially be relieved of any liability under the Agreement, and any relief awarded herein by the Court absent the same being considered by the Court in the instant matter would be "hollow". The issue of who is the responsible party for the purported default is central to the issues presented in this case. Thus, South Shore should have been joined herein in order to fully and finally adjudicated these issues, and insure the proper relief can be afforded for all of the interested parties in this matter.

If South Shore is not joined with respect to any ruling on these issues, any determination will only provide "partial and hollow relief," which will necessarily result in additional litigation, *to wit*, the Superior Court action, with respect to Hanover's liability for its actions relative to the bonds. *Drysdale v. Woerth* , 1998 WL 966020, *3 (E.D. Pa. 1998) (citing Fed.R.Civ.P. 19 Advisory Committee's Notes).

Additionally, the Roscitis submit that the Report misapplies the law as it pertains to a certain April 13, 2006 letter (the "Letter") signed by the parties. The Letter states that "[t]he Surety and each of the undersigned *reserve and do not waive all rights and remedies and defenses* under the Agreement for Indemnity, documents executed in connection thereto and in connection therewith, at law and in equity." This reservation of rights provision should be enforced. Hanover clearly consented to the reservation of rights language contained in the Letter, therefore it was not proper for the Report to determine that there was a concession or waiver of any rights pursuant to this letter. *See Textron, Inc. v. Liberty Mut. Ins. Co.*, 639 A.2d 1358, 1363 (R.I. 1994); *Nikimiha Secur., Ltd. v. Trend Group, Ltd.*, 646 F. Supp. 1211, 1218 (D. Pa. 1986).

Since the reservation of rights did not result in a waiver of any rights for the parties, Hanover should not be allowed to avoid South Shore, and facing its legitimate claims of in this matter, as well as dealing with the full panoply of issues and/or competing claims herein.

Fed. R. Civ. P. 19(a)(2) requires a finding that a person is a "necessary" party if: "the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of

incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." *See* Fed. R. Civ. P. 19(a)(2).

The Report determined that the Rosictis have not demonstrated that South Shore's absence in this proceeding would impede the Court's ability to fully decide the issues herein. The Roscitis disagree with this finding. The Roscitis have pending claims against Hanover *vis-à-vis* the Superior Court action that bear directly on the indemnitors' respective rights and/or obligations under the Agreement. If these claims are not addressed prior to or, at least, contemporaneous with any decision in this case, the Roscitis will likely be adversely impacted without the benefit of the same being considered herein. *See, generally, Rojas v. Loewen Group Int'l*, 178 F.R.D. 356, 362 (D.P.R. 1998); *Harris Trust & Sav. Bank v. Energy Assets International Corp.*, 124 F.R.D. 115, 117 (D. La. 1989). In addition, if Hanover is, in fact, determined responsible for triggering the event of default on the bond, any liability purportedly found with respect to the indemnitors will be inherently "inconsistent" with Hanover's wrongful conduct. *See* Fed. R. Civ. P. 19(a)(2)(ii).

Finally, the Roscitis contend that the Report mistakenly finds that the premise for the alternative motion to stay no longer exists because Hanover has removed the Superior Court action to this Court. The Report failed to consider the fact that South Shore, through its Receiver, as well as the Roscitis have moved this Court to remand the Superior Court action to the Superior Court. These motions to remand are still pending, and if granted would require consideration, or, as the case may be, reconsideration, of the motion to stay for the reasons previously advanced by the Roscitis. A granting of the motion to stay will not prejudice Hanover, and, further, will necessarily save the Court the time and expense of having to consider, and address, multiple proceedings, and potentially inconsistent rulings. *See Chintala v. Diamond Reo Trucks, Inc.*, 393 F.

Supp. 1392 (D. Pa. 1975); *Corinthian Pool Corp. v. National Northeast Corp.*, 492 F. Supp. 928 (D.N.H. 1980); *Good v. Altria Group, Inc.*, 231 F.R.D. 446, 447 (D. Me. 2005); *Frontier Pac. Ins. Co. v. Marathon Ashland Petroleum*, L.L.C., 87 F. Supp. 2d 719 (D. Tex. 2000).

If the Superior Court action is remanded to the Superior Court, this Court must consider the following while passing upon the motion to stay: 1) considerations of comity; 2) promotion of judicial efficiency; 3) adequacy and extent of relief available in the alternative forum; 4) identity of the parties and of the issues in both actions; 5) likelihood of prompt disposition in the alternative forum; 6) convenience of the parties, counsel, and witnesses; and 7) possible prejudice to a party as a result of the stay. *See Chintala v. Diamond Reo Trucks, Inc.*, 393 F. Supp. 1392, 1393 (D. Pa. 1975); *Corinthian Pool Corp. v. National Northeast Corp.*, 492 F. Supp. 928, 929 (D.N.H. 1980). Thus, this Court should not rule or take any action with respect to the Roscitis' motion to stay until such time as this Court passes upon the pending motions to remand.

In further support of their objection, the Roscitis incorporate herein by reference the arguments and positions set forth in their previously filed motion to dismiss, or, in the alternative, motion to stay, which said motion is the subject of the Report.

**<u>Conclusion</u>**

WHEREFORE, for the foregoing reasons, and the reasons set forth in the Roscitis' motion to dismiss, or, in the alternative stay the Roscitis respectfully pray that the Court sustain the Roscitis' objection to the Report, that this Court reject and reverse the findings of the Report, that this Court grant the Roscitis' motion to dismiss, or, in the alternative, grant the Roscitis' motion to stay pending an adjudication of the subsequently filed action on the merits, that this Court award to the Roscitis any and all attorneys' fees and costs incurred in the preparation and

prosecution of the within objection, and that this Court award to the Roscitis such other further relief as this Court may deem fair, just and reasonable.

Respectfully submitted,

Anthony F. Rosciti, Jr. &
Shannon B. Rosciti

By their Attorneys,

/s/ Christopher M. Mulhearn
W. Mark Russo (#3937)
Christopher M. Mulhearn (#5188)
**Ferrucci Russo, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel: (401) 455-1000
Fax: (401) 455-7778

Dated: October 23, 2006

## Certification

I hereby certify that on this 23rd day of October, 2006, the foregoing was served upon **Kevin C. Cain, Esq.** via e-mail @ kevin@peabodyarnold.com; **Ronald E. Ritland, Esq.,** via e-mail @ rritland@peabodyarnold.com; and **Paul J. Moretti, Esq.**, via e-mail @ pmoretti@tllaw.com.

/s/ Christopher M. Mulhearn