UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THE HANOVER INSURANCE GROUP, Plaintiff | : | |
| vs. | : | C.A. No.: 06-276/T |
| ANTHONY F. ROSCITI, JR.; SHANNON ROSCITI; HENRY V. ROSCITI; and A.H.R. UTILITY CORPORATION, Defendants | : | |

ANTHONY F. ROSCITI, JR. & SHANNON B. ROSCITI'S
ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM

NOW COME Defendants, Anthony F. Rosciti, Jr. and Shannon B. Rosciti (collectively, the "Roscitis"), by and through counsel, and hereby answer and respond to the allegations and averments set forth in Plaintiff, The Hanover Insurance Group's ("Hanover") Complaint in connection with the above-identified action as follows:

**PARTIES**

1. The Roscitis are without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations or averments set forth in Paragraph 1 of Hanover's Complaint, and, as such, leave Hanover to its burden of proof thereon; however, to the extent that an answer and response is required to said Paragraph 1, the Roscitis deny the same.

2. The Roscitis admit only that Defendant, Anthony F. Rosciti, Jr. is a domiciled resident and inhabitant of the State of Rhode Island. The Roscitis deny each and every remaining allegation set forth in Paragraph 2 of Hanover's Complaint.

3. The Roscitis are without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations or averments set forth in Paragraph 3 of Hanover's Complaint, and, as such, leave Hanover to its burden of proof thereon; however, to the extent that an answer and response is required to said Paragraph 3, the Roscitis deny the same.

4. The Roscitis admit only that Defendant, Shannon B. Rosciti is a domiciled resident and inhabitant of the State of Rhode Island. The Roscitis deny each and every remaining allegation set forth in Paragraph 4 of Hanover's Complaint.

5. The Roscitis are without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations or averments set forth in Paragraph 5 of Hanover's Complaint, and, as such, leave Hanover to its burden of proof thereon; however, to the extent that an answer and response is required to said Paragraph 5, the Roscitis deny the same.

**JURISDICTION AND VENUE**

6. The Roscitis can neither admit nor deny the allegations and averments set forth in Paragraph 6 of Hanover's Complaint insofar as they state conclusions of law to which no response is required; however, to the extent an answer and response to said Paragraph 6 is required, the Roscitis deny the same.

7. The Roscitis can neither admit nor deny the allegations and averments set forth in Paragraph 7 of Hanover's Complaint insofar as they state conclusions of law to which no response is required; however, to the extent an answer and response to said Paragraph 7 is required, the Roscitis deny the same.

**FACTS COMMON TO ALL COUNTS**

8. The Roscitis are without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations or averments set forth in Paragraph 8 of Hanover's Complaint, and, as such, leave Hanover to its burden of proof thereon; however, to the extent that an answer and response is required to said Paragraph 8, the Roscitis deny the same.

9. The Roscitis admit only that Hanover provided certain surety bonds to South Shore Utility Contractors, Inc. ("South Shore"), as principal, relative to certain projects. The Roscitis deny each and every remaining allegation set forth in Paragraph 9 of Hanover's Complaint.

10. The Roscitis admit only that they entered into an Agreement of Indemnity with Hanover. The Roscitis deny each and every remaining allegation set forth in Paragraph 10 of Hanover's Complaint.

11. The Roscitis can neither admit nor deny the allegations and averments set forth in Paragraph 11 of Hanover's Complaint insofar as the terms and conditions of the Agreement of

Indemnity speak for themselves. To the extent that an answer and response is required to the allegations and averments set forth in said Paragraph 11, the Roscitis deny the same.

12. The Roscitis are without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations or averments set forth in Paragraph 12 of Hanover's Complaint, and, as such, leave Hanover to its burden of proof thereon; however, to the extent that an answer and response is required to said Paragraph 12, the Roscitis deny the same.

13. The Roscitis can neither admit nor deny the allegations and averments set forth in Paragraph 13 of Hanover's Complaint insofar as the substance of any letter dated March 17, 2006, speaks for itself. To the extent that an answer and response to said Paragraph 13 is required, the Roscitis deny the same.

14. The Roscitis are without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations or averments set forth in Paragraph 14 of Hanover's Complaint, and, as such, leave Hanover to its burden of proof thereon; however, to the extent that an answer and response is required to said Paragraph 14, the Roscitis deny the same.

