UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

| | |
|---|---|
| THE HANOVER INSURANCE GROUP<br>Plaintiff<br><br>v.<br><br>ANTHONY F. ROSCITI, JR., SHANNON B. ROSCITI, HENRY V. ROSCITI, JR. and AHR UTILITY CORPORATION<br>Defendant | CIVIL ACTION NO. 1:06-cv-00276-T-LDA |

**REPLY TO COUNTERCLAIM**

The Defendant-in-Counterclaim, the Hanover Insurance Group, replies to the Counterclaim of Anthony of Rosciti, Jr. and Shannon B. Rosciti as follows:

1. Upon information and belief, admitted.

2. Upon information and belief, admitted.

3. Admitted.

4. The Defendant-in-Counterclaim, upon information and belief, admits the allegations relating to the residence, but otherwise the allegations in this paragraph state a legal conclusion, requiring no response.

5. The Defendant-in-Counterclaim, upon information and belief, admits the allegations relating to the residence, but otherwise the allegations in this paragraph state a legal conclusion, requiring no response.

6. This paragraph states a legal conclusion, requiring no response. To the extent this paragraph alleges facts, such facts are denied.

7. The Defendant-in-Counterclaim admits that Defendant-in-Counterclaim supplied performance and payment bonds on behalf of South Shore Utility Contractors, Inc. on the named project. Otherwise, the bonds speak for themselves and otherwise Defendant-in-Counterclaim denies the allegations of this paragraph.

8. The Defendant-in-Counterclaim admits that Defendant-in-Counterclaim supplied performance and payment bonds on behalf of South Shore Utility Contractors, Inc. on the named project. Otherwise, the bonds speak for themselves and otherwise Defendant-in-Counterclaim denies the allegations of this paragraph.

9. The Defendant-in-Counterclaim admits that the parties named executed the Agreement of Indemnity ("Agreement") in favor of Hanover Insurance Group in May of 2005 and, otherwise, denies the allegations of this paragraph.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. The Defendant-in-Counterclaim hereby realleges and incorporates by reference its replies to Paragraphs 1-18 of the Counterclaim as if the same were stated more fully herein.

20. This paragraph does not state any factual allegations, but only an opinion of Plaintiffs-in-Counterclaim, to which no response can be given. To the extent it states facts, such facts are denied.

21. This paragraph does not state any factual allegations, but only an opinion of Plaintiffs-in-Counterclaim, to which no response can be given. To the extent it states facts, such facts are denied.

22. The Defendant-in-Counterclaim hereby realleges and incorporates by reference its Replies to Paragraphs 1-21 of the Counterclaim as if the same were stated more fully herein.

23. This paragraph states a legal conclusion, requiring no response. To the extent this paragraph alleges facts, such facts are denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. The Defendant-in-Counterclaim hereby realleges and incorporates by reference its Replies to Paragraphs 1-27 of the Counterclaim as if same were stated more fully herein.

29. This paragraph does not state any factual allegations, but only an opinion of the Plaintiffs-in-Counterclaim to which no response can be given. To the extent it states facts, the facts are denied.

30. Denied.

31. This paragraph does not state any factual allegations, but only an opinion of the Plaintiffs-in-Counterclaim, to which no response can be given. To the extent it states facts, such facts are denied.

32. Denied.

33. The Defendant-in-Counterclaim hereby realleges and incorporates by reference its Replies to Paragraphs 1-32 of the Counterclaim as if same were stated more fully herein.

34. The Defendant-in-Counterclaim is without sufficient knowledge concerning the allegations in this paragraph and, as such, denies same.

35. Denied.

36. The Defendant-in-Counterclaim denies any such interference.

37. Denied.

38. The Defendant-in-Counterclaim hereby realleges and incorporates by reference its replies to Paragraphs 1-37 of the Counterclaim as if the same were stated more fully herein.

39. This paragraph states a legal conclusion, requiring no response. To the extent this paragraph alleges facts, such facts are denied.

40. This paragraph states a legal conclusion, requiring no response. To the extent this paragraph alleges facts, such facts are denied.

41. This paragraph states a legal conclusion, requiring no response. To the extent this paragraph alleges facts, such facts are denied.

42. The Defendant-in-Counterclaim denies any breach of good faith and fair dealing.

43. Denied.

44. The Defendant-in-Counterclaim hereby realleges and incorporates by reference its Replies to Paragraphs 1-43 of the Counterclaim as if same were stated more fully herein.

45. This paragraph states a legal conclusion, requiring no response. To the extent this paragraph alleges facts, such facts are denied.

46. This paragraph states a legal conclusion, requiring no response. To the extent this paragraph alleges facts, such facts are denied.

47. Plaintiffs-in-Counterclaim omitted Paragraph 47 of its Counterclaim and, accordingly, Defendant-in-Counterclaim provides no reply.

48. Denied.

49. Defendant-in-Counterclaim hereby realleges and incorporates by reference its Replies to Paragraphs 1-48 of the Counterclaim as if same were stated more fully herein.

50. The Defendant-in-Counterclaim is without sufficient knowledge concerning the allegations in this paragraph and, as such, denies same.

51. This paragraph states a legal conclusion or opinion, requiring no response. To the extent it alleges facts, such facts are denied.

52. Denied.

53. Defendant-in-Counterclaim denies it undertook any deceptive act or practices under the named statute or otherwise.

54. Defendant-in-Counterclaim denies it undertook any deceptive act or practices under the named statute or otherwise.

**FIRST AFFIRMATIVE DEFENSE**

The Counterclaim fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

The Counterclaim is barred by reason of waiver.

**THIRD AFFIRMATIVE DEFENSE**

The Counterclaim is barred by reason of estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

The Counterclaim is barred by reason of laches.

**FIFTH AFFIRMATIVE DEFENSE**

The Counterclaim is barred by reason of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

The Plaintiffs-in-Counterclaim may not maintain this action as they have breached the Agreement.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs-in-Counterclaim is barred by the Plaintiffs-in-Counterclaims conduct in knowingly asserting claims that are either barred or not allowed by relevant statutes or common law.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiffs-in-Counterclaim have not performed all conditions precedent to the maintenance of this action.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs-in-Counterclaim have not complied with and/or without standing to assert claims under M.G.L.A. 93A.

## TENTH AFFIRMATIVE DEFENSE

The Plaintiffs-in-Counterclaim are barred from asserting claims in bad faith because of their own bad faith.

WHEREFORE, Defendant-in-Counterclaim, Hanover Insurance Group, prays that the Counterclaim be dismissed and that Defendant-in-Counterclaim be awarded its costs, attorney fees and such other legal or equitable relief as this Court deems necessary and proper.

Plaintiff and Defendant-in-Counterclaim,

THE HANOVER INSURANCE GROUP

By their attorneys,

*/s/ Ronald E. Ritland*
Ronald E. Ritland, *pro hac vice*
Kevin C. Cain, #3960
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA 02110
[617] 951.2100

Dated: December 21, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of December, 2006, the foregoing was filed electronically and is available for viewing and downloading from the ECF system.

A copy has also been served upon Christopher Mulhearn, Ferrucci & Russo, P.C. by first-class, postage pre-paid mail on the same date.

*/s/ Ronald E. Ritland*
Kevin C. Cain

PABOS2:RRITLAN:652146_1
2114-91630