UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

| | |
|---|---|
| THE HANOVER INSURANCE GROUP<br>Plaintiff<br><br>v.<br><br>ANTHONY F. ROSCITI, JR., SHANNON B. ROSCITI, HENRY V. ROSCITI, JR. and AHR UTILITY CORPORATION<br>Defendants | CIVIL ACTION NO. 1:06-cv-00276-T-LDA |

**MOTION TO COMPEL DEFENDANTS, ANTHONY F. ROSCITI, JR., AND SHANNON B. ROSCITI, TO PROVIDE ANSWERS TO INTERROGATORIES AND RESPONSES TO REQUESTS FOR PRODUCTION**

INTRODUCTION/BACKGROUND

In accordance with Fed. R. Civ. P. 26, 33, 34 and 37, plaintiff, Hanover Insurance Company ("Hanover"), hereby moves this Court for an order compelling defendants Anthony F. Rosciti, Jr., and Shannon B. Rosciti ("Roscitis") to provide answers to interrogatories and responses to requests for production of documents, and for an order awarding Hanover its attorney fees and costs for bringing this motion.

On May 17, 2007, Hanover, through its counsel, served Roscitis with interrogatories and requests for production of documents. True and accurate copies of the interrogatories and requests for production of documents, with certificates of service, are attached to this Motion as Exhibit 1. By letter dated September 26, 2007, Hanover, pursuant to Fed. R. Civ. P. 37(a)(2)(A), requested that Roscitis file its answers to interrogatories and responses to requests for documents by end of business October 5, 2007. A true and accurate copy of this letter is attached to this

Motion as Exhibit 2. As of the date of the filing of this motion, Roscitis have not served Hanover with their answers to interrogatories or responses to production of documents.

ARGUMENT

As noted above, Hanover served its interrogatories and request for production of documents on the Roscitis on May 17, 2007. According to Fed. R. Civ. P. 33(b)(3), Roscitis had thirty (30) days after service of the interrogatories, or until June 18, 2007, to file their answers. According to Fed. R. Civ. P. 34(b), Roscitis also had thirty (30) days to file its responses to Hanover's request for production of documents.

Roscitis requested an extension from Hanover to file its answers to interrogatories and responses to requests for production of documents to July 18, 2007. Hanover granted this request. True and accurate copies of this correspondence is attached to this Motion as Exhibit 3.

Further, on July 18, 2007 and July 30, 2007, Roscitis twice requested further extensions from this Court to file its answers to the interrogatories and responses to the requests for production of documents. See docket entries 20, 21, 25 and 26. The Court granted these requests for an extension, first to July 30, 2007 and then to August 16, 2007.

Counsel for Hanover emailed counsel for Roscitis on August 20, 2007 again requesting the answers to interrogatories and responses to the requests for production of documents. Roscitis did not respond by filing their responses to the discovery. A true and accurate copy of this email is attached to this Motion as Exhibit 4.

As indicated above, by letter dated September 26, 2007, pursuant to Fed. R. Civ. P. 37(a)(2)(A), Hanover, in good faith, sought conference with the attorney for the Roscitis regarding the Roscitis' failure to answer interrogatories or respond to the request for production of documents. Roscitis failed to respond by filing their answers to interrogatories or responses to requests for production of documents by the deadline given of October 5, 2007. Rather, counsel

for Roscitis emailed counsel for Hanover on October 5, 2007. Roscitis' attorney advised Hanover's attorney that the Roscitis would file their answers to interrogatories and responses to requests for production of documents no later than Friday, October 10, 2007 (although this is the date given in the email, presumably counsel for the Roscitis meant Friday, October 12, 2007). Roscitis attorney concluded: "As such, there will be no need for you to file a motion to compel this discovery." Roscitis failed to provide the answers to interrogatories or responses to request for production of documents by this date. A true and accurate copy of the email from the attorney for the Roscitis is attached to this Motion as Exhibit 5.

As the record clearly demonstrates, despite the fact that the interrogatories and requests for production of documents were duly served back on May 17, 2007 some five months ago, the Roscitis have failed to provide answers to interrogatories or responses to requests for production of documents. Although the Roscitis requested and were given multiple extensions of time by Hanover and by this Court, those extensions have long since lapsed (the latest lapsing on August 16, 2007) and still the Roscitis have failed to respond to the discovery duly served.

## CONCLUSION

WHEREFORE, plaintiff Hanover respectfully requests that this Honorable Court grant its motion to compel the defendants' Roscitis to file their answers to interrogatories and responses to request for production of documents without further delay. Hanover further requests this Court to award its reasonable attorney fees and costs incurred in bringing this motion in accordance with Fed. R. Civ. P. 37.

Respectfully submitted,

THE HANOVER INSURANCE GROUP,

By its attorneys,

/s/ Ronald E. Ritland
Ronald E. Ritland, Esq. (*pro hac vice*)
Kevin C. Cain, Esq. (#3960)
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

DATED: October 16, 2007

**CERTIFICATION**

I, Ronald E. Ritland, hereby certify that I caused to be served by electronic means (ECF) a copy of the within document on the 16th of October, 2007 to the following:

Paul J. Moretti, Sr.
pmoretti@tllaw.com

Christopher M. Mulhearn
cmulhearn@frlawri.com

/s/Ronald E. Ritland
Ronald E. Ritland (*pro hac vice*)

669973_1
2114-92646