**PEABODY & ARNOLD LLP**
COUNSELLORS AT LAW

30 ROWES WHARF, BOSTON, MA 02110
[617] 951.2100 FAX [617] 951.2125

BOSTON, MA PROVIDENCE, RI

JOHN P. CONNELLY
[617] 951.2038
jconnelly@peabodyarnold.com

May 17, 2007

Christopher M. Mulhearn, Esquire
Ferrucci Russo, P.C.
55 Pine Street, 4th Floor
Providence, RI 02907

RE: The Hanover Insurance Group v. Anthony F. Rosciti, Jr., et al., United States District Court for the District of Rhode Island, Civil Action No. 06-0276-T-LDA

Dear Mr. Mulhearn:

Enclosed please find: 1) Plaintiff's First Request For Production Of Documents To Anthony F. Rosciti, Jr.; 2) Plaintiff's First Set Of Interrogatories To Defendant Anthony F. Rosciti, Jr.; and 3) Plaintiff's Notice Of Taking Deposition Of Defendant Anthony F. Rosciti, Jr.

Pursuant to Fed. R. Civ. P. 5(d), the originals of these pleadings have not been filed with the court.

Very truly yours,

John P. Connelly

661330

Enclosures

cc: Paul J. Moretti, Jr., Esquire (with enclosures)
Kevin C. Cain, Esquire (with enclosures)

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE HANOVER INSURANCE GROUP,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY F. ROSCITI, JR., SHANNON B. ROSCITI, HENRY V. ROSCITI, JR. and AHR UTILITY CORPORATION,<br><br>Defendants. | CIVIL ACTION<br>NO. 1:06-cv-0276-T-LDA |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO ANTHONY F. ROSCITI, JR.**

Pursuant to Fed. R. Civ. P. 34, the plaintiff The Hanover Insurance Group hereby requests that the defendant Anthony F. Rosciti, Jr. produce the following documents for inspection and copying within thirty (30) days at the offices of Peabody & Arnold LLP, 30 Rowes Wharf, Boston, Massachusetts 02110.

DEFINITIONS AND INSTRUCTIONS

1. The term "document" is used in its normally broad sense and encompasses all handwritten, typed, printed or otherwise visually or orally reproduced materials, irrespective of whether they are copies of originals, and irrespective of whether they are within the possession, custody or control of the plaintiff The Hanover Insurance Group, and/or any employee, agent or attorney acting on its behalf, including, but not limited to: letters, cables, wires, telegrams, correspondence, notes, memoranda, notes of telephone calls and conferences, and interoffice and intraoffice communications of all types; insurance policies; pension plans; laboratory records or notebooks; drawings, blueprints, flow sheets, graphs, projections, sketches, charts, data and

worksheets; photographs, movies and recordings; books, catalogs and published materials of any kind; all other writings, assignments, licenses, contracts, agreements, official papers and legal instruments; annual reports to shareholders and minutes or reports of meetings of directors, officers or executive boards of committees; advertising or promotional literature and press releases; cancelled checks and all other records of payments; microfilm of documents that may have been destroyed; and any other writings or tangible objects whether produced or reproduced mechanically, electrically, electronically, photographically or chemically.

2. The term "communication" means any exchange of words, ideas, messages or information, whether by speech, signal or writing, and includes memoranda and conversations both in person and by telephone.

3. The term "Hanover" means the plaintiff The Hanover Insurance Group, and/or any agent, servant, employee or representative of same, including, but not limited to, any attorney, accountant or consultant engaged by or on behalf of same.

4. The term "A. Rosciti" means the defendant Anthony F. Rosciti, Jr., and/or any agent, servant, employee or representative of same, including, but not limited to, any attorney, accountant or consultant engaged by or on behalf of same.

5. The term "Indemnity Agreement" means the Agreement Of Indemnity attached as Exhibit A to the Complaint which Hanover filed in this case.

6. The term "Pawtucket Project" means the construction project known as Pawtucket Water Treatment Facility as described in paragraph 7 of the Counterclaim which A. Rosciti filed against Hanover in this case.

7. The term "Amtrak Project" means the construction project known as the Freight Rail Improvement Project as described in paragraph 8 of the Counterclaim which A. Rosciti filed against Hanover in this case.

8. The terms "refer to," "relate to," "reflect(ing)," "in connection with," with respect to," and any combination thereof, mean refer to and include referring to, relating to, reporting, embodying, establishing, evidencing, comprising, connected with, commencing on, responding to, showing, describing, analyzing, reflecting, presenting or constituting.

