UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

| | |
|---|---|
| THE HANOVER INSURANCE GROUP<br>Plaintiff<br><br>v.<br><br>ANTHONY F. ROSCITI, JR., SHANNON B. ROSCITI, HENRY V. ROSCITI, JR. and AHR UTILITY CORPORATION<br>Defendants | CIVIL ACTION NO. 1:06-cv-00276-T-LDA |

**AFFIDAVIT OF RONALD E. RITLAND IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES**

I, Ronald E. Ritland, hereby depose and state as follows:

1. I am an attorney admitted to practice before the Bar of the Commonwealth of Massachusetts and the United States District Court of Massachusetts.

2. I am admitted with regard to the above matter as *pro hac vice* counsel.

3. I am of counsel in the law firm of Peabody & Arnold, LLP and represent the plaintiff, Hanover Insurance Group, in this matter.

4. On or about May 17, 2007, Hanover duly served the Roscitis with interrogatories and requests for production of documents. Affiant made many phone and written inquiries to counsel for Defendants Anthony F Rosciti and Shannon B. Rosciti ("Roscitis") requesting that the Roscitis provide its answers to interrogatories and responses to requests for production of documents. The Roscitis did not file the discovery responses and by letter dated September 26, 2007, pursuant to Fed.R.Civ.P. 37(a)(2)(A), affiant requested that Roscitis file its answers to interrogatories and responses to requests for production of documents by the end of business

October 5, 2007. Despite these multiple requests, the Roscitis failed to respond to Hanover's discovery. Hanover was thus compelled to file the motion to compel discovery on October 16, 2007.

5. Accordingly, the following is the itemized statement of time expended by the affiant necessitated by the failure of the Roscitis to file responses to Hanover's discovery requests.

| Work Date | Timekeeper | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 08/20/07 | Ronald Ritland | Email to Attorney Mulhearn concerning Roscitis failure to respond to discovery | 0.2 | $250 | $50.00 |
| 09/25/07 | Ronald Ritland | Telephone conference with Attorney Mulhearn regarding Roscitis failure to file discovery responses | 0.2 | $250 | $50.00 |
| 09/26/07 | Ronald Ritland | Letter to Attorney Mulhearn formally demanding responses to discovery requests pursuant Fed.R.Civ.P. 37(a)(2)(A) | 0.3 | $250 | $75.00 |
| 10/08/07 | Ronald Ritland | Email to Rosciti's attorney, Mulhearn, demanding that clients file discovery | 0.2 | $250 | $50.00 |
| 10/08/07 | Ronald Ritland | Email to client with regard to failure of Roscitis to file discovery responses | 0.1 | $250 | $25.00 |
| 10/15/07 | Ronald Ritland | Review file and research on discovery rules, and in particular, motion to compel requirements | 0.5 | $250 | $125.00 |
| 10/15/07 | Ronald Ritland | Draft motion to compel and compile exhibits | 1.2 | $250 | $300.00 |
| 10/15/07 | Ronald Ritland | Draft timeline on discovery deadlines and pleadings in indemnity suit regarding motion to compel | 0.5 | $250 | $125.00 |
| 10/16/07 | Ronald Ritland | Revise motion to compel | 0.5 | $250 | $125.00 |

| | | | | | |
|---|---|---|---|---|---|
| 10/16/07 | Ronald Ritland | Emails to and from client regarding motion to compel | 0.2 | $250 | $50.00 |
| TOTAL FEES | | | | | $975 |
| TOTAL EXPENSES | | Photocopier Expense | | | $2.25 |
| TOTAL FEES AND EXPENSES | | | | | $977.25 |

6. The above fees were all reasonably necessary to respond to the Roscitis' failure to file its discovery over a period of six months, ultimately resulting in Hanover's motion to compel.

7. Affiant customarily charges a rate of $250 per hour in attorney fees in similar cases. In addition, the fee arrangement with Hanover is that the affiant charges $250 per hour, plus reasonable costs and expenses, with regard to this particular law suit.

SIGNED UNDER THE PAINS AND PENALTY OF PERJURY THIS 14th DAY OF NOVEMBER 2007.

Ronald E. Ritland

COMMONWEALTH OF MASSACHUSETTS

Suffolk County, ss. November 14, 2007

On this date, before me, personally appeared Ronald E. Ritland, proven to me through satisfactory evidence of identification (which was: personally known to me) to be the person who signed the foregoing instrument.

Laura Jean Anderson
Notary Public
My Commission Expires: 6/8/12

LAURA JEAN ANDERSON
NOTARY PUBLIC
COMMONWEALTH OF MASSACHUSETTS
My Comm. Expires June 8, 2012

672042_1
2114-92646

EXHIBIT 1