UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

| | |
|---|---|
| THE HANOVER INSURANCE GROUP<br>Plaintiff<br><br>v.<br><br>ANTHONY F. ROSCITI, JR., SHANNON B. ROSCITI, HENRY V. ROSCITI, JR. and AHR UTILITY CORPORATION<br>Defendants | CIVIL ACTION NO. 1:06-cv-00276-T-LDA |

**HANOVER INSURANCE GROUP'S RESPONSE TO ANTHONY F. ROSCITI'S OBJECTION TO MOTION FOR ATTORNEY FEES**

The Plaintiff, Hanover Insurance Group ("Hanover") by and through counsel, hereby submits its response to the objection of Anthony F. Rosciti ("Rosciti") to Hanover's motion for attorney fees.

By his order of November 6, 2007, Magistrate Almond granted Hanover's motion to compel answers to interrogatories and responses to requests for production of documents, which Hanover had served on Defendants, Anthony F. Rosciti, Jr., and Shannon B. Rosciti ("Roscitis") on or about May 17, 2007. As part of his order, Magistrate Almond instructed Hanover to file any motion for attorney fees by November 20, 2007. Hanover filed its motion for attorney fees against the Roscitis on November 19, 2007. Rosciti filed his objections on November 28, 2007, but Shannon Rosciti has not.

Under Fed. R. Civ. P. 37(4)(A)[1], the party forced to move to compel discovery responses shall be entitled to attorney fees, unless the movant did not make a good faith effort to obtain them without court action, or "the opposing parties nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust." In his objection, it appears Rosciti argues that the nondisclosure was justified because Hanover was not prejudiced by it, and because Rosciti purportedly had difficulty in retrieving the documents from the Receiver in the receivership of South Shore Utility, Inc., which action is currently proceeding in state court.

Whether Hanover was or was not prejudiced by the nondisclosure is not part of the rule providing for award of attorney fees to the movant. In any event, Hanover was clearly prejudiced by Rosciti's nondisclosure.

The discovery requests were served on the Roscitis on May 17, 2007. Despite extensions to answer from Hanover and this Court, Roscitis failed to respond to the discovery requests either by making the disclosures or by requesting further extensions from Hanover or this Court. In fact, Roscitis simply refused to respond to Hanover's continued requests that they file their responses. Hanover made every effort to seek voluntary compliance before filing the motion to compel. Again, Roscitis did not respond. Only after this Court ordered disclosure did the Roscitis finally respond by filing their responses on November 19, 2007, some 6 months after the discovery was first served.

As a result, Hanover has been kept in the dark by the Roscitis on the specifics of their defenses and claims, while Hanover has given the Roscitis complete responses to all discovery

---

[1] Counsel for Rosciti cites Fed. R. Civ. P. 37(a)(5)(A)(i) and (ii) though the amendment of Rule 37 adding subsections does not take effect until December 1, 2007.

requests months ago (even though Hanover was served with the discovery after it had served Roscitis with discovery requests).[2] Consequently, Hanover has not been able to make any progress in the discovery process despite the fact that the discovery deadline of January 2008 is fast approaching. Hanover will likely be forced to ask the Court for extension of this deadline as a result of the Roscitis' nondisclosure.

For various reasons, Rosciti cannot be heard to claim that his nondisclosure over the past 6 months is "substantially justified" due to some ongoing difficulty in his getting possession again of his own documents (Rosciti was President and 50% shareholder of South Shore and, as such, in possession of all the records). First, Rosciti, through counsel, made various promises to provide discovery responses to Hanover, the latest being that Roscitis would respond by October 10, 2007. Second, Hanover and this Court gave the Roscitis multiple extensions requested by Roscitis on the filing deadlines. Third, Roscitis did not ask Hanover or this Court for additional time on the basis that the Receiver was not cooperating. Fourth, Roscitis did not take formal action against the Receiver to force disclosure of the documents. Instead the Roscitis did nothing and refused to respond until compelled by order of this Court.

Hanover submits that the Roscitis' failure to file discovery responses in this case was so egregious and so without basis that an award of attorney fees is not only just, but mandated. Consequently, Hanover respectfully requests an award of its attorney fees, which amount has not been disputed by Rosciti, pursuant to its motion against Anthony F. Rosciti, Jr. and Shannon B. Rosciti, and such other relief this Court deems just and appropriate.

---

[2] Rosciti, in his objection, states that he was not given access to Hanover's documents until November 28, 2007. This is not true. Hanover, in responding to Roscitis documents requests months ago, stated the documents were available for immediate review and copying. Roscitis did not take advantage of the opportunity until November 28.

Respectfully submitted,

THE HANOVER INSURANCE GROUP,

By its attorneys,

/s/ Ronald E. Ritland
Ronald E. Ritland, Esq. (*pro hac vice*)
Kevin C. Cain, Esq. (#3960)
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

DATED: November 30, 2007

**CERTIFICATION**

I, Ronald E. Ritland, hereby certify that I caused to be served by electronic means (ECF) a copy of the within document on the 30th of November, 2007 to the following:

Paul J. Moretti, Sr.
pmoretti@tllaw.com

Christopher M. Mulhearn
cmulhearn@frlawri.com

/s/Ronald E. Ritland
Ronald E. Ritland (*pro hac vice*)

673036_1
2114-92646