RONALD E. RITLAND
[617] 951.2011
rritland@peabodyarnold.com

January 23, 2008

**<u>Via Facsimile and First Class Mail</u>**
Christopher M. Mulhearn, Esq.
Ferrucci Russo, P.C.
55 Pine Street
Providence, RI 02903

Re: *The Hanover Insurance Group v. Anthony F. Rosciti, Jr., et al.*
C.A. No.: 1:06-cv-0276-T-LDA

Dear Chris:

This letter will serve to advise that certain of your clients' recent responses to Hanover's first set of requests for admissions and second set of interrogatories were incomplete, evasive, non-responsive and/or objected to requests for admissions without valid basis. This letter is also intended to comply with Fed. R. Civ. P. 37(a)(1) and 37(a)(5). Hanover requests that your clients review the following specific objections that Hanover has to their responses and provide their amended responses within 7 days of your receipt of this letter. Otherwise, Hanover intends to file a motion to compel under Rule 37 and/or a motion under Rule 36(a)(6).

<u>Response to Request for Admission No. 2:</u>

You objected to this request for admission on three grounds:

(a) The Roscitis alleged that the request for admission calls for a "legal conclusion." Hanover objects to this response as the request for admission no. 2 does not seek a legal conclusion, but merely asks the Roscitis to set forth the factual basis or explanation for allegations made in their own counterclaim, specifically paragraph 12 of the counterclaim. As you know, the Fed. R. Civ. Pro. 36 provides that the party responding must respond to a request to admit the truth of any matters within the scope of rule 26(b)(1) relating to "facts, the application of law to fact, or opinion about either . . ."

(b) Your clients also object on the basis that "Roscitis, in their individual capacities, were not parties" to the settlement. The part of the objection that is bracketed by quotes is repeated as the basis for Roscitis' objections to requests for admission 2, 3, 4, 5, 6, 8 and 9.

With regard to the general objection that the Roscitis cannot respond to these requests for admissions as individuals as they were not party to any of these transactions, this objection is unfounded for at least following reasons:

1. Anthony Rosciti, Jr., at all relevant times, was the President and 50% owner and operator of South Shore Utility Contractors, Inc. ("South Shore"), the corporation that was involved in and party to these various transactions. As such, defendant Anthony Rosciti, Jr. clearly has direct or imputed knowledge of the affairs of the company of which he was President, 50% owner and principal operator.

2. The Roscitis allege in their counterclaim to this suit and in their complaint under C.A. 06-392 that Hanover took certain actions in responding to bond claims against South Shore that damaged the Roscitis individually and obviated their obligations under the Indemnity Agreement. Hanover contends that the Roscitis cannot make these claims directly as guarantors of South Shore, on the one hand, to avoid their obligations, while, on the other hand, assert no knowledge or responsibility to respond to questions concerning these specific transactions involving South Shore.

3. The Roscitis, without objection, responded to Hanover request for production of documents and first set of interrogatories by providing documents requested by Hanover from South Shore and answered questions directly relating to South Shore's actions. Accordingly, any claim that the Roscitis were as individuals, not responsible for any knowledge or responsible for answering any questions with regard to South Shore's actions, have effectively been waived.

4. The Roscitis acted as indemnitors or guarantors specifically concerning any losses under bonds which Hanover wrote on behalf of South Shore, specifically relating to the two projects, the Pawtucket Project and the Amtrak Project, to which the request for admissions relate. Accordingly, by definition, both Roscitis are responsible for actions of South Shore in conducting the bonded projects and cannot assert that they object to answering requests for admissions on the basis that they are individuals and therefore cannot have knowledge or responsibility for answering questions concerning actions or transactions involving South Shore.

5. Fed. R. Civ. P. 36(a)(4) specifically prohibits parties from asserting lack of knowledge or lack of information as a reason for failing to admit or deny a request for admission because of lack of knowledge or information where there is no indication that the party so objecting has made a "reasonable inquiry," or that the information the party knows or can readily obtain is insufficient to enable it to admit or deny the request. Again, the documents or transactions specifically referred to in requests 2, 3, 4, 5, 6, 8, and 9 are documents or transactions that are described or included in documents already disclosed to the Roscitis by Hanover, or documents or transactions already disclosed by the Roscitis to Hanover, or refer to

documents or transaction the information of which can be readily obtained by the Roscitis from the South Shore receivership estate.