15. The Roscitis are without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations or averments set forth in Paragraph 15 of Hanover's Complaint, and, as such, leave Hanover to its burden of proof thereon; however, to the extent that an answer and response is required to said Paragraph 15, the Roscitis deny the same.

16. The Roscitis can neither admit nor deny the allegations and averments set forth in Paragraph 16 of Hanover's Complaint insofar as the terms and conditions of any so-called Acknowledgement of Voluntary Default speak for themselves. To the extent that an answer and response to said Paragraph 16 is required, the Roscitis deny the same.

17. The Roscitis admit only that in or about May, 2006, South Shore was petitioned into a Rhode Island Superior Court receivership proceeding, which resulted initially in the appointment of a temporary receiver, and, thereafter, the appointment of a permanent receiver of South Shore. The Roscitis deny each and every remaining allegation and averment set forth in Paragraph 17 of Hanover's Complaint.

**COUNT I**
**(BREACH OF CONTRACT)**

18. The Roscitis restate and reallege their answers and responses to Paragraphs 1 through 17 above as if the same were stated more fully herein, and, further, incorporate the same herein by reference.

19. The Roscitis can neither admit nor deny the allegations and averments set forth in Paragraph 19 of Hanover's Complaint insofar as the terms and conditions of the Agreement of Indemnity speak for themselves. To the extent that an answer and response is required to the allegations and averments set forth in said Paragraph 19, the Roscitis deny the same.

20. The Roscitis deny the allegations and averments set forth in Paragraph 20 of Hanover's Complaint.

21. The Roscitis deny the allegations and averments set forth in Paragraph 21 of Hanover's Complaint.

22. The Roscitis deny the allegations and averments set forth in Paragraph 22 of Hanover's Complaint.

**COUNT II**
**(SPECIFIC PERFORMANCE)**

23. The Roscitis restate and reallege their answers and responses to Paragraphs 1 through 22 above as if the same were stated more fully herein, and, further, incorporate the same herein by reference.

24. The Roscitis can neither admit nor deny the allegations and averments set forth in Paragraph 24 of Hanover's Complaint insofar as the substance of any letter dated March 17, 2006, speaks for itself. To the extent that an answer and response to said Paragraph 24 is required, the Roscitis deny the same.

25. The Roscitis deny the allegations and averments set forth in Paragraph 25 of Hanover's Complaint.

26. The Roscitis deny the allegations and averments set forth in Paragraph 26 of Hanover's Complaint.

**COUNT III**
**(DECLARATORY JUDGMENT)**

27. The Roscitis restate and reallege their answers and responses to Paragraphs 1 through 26 above as if the same were stated more fully herein, and, further, incorporate the same herein by reference.

28. The Roscitis can neither admit nor deny the allegations and averments set forth in Paragraph 28 of Hanover's Complaint insofar as they state conclusions of law to which no response is required; however, to the extent an answer and response to said Paragraph 28 is required, the Roscitis deny the same.

29. The Roscitis deny the allegations and averments set forth in Paragraph 29 of Hanover's Complaint.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

Hanover's claims are precluded insofar as it has failed to state any claim(s) upon which relief may be granted.

**Second Affirmative Defense**

Hanover's claims are precluded insofar as it has failed to name a necessary and indispensable party as otherwise required by Rule 19 of the Federal Rules of Civil Procedure.

**Third Affirmative Defense**

Hanover's claims are precluded by the doctrine of unclean hands.

**Fourth Affirmative Defense**

Hanover's claims are precluded by the doctrine of estoppel.

**Fifth Affirmative Defense**

Hanover's claims are precluded by its own breach of contract, *to wit*, the Agreement of Indemnity.

**Sixth Affirmative Defense**

Hanover's claims are precluded by its own misfeasance and/or malfeasance.

**Seventh Affirmative Defense**

Hanover's claims are precluded by its own negligence.

**Eighth Affirmative Defense**

Hanover's claims are precluded by its tortious interference with prospective business relations.

**Ninth Affirmative Defense**

Hanover's claims are precluded by its tortious interference with contractual relations.

**Tenth Affirmative Defense**

Hanover's claims are precluded by its own bad faith and unfair dealing relative to the Roscitis.