DOCUMENTS TO BE PRODUCED

1. Any and all documents identified in A. Rosciti's responses to Plaintiff's First Set Of Interrogatories To Defendant Anthony F. Rosciti, Jr.

2. All documents concerning the events described in the Counterclaim which A. Rosciti filed against Hanover in this case.

3. Any and all documents that A. Rosciti intends to rely on and/or submit into evidence at the trial of this case.

4. All documents regarding the Pawtucket Project.

5. All documents regarding the Amtrak Project.

6. All documents concerning each item of cost, loss, damage and/or expense for which recovery is sought by A. Rosciti in his Counterclaim against Hanover in this case.

7. Any and all documents which refer, reflect or relate to communications by or between A. Rosciti and Hanover regarding the Indemnity Agreement.

8. All documents which refer, reflect or relate to A. Rosciti's income, including, but not limited to, tax returns, W-2s of form 1099s, from 2005 through the present.

9. All documents which refer, reflect or relate to the affirmative defenses asserted by A. Rosciti in this case.

10. All documents which refer, reflect or relate to A. Rosciti's ownership of any real property, including any deeds, mortgages or other encumbrances, and any assessments.

11. The resume or curriculum vitae of each expert witness whom A. Rosciti intends to call at the trial of this case.

12. All documents furnished or to be furnished to each expert witness whom A. Rosciti intends to call at the trial of this case or who has been retained or specifically employed in anticipation of this case or in preparation for the trial of this case.

13. Any and all documents furnished or generated by each expert witness whom A. Rosciti intends to call at the trial of this case.

14. Any and all documents which evidence, reflect or reference the work and/or opinions of each person whom A. Rosciti expects to call as an expert witness at the trial of this case.

15. Any and all records, documents, notes, correspondence, witness statements or memoranda of any kind which relate to the events in the Counterclaim which A. Rosciti filed

against Hanover in this case which have not otherwise been produced pursuant to this document production request.

PLAINTIFF THE HANOVER
INSURANCE GROUP
By its attorneys,

Kevin C. Cain, #3960
John P. Connelly, pro hac vice
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

Dated: May 17, 2007

660795

CERTIFICATE OF SERVICE
I certify that a true copy of this document was served upon (each party appearing pro se and) the attorney of record for each party by mail (hand) on 5/17/07

(Signature)

*strike out inapplicable language

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE HANOVER INSURANCE GROUP,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY F. ROSCITI, JR., SHANNON B. ROSCITI, HENRY V. ROSCITI, JR. and AHR UTILITY CORPORATION,<br><br>Defendants. | CIVIL ACTION<br>NO. 1:06-cv-0276-T-LDA |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES**
**TO DEFENDANT ANTHONY F. ROSCITI, JR.**

Pursuant to Fed. R. Civ. P. 33, the plaintiff The Hanover Insurance Group ("Hanover") hereby requests that the defendant Anthony F. Rosciti, Jr. ("Rosciti") answer under oath the following interrogatories:

DEFINITIONS AND INSTRUCTIONS

1. The term "identify" when used herein in reference to:

   (a) a natural person, means to state his full name, title and present business or residential address, or, if unknown, his last known business, or, if unknown, his last known business or residential address, and his present or last known employer;

   (b) an artificial person (e.g., corporation, partnership or business concern), means to state its full name and business address;

   (c) a document, means to state the name and date of the document, the type of document (e.g., agreement, insurance policy, pension or retirement plan, letter, memorandum, report, note, etc.), the name and address of

the person who prepared the document, the name and address of the person, if any, to whom the document was addressed, whether it is the original or a copy thereof (or, in the alternative, attach a true and complete copy thereof), and, if the plaintiff is not in possession, custody or control of the original or a copy, the name and address of the persons having possession, custody or control of the original or a copy of the document, and the occasion and/or circumstances in which the document was prepared; and

(d) an act or event (including, but not limited to, an oral communication, a meeting, conversation, discussion, demonstration or experiment), means to states the date and place of the act or event, identify each person present or taking part therein, state precisely what was said and/or done by each such person, including yourself, and describe in detail what transpired during the act or event.