(c) Finally, the Roscitis allege they are unable to admit or deny the request for admission because the document in which they request is directed speaks for itself. This part of the response is either non-responsive or evasive and the Fed. R. Civ. P. 36 provides no basis for refusing to admit or deny the request relating to the fact that the document allegedly speaks for itself.

Accordingly, Hanover requests that the Roscitis either admit or deny this request for admission. If the request for admission is denied, Hanover requests that the Roscitis answer interrogatory no. 2.

Respond to Request for Admission No. 3:

Again, the response by the Roscitis can be separated into three parts:

(a) Roscitis respond by admitting only that the exhibit to which the request is directed "purports" to be what it claims to be. This response is either non-responsive or evasive. Fed. R. Civ. P. 36 requires that a party respond to a request to admit the truth of any matters within the scope of Rule 26(b)(1) relating to "the genuineness of any described documents." Accordingly, it is not a valid response to reply only that the document referred to "purports" to be what it is. If the Roscitis have an objection to the genuineness of the document they should deny the request on that basis. Otherwise, it should be admitted.

(b) With regard to the objection again that the Roscitis can neither admit nor deny the remainder of the request for admission "insofar as, in their individual capacities, they were not parties to the purported payment request", I refer you to Hanover's general objection listed under the response to request for admission no. 2, above, specifically subsection b.

(c) The Roscitis again alleged that the document to which the request refers speaks for itself. Hanover objects to this response as either evasive or non-responsive, for the reasons set forth in its objections to the Roscitis' response to request for admission no. 2, above, specifically subsection c.

Accordingly, Hanover requests that the Roscitis respond to the request for admission by admitting or denying it. If the request for admission is denied, Hanover requests that the Roscitis answer interrogatory no. 3.

Response to Request for Admission No. 4:

The Roscitis again respond along the lines of its response to request for admission no. 3 above, the response is in three parts. Hanover again objects to the Roscitis response to this request for admission for the reasons set forth in its objection to the response of the Roscitis to request for admission no. 3.

Accordingly, Hanover requests that the Roscitis either admit or deny the request for admission. If the request for admission is denied, Hanover requests that the Roscitis respond by answering the interrogatory no. 4.

Response to Request for Admission No. 5:

The Roscitis object on the basis that "insofar as, in their individual capacities, they were not a party to any payment(s) made by EarthTech, Inc. to South Shore relative to the so-called Pawtucket Project." Hanover again reiterates its object to this response along the lines set forth from Hanover's objection to the Roscitis response to request for admission no. 2, above, specifically subsection b.

Accordingly, Hanover requests that the Roscitis either admit or deny the request for admission. If the request for admission is denied, Hanover requests that the Roscitis answer interrogatory no. 5.

Response to Request for Admission No. 6:

The Roscitis again object to the request for admission "insofar as, in their individual capacities, the Roscitis were not parties to any payments made by South Shore to G. Donaldson, or the payment and/or disposition of funds relative to G. Donaldson." Hanover again objects to this response as set forth in its general objection to the Roscitis' response to request for admission no. 2, above, specifically subsection b.

Accordingly, Hanover requests that the Roscitis either admit or deny the request for admission. If denied, Hanover requests that the Roscitis answer interrogatory no. 6.

Response to Request for Admission No. 8:

The Roscitis again object to the request for admission "insofar as, in their individual capacities, the Roscitis were not parties to any claim(s) submitted by Vellano Bros., Inc. to South Shore and/or Hanover with respect to the so-called Pawtucket Project." Hanover again objects to this response as set forth in its general objection to the Roscitis' response to request for admission no. 2, above, specifically subsection b.

Accordingly, Hanover requests that the Roscitis either admit or deny the request for admission. If denied, Hanover requests that the Roscitis answer interrogatory no. 8.

Response to Request for Admission No. 9:

The Roscitis again object to the request for admission "insofar as, in their individual capacities, the Roscitis were not parties to any claim(s) submitted by Vellano Bros., Inc. to South Shore and/or Hanover with respect to the so-called Pawtucket Project." Hanover again objects to this response as set forth in its general objection to the Roscitis' response to request for admission no. 2, above, specifically subsection b.

Accordingly, Hanover requests that the Roscitis either admit or deny the request for admission. If denied, Hanover requests that the Roscitis answer interrogatory no. 9.