**Eleventh Affirmative Defense**

Hanover's claims are precluded by its breach of fiduciary duty(s) and/or obligation(s) to the Roscitis.

**Twelfth Affirmative Defense**

Hanover's claims are precluded by its unfair and deceptive acts and/or practices in violation of Chapter 93A, of the Massachusetts General Laws.

**Thirteenth Affirmative Defense**

The Roscitis reserve the right to amend the within answer and add such additional affirmative defenses as may become known during the course of the instant litigation, as may be necessary or appropriate.

WHEREFORE, the Roscitis respectfully pray that this Court dismiss, and deny, Hanover's Complaint, including any prayers for relief set forth therein, with prejudice, that this Court enter judgment in favor of the Roscitis, and each of them, and against Hanover, upon Hanover's Complaint, that this Court award to the Roscitis any and all costs and/or expenses incurred in the defense of Hanover's Complaint, including without limitation any and all attorneys' fees, and that this Court award to the Roscitis such other further relief as this Court may deem fair, just and reasonable.

Respectfully submitted,

Anthony F. Rosciti, Jr. & Shannon B. Rosciti

By their Attorneys,

W. Mark Russo (#3937)
Christopher M. Mulhearn (#5188)
**Ferrucci Russo, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel: (401) 455-1000
Fax: (401) 455-7778

December 11, 2006

**Jury Demand**

Defendants, Anthony F. Rosciti, Jr. and Shannon B. Rosciti, and each of them, hereby demand a trial by jury on all counts so triable.

**COUNTERCLAIM**

1. Plaintiff-in-Counterclaim, Anthony F. Rosciti, Jr. ("Anthony Rosciti") is a domiciled resident and inhabitant of the Town of Lincoln, State of Rhode Island.

2. Plaintiff-in-Counterclaim, Shannon B. Rosciti ("Shannon Rosciti") is a domiciled resident and inhabitant of the Town of Lincoln, State of Rhode Island.

3. Upon information and belief, Defendant-in-Counterclaim, The Hanover Insurance Group ("Hanover") is a duly organized and existing corporation, pursuant to the laws of the State of Delaware, having its principal place of business located in the City of Worcester, Commonwealth of Massachusetts.

4. Upon information and belief, Defendant-in-Counterclaim, Henry V. Rosciti ("Henry Rosciti") is a domiciled resident and inhabitant of the Town of Scituate, State of Rhode Island. Henry Rosciti is named herein as a defendant solely pursuant to, and in accord with, 28 U.S.C. §2201, *et seq.*

5. Upon information and belief, Defendant-in-Counterclaim, A.H.R. Utility Corporation ("AHR") is a duly organized and existing corporation pursuant to the laws of the State of Rhode Island, having its principal place of business located in the Town of Johnston, State of Rhode Island. AHR is named herein as a defendant herein solely pursuant to, and in accord with, 28 U.S.C. §2201, *et seq.*

**Jurisdiction**

6. This Court has jurisdiction over the above-entitled action pursuant to 28 U.S.C. §1332(a)(1), 28 U.S.C. §1391(a), and 28 U.S.C. §2201, *et seq.*

**Allegations Common to All Counts**

7. In or about 2005, Hanover furnished performance and payment bonds on behalf of its principal, South Shore Utility Contractors, Inc. ("South Shore"), naming Earth Tech and O. Ahlborg and Sons, Inc. (collectively, "Earth Tech") as obligees, for the project known as the Pawtucket Water Treatment Facility (the "Pawtucket Project") in the total amount of Five Million Six Hundred Sixteen Thousand Thirty Dollars and 00/100 ($5,616,030.00) (the "Pawtucket Project Bonds").

8. In addition, at or about that same time, Hanover furnished a payment and performance bonds or on behalf of its principal, South Shore, naming the Amtrak-National Railroad Passenger Corporation ("Amtrak") as obligee for a project known as the Freight Rail

Improvement Project, twenty-four (24) inch water main relocation in Providence, Rhode Island (the "Amtrak Project") in the amount of Three Hundred Sixty-Five Thousand Nine Hundred Dollars and 00/100 ($365,900.00) (the "Amtrak Project Bonds").

9. In or about May, 2005, South Shore, Anthony Rosciti, Shannon Rosciti, Henry Rosciti and AHR, and each of them, executed an Agreement of Indemnity in favor of Hanover relative to the Pawtucket Project Bonds and the Amtrak Project Bonds, respectively.