2. The term "document" is used in its normally broad sense and encompasses all handwritten, typed, printed or otherwise visually or orally reproduced materials, irrespective of whether they are copies of originals, and irrespective of whether they are within the possession, custody or control of the plaintiff The Hanover Insurance Group, and/or any employee, agent or attorney acting on its behalf, including, but not limited to: letters, cables, wires, telegrams, correspondence, notes, memoranda, notes of telephone calls and conferences, and interoffice and intraoffice communications of all types; insurance policies; pension plans; laboratory records or notebooks; drawings, blueprints, flow sheets, graphs, projections, sketches, charts, data and worksheets; photographs, movies and recordings; books, catalogs and published materials of any kind; all other writings, assignments, licenses, contracts, agreements, official papers and legal instruments; annual reports to shareholders and minutes or reports of meetings of directors, officers or executive boards of committees; advertising or promotional literature and press releases; cancelled checks and all other records of payments; microfilm of documents that may

have been destroyed; and any other writings or tangible objects whether produced or reproduced mechanically, electrically, electronically, photographically or chemically.

3. The term "communication" means any exchange of words, ideas, messages or information, whether by speech, signal or writing, and includes memoranda and conversations both in person and by telephone.

4. The term "Hanover" means the plaintiff The Hanover Insurance Group, and/or any agent, servant, employee or representative of same, including, but not limited to, any attorney, accountant or consultant employed by or on behalf of same.

5. The term "A. Rosciti" means the defendant Anthony F. Rosciti, Jr., and/or any agent, servant, employee or representative of same, including, but not limited to, any attorney, accountant or consultant employed by or on behalf of same.

6. The term "Indemnity Agreement" means the Agreement Of Indemnity attached as Exhibit A to the Complaint which Hanover filed in this case.

7. The terms "refer to," "relate to," "rcflcct(ing)," "in connection with," with respect to," and any combination thereof, mean refer to and include referring to, relating to, reporting, embodying, establishing, evidencing, comprising, connected with, commencing on, responding to, showing, describing, analyzing, reflecting, presenting or constituting.

INTERROGATORIES

1. Please identify every person and/or entity with knowledge of facts or information about the allegations in the Counterclaim which A. Rosciti filed against Hanover in this case and state the substance of each such person's and/or entity's knowledge.

2. Please describe each item of cost, loss, damage and/or expense for which recovery is sought in the Counterclaim which A. Rosciti filed against Hanover in this case, describe the cause of each such item, and explain the method used to calculate each such item.

3. Please identity each person whom A. Rosciti expects to call as an expert witness at the trial of this case by stating with respect to each such person his or her full name, educational background, residential address, business address, occupation and employer.

4. Please state the subject matter upon which each such expert identified in the answer to Interrogatory No. 3 is expected to testify.

5. Please state the substance of the facts and opinions to which each such expert identified in the answer to Interrogatory No. 3 is expected to testify.

6. Please state a summary of the grounds for each opinion which it is expected will be given by each expert identified in the answer to Interrogatory No. 3.

7. Please describe each fact, transaction, occurrence and document which supports the allegations made in paragraph 15 of the Counterclaim which A. Rosciti filed against Hanover in this case, and,

(a) for each such fact, transaction and occurrence, identify each person who has discoverable knowledge of each such fact, transaction and occurrence; and

(b) for each such document, identify the document and identify each person who has current custody of the document or any copy thereof.

8. Please describe each fact, transaction, occurrence and document which supports the allegations made in paragraph 16 of the Counterclaim which A. Rosciti filed against Hanover in this case, and,

(a) for each such fact, transaction and occurrence, identify each person who has discoverable

knowledge of each such fact, transaction and occurrence; and

(b) for each such document, identify the document and identify each person who has current custody of the document or any copy thereof.

9. Please describe each fact, transaction, occurrence and document which supports the allegations made in paragraph 18 of the Counterclaim which A. Rosciti filed against Hanover in this case, and,

(a) for each such fact, transaction and occurrence, identify each person who has discoverable knowledge of each such fact, transaction and occurrence; and

(b) for each such document, identify the document and identify each person who has current custody of the document or any copy thereof.

10. Please identify each expert, including his or her professional background and occupation, not expected to be called as an expert witness on A. Rosciti's behalf at the trial of this case, but who has been retained or specifically employed in anticipation of this case or in preparation for the trial of this case.

11. Please identify each non-expert witness that A. Rosciti expects to call as a witness at the trial of this case, and for each such witness state the following: a) the witness's name,

address and occupation; b) the subject matter on which the witness is expected to testify; and c) the substance of the facts to which the witness is expected to testify.

PLAINTIFF HANOVER
INSURANCE GROUP
By its attorneys,

Kevin C. Cain, #3960
John P. Connelly, pro hac vice
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

Dated: May 17, 2007

660567

CERTIFICATE OF SERVICE
I certify that a true copy of this document was served upon (each party appearing pro se and) the attorney of record for each party by mail (hand) on 5/17/07.

(Signature)

*strike out inapplicable language