Response to Request for Admission No. 10:

The Roscitis object to the request for admission on two bases.

(a) The Roscitis allege that the request for admission calls for a legal conclusion or opinion. The request for admission does not call for a legal conclusion, but merely requests the Roscitis to explain their understanding of a relevant portion of the Indemnity Agreement as it relates to the facts indicated. A request for admission may call for admission as to a party's interpretation of a contractual provision. Accordingly, the objection does not have a valid basis.

(b) The Roscitis again object on the basis that the terms and conditions of the Indemnity Agreement speaks for themselves. This objection is non-responsive or evasive. Fed. R. Civ. P. 36 does not provide a basis to object for this reason.

Accordingly, Hanover requests that the Roscitis either admit or deny the request for admission no. 10. If the request for admission is denied, Hanover requests that the Roscitis answer interrogatory no. 10.

Response to Request for Admission No. 11:

This request for admission merely requests that the Roscitis either admit or deny that they failed or refused to post collateral after Hanover demanded it by letter date March 15, 2006. The Roscitis denied the request for admission. In its answer to interrogatory no. 11, the Roscitis did not allege that they in fact posted collateral, which would naturally lead from its response that it denied the request to admit that it failed to post collateral. Accordingly, the answer to interrogatories is evasive or non-responsive. Hanover did not request the Roscitis to admit that they were endeavoring to post collateral, but merely whether they in fact did.

If the Roscitis, as they must, admit that they failed to post the collateral, the request for admission should be admitted.

Response to Request for Admission No. 12:

The Roscitis object to the request for admission on two bases.

(a) The Roscitis allege that the request for admission calls for a legal conclusion or opinion. The request for admission does not call for a legal conclusion, but merely requests the Roscitis to explain their understanding of a relevant portion of the Indemnity Agreement as it relates to the facts indicated. A request for admission may call for admission as to an interpretation of a contractual provision. Accordingly, the objection does not have a valid basis.

(b) The Roscitis again object on the basis that the terms and conditions of the Indemnity Agreement speaks for themselves. This objection is non-responsive or evasive. Fed. R. Civ. P. 36 does not provide a basis to object for this reason.

Accordingly, Hanover requests that the Roscitis either admit or deny the request for admission no. 12. If the request for admission is denied, Hanover requests that the Roscitis answer interrogatory no. 12.

Response to Request for Admission No. 13:

The Roscitis object to the request for admission on two bases.

(a) The Roscitis allege that the request for admission calls for a legal conclusion or opinion. The request for admission does not call for a legal conclusion, but merely requests the Roscitis to explain their understanding of a relevant portion of the Indemnity Agreement as it relates to the facts indicated. A request for admission may call for admission as to an interpretation of a contractual provision. Accordingly, the objection does not have a valid basis.

(b) The Roscitis again object on the basis that the terms and conditions of the Indemnity Agreement speaks for themselves. This objection is non-responsive or evasive. Fed. R. Civ. P. 36 does not provide a basis to object for this reason.

Accordingly, Hanover requests that the Roscitis either admit or deny the request for admission no. 13. If the request for admission is denied, Hanover requests that the Roscitis answer interrogatory no. 13.

Response to Request for Admission No. 14:

The Roscitis deny this request for admission. In its answer to interrogatory number 14, the Roscitis do not detail any specific acts of fraud or collusion between Hanover and the owners on the named projects. The Roscitis merely allege that Hanover negotiated with the respective owners, interfered with the contract that South Shore had with the owners, and directed the owners to stop paying funds to South Shore. These actions obviously do not provide any bases to support a claim that Hanover engaged in fraud or collusion with the owners. Consequently, Hanover demands that the Roscitis either provide a valid basis for their denial, or admit the request for admission.

Hanover looks forward to hearing back from your clients in response to these objections within 7 days from the date of this letter. If a response is not forthcoming within that time, or the response does not satisfy Hanover's objections, Hanover plans to file a motion to compel under Fed. R. Civ. P. 37 and/or a motion to determine the sufficiency of answer or objection under Fed. R. Civ. P. 36. Hanover will also be seeking its attorney fees pursuant to Fed. R. Civ. P. 37(a)(5).

Very truly yours,

Ronald E. Ritland

RER/lja

675698_1
2114-92646