10. Subsequent to the commencement of the Pawtucket Project and Amtrak Project, respectively, and during South Shore's discharge of its scope of work in connection with these projects, South Shore had disputes with two of its subcontractors regarding payment.

11. One of the disputes involving the Pawtucket Project related to measurement and payment terms in a subcontract (the "Pawtucket Dispute").

12. South Shore resolved the Pawtucket Dispute.

13. The only other dispute involved the Amtrak Project, wherein a subcontractor was applying payments on the Amtrak Project and other "bonded" work to only outstanding requisitions on "non-bonded" projects. Thus, creating an inflated receivable on the Amtrak Project (the "Amtrak Dispute").

14. South Shore's records supported its position with regard to the Amtrak Dispute.

15. Hanover had knowledge that South Shore had settled the Pawtucket Dispute and that South Shore's records supported South Shore's position relating to the Amtrak Dispute.

16. Despite the settlement of the Pawtucket Dispute, and the good faith position of South Shore relative to the Amtrak Dispute, Hanover wrongfully, tortiously and in bad faith took it upon

itself to communicate directly with the owners on both the Pawtucket Project and the Amtrak Project, respectively, and notify the owners not to make any further payments to the South Shore.

17. With all income from the Pawtucket and Amtrak Disputes cut-off, South Shore no longer had the ability to conduct an otherwise successful business.

18. South Shore's principal was able to secure a take-over arrangement that will ensure the completion of the Pawtucket and Amtrak Projects despite Hanover's action; however, South Shore has no ability to continue in its business.

**Count I**
**(Declaratory Judgment)**

19. Anthony Rosciti and Shannon Rosciti (collectively, the "Roscitis") hereby reallege and incorporate by reference Paragraphs 1 through 18 of their Counterclaim as if the same were stated more fully herein.

20. The rights, status and legal standing of the parties are governed by the Agreement, statute and the common law.

21. A dispute has arisen in connection therewith.

WHEREFORE, the Roscitis respectfully pray that this Court enter an order that provides as follows:

a. A declaration by this Court, pursuant to, and in accord with, 28 U.S.C. §2201, *et seq.*, that in or about May, 2005, the Roscitis entered into and/or have legal standing to enforce, and benefit from, legally valid, binding and enforceable contracts with Hanover.

b. A declaration by this Court, pursuant to, and in accord with, 28 U.S.C. §2201, *et seq.*, that without having engaged in any due diligence and/or investigation with

respect to the complaints and/or claims asserted by certain subcontractors and/or suppliers relative to the Pawtucket Project and Amtrak Project, respectively, with respect to the Pawtucket Project Bonds and Amtrak Project Bonds in connection with any alleged non-payment of said certain subcontractors and/or supplier, Hanover directly contacted the subject projects' owners, Earth Tech and Amtrak, respectively, and instructed Earth Tech and Amtrak, and each of them, to not tender any further payments to South Shore regarding the subject projects.

c. In the alternative, a declaration by this Court, pursuant to, and in accord with 28 U.S.C. §2201, *et seq.*, that Hanover with knowledge that the Pawtucket Dispute had been resolved and with knowledge that South Shore's records supported its position relative to the Amtrak Dispute, wrongfully, tortiously and with bad faith contacted the subject projects' owners, Earth Tech and Amtrak, respectively, and instructed Earth Tech and Amtrak, and each of them, to not tender any further payments to South Shore regarding the subject projects.

d. A declaration by this Court, pursuant to, and in accord with 28 U.S.C. §2201, *et seq.*, that as a direct and proximate result of Hanover's actions or conduct, *to wit*, its contact with and directive to Earth Tech and Amtrak, and each of them, Hanover manufactured defaults of South Shore under the Pawtucket Project Bonds and Amtrak Project Bonds, respectively, as well as the Agreement.

e. A declaration by this Court, pursuant to, and in accord with, 28 U.S.C. §2201, *et seq.*, that Hanover's actions and/or conduct is in breach of its contract(s) with

South Shore and/or the Roscitis, as well as in breach of its fiduciary obligations and duty of good faith and fair dealing owed to said individuals.

f. A declaration by this Court, pursuant to, and in accord with, 28 U.S.C. §2201, *et seq.*, that Hanover is not entitled to indemnification or, in the alternative, any duty to indemnity is set off against the loss incurred as a result of its actions.

g. An award to the Roscitis, and each of them, of any and all attorneys' fees, costs and disbursements incurred by the Roscitis as a result of the prosecution of their Counterclaim.

h. An award to the Roscitis, and each of them, such other further relief as this Court may deem fair, just and reasonable.

**Count II**
**(Breach of Contract)**

22. The Roscitis hereby reallege and incorporate by reference Paragraphs 1 through 21 of their Counterclaim as if the same were stated more fully herein.

23. The Roscitis, and each of them, and Hanover, entered into and/or have standing to enforce and benefit from a legally binding, valid and enforceable contracts.

24. The Roscitis performed pursuant to the terms and conditions of the parties' contracts.

25. Hanover breached the terms and conditions of said contracts.

26. As a direct and proximate result of Hanover's willful breach of contract, the Roscitis, and each of them, have been, and continue to be, injured, harmed and/or damaged.

27. There exists no justiciable issue of either law or fact, and, Hanover's breach of the parties' contract is wholly unjustified.

WHEREFORE, the Roscitis, and each of them, respectfully pray that this Court enter judgment against Hanover, and in favor of the Roscitis, and each of them, in an amount to be proven at trial, together with any interest thereon, plus any and all attorneys' fees incurred, pursuant to R.I. Gen. Laws §9-1-45, and any and all other costs and disbursements incurred in the prosecution of the above-entitled action, and that this Court award to the Roscitis, and each of them, such other further relief as this Court may deem fair, just and reasonable.

**Count III**
**(Tortious Interference with Contract)**

28. The Roscitis hereby reallege and incorporate by reference Paragraphs 1 through 27 of their Counterclaim as if the same were stated more fully herein.

29. Hanover knew, or should have known, of the underlying contracts relating to the Amtrak Project, Pawtucket Project, surety for said projects, and the indemnity obligations related thereto.

30. Hanover tortiously interfered with said contractual relationship.

31. Said tortious interference was willful and knowing. Further, said interference amounts to criminality.

32. As a direct and proximate result of Hanover's tortious conduct, the Roscitis, and each of them, have been, and continue to be injured, harmed and/or damaged.

WHEREFORE, the Roscitis, and each of them, respectfully pray that this Court enter judgment against Hanover, and in favor of the Roscitis, and each of them, in an amount to be proven at trial, together with any interest thereon, plus any and all attorneys' fees costs, and other disbursements incurred by the Roscitis as a result of the above-entitled action, and that the

Roscitis, and each of them, be award such further relief as this Court may deem fair, just and reasonable.

**Count IV**
**(Tortious Interference Prospective Business Advantage)**

33. The Roscitis hereby reallege and incorporate by reference Paragraphs 1 through 32 of their Counterclaim as if the same were stated more fully herein.

34. The Roscitis had a business relationship or contemplated contracts of economic benefit with regard and in connection with South Shore's ongoing operation of its business.

35. Hanover had knowledge of such relationship, and/or contemplated economic benefit.

36. Hanover's interference with such business relationship or contemplated economic benefit was through improper motive or means.

37. As a direct and proximate result thereof, the Roscitis lost business advantage(s) and/or opportunities, and, as such, the Roscitis has sustained damages in an amount to be proven at trial.

WHEREFORE, the Roscitis respectfully prays that this Court enter judgment in favor of the Roscitis, in an amount to be proven at trial, plus interest thereon, together with any and all attorneys' fees, costs and other disbursements or expenses incurred by the Roscitis, and that the Roscitis, and each of them, be awarded such other and further relief as this Court may deem fair, just and reasonable.

**Count V**
**(Bad Faith)**

38. The Roscitis hereby reallege and incorporate by reference Paragraphs 1 through 37 of their Counterclaim as if the same were stated more fully herein.

39. Inherent in every contractual relationship, including without limitation the contract by and among the Roscitis and Hanover, is an inherent duty or obligation of good faith and fair dealing.

40. Hanover, owed the Roscitis a duty of good faith and fair dealing.

41. Hanover breached its duty of good faith and fair dealing to the Roscitis when it directly contacted, and instructed, Earth Tech and Amtrak, respectively, to not make any further payments to South Shore relative to the Pawtucket Project and Amtrak Project, respectively, thereby triggering or creating default relative to South Shore, and, further, artificially triggering the Roscitis' obligations under the Agreement.

42. Said breach of good faith and fair dealing was willful and knowing.

43. As a direct and proximate result of Hanover's conduct, the Roscitis, and each of them, have been and continue to be, injured, harmed and/or damaged.

WHEREFORE, the Roscitis respectfully pray that this Court enter judgment against Hanover, and in favor of the Roscitis, and each of them, in an amount to be proven at trial, together with interest thereon, plus any and all attorneys' fees, costs and other disbursements incurred by the Roscitis as a result of the above-entitled action, and that the Roscitis, and each of them, be awarded such other further relief as this Court may deem fair, just and reasonable.

**Count VII**
**(Breach of Fiduciary Duty)**

44. The Roscitis hereby reallege and incorporate by reference Paragraphs 1 through 43 of their Counterclaim as if the same were stated more fully herein.

45. By virtue of their indemnitor-indemnity relationship *vis-à-vis* the Agreement, Hanover had a fiduciary obligation to the Roscitis.

46. Hanover breached its fiduciary obligation to the Roscitis, by instructing Earth Tech and Amtrak, respectively, to not tender any payments to South Shore relative to the subject projects.

48. As a direct and proximate result of Hanover's breach of its fiduciary obligation, the Roscitis have been, and continue to be, injured, harmed and/or damaged.

WHEREFORE, the Roscitis respectfully pray that this Court enter judgment against Hanover, and in favor of the Roscitis, and each of them, in an amount to be proven at trial, together with interest thereon, plus any and all attorneys' fees, costs and other disbursements incurred by the Roscitis as a result of the above-entitled action, and that the Roscitis, and each of them, be awarded such other further relief as this Court may deem, fair, just and reasonable.

**Count VIII**
**(Unfair and Deceptive Acts or Practices)**
**M.G.L.A. 93A**

49. The Roscitis hereby reallege and incorporate by reference Paragraphs 1 through 47 of their Counterclaim as if the same were stated more fully herein.

50. The Roscitis are persons who engaged in the conduct of trade commerce.

51. Hanover is a person who engages in the conduct of trade commerce.

52. As a result of Hanover's use or employment of unfair or deceptive acts or practices declared unlawful by M.G.L.A. 93A, §2, the Roscitis have suffered a loss of money and/or property, real or personal.

53. The deceptive act or practices undertaken by Hanover and declared lawful under M.G.L.A. 93A, §2, were undertaken willfully and knowingly.

54. The deceptive act or practices undertaken by Hanover occurred primarily and substantially within the Commonwealth of Massachusetts.

WHEREFORE, the Roscitis respectfully pray that this Court enter judgment against Hanover, and in favor of the Roscitis, and each of them, in an amount to be proven at trial, together with interest thereon, plus any and all attorneys' fees, costs and statutory damages provided for under M.G.L.A. 93A §11, and such other relief as this Court may deem, fair, just and reasonable.

Respectfully submitted,

Anthony F. Rosciti, Jr. & Shannon B. Rosciti

By their Attorneys,

/s/ Christopher M. Mulhearn
W. Mark Russo (#3937)
Christopher M. Mulhearn (#5188)
**Ferrucci Russo, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel: (401) 455-1000
Fax: (401) 455-7778

December 11, 2006

## Jury Demand

Plaintiffs-in-Counterclaim, Anthony F. Rosciti, Jr. and Shannon B. Rosciti, and each of them, hereby demand a trial by jury on all counts so triable.

**CERTIFICATION**

I hereby certify that on this 11th day of December, 2006, the foregoing was served upon **Ronald E. Ritland, Esq.,** via e-mail @ rritland@peabodyarnold.com; **Kevin C. Cain, Esq.**, via e-mail @ kcain@peabodyarnold.com; **Joseph DeAngelis, Esq.**, via e-mail @ jdeangelis@tllaw.com; **Jonathan N. Savage, Esq.**, via e-mail @ jsavage@shlawri.com; and **Randall L. Souza, Esq.**, via e-mail @ rsouza@shlawri.com.

/s/ Christopher M. Mulhearn