**Ronald E. Ritland**

---

**From:** PMoretti@tllaw.com
**Sent:** Tuesday, February 12, 2008 8:32 AM
**To:** Ronald E. Ritland
**Subject:** Re: Hanover v. H. Rosciti, AHR, et al
**Attachments:** logo.jpg

Ron,

I have spoken with my client and it appears that, at least with regards to the $100,000 payment, there may have been a misunderstanding on his part in that he was referring to a payment that was made before any of the controversy arose and an amended response from us will be forthcoming as soon as possible. I am also working with him to see about satisfying the other complaints you have addressed in your correspondence and any amendments or corrections will also be included in our amended response.

----------------------------

Paul J. Moretti Sr.
401-456-1232 (direct)
504-234-4993 (cell)
pmoretti@tllaw.com

"Ronald E. Ritland" <rritland@peabodyarnold.com>

| | |
|---|---|
| **"Ronald E. Ritland" <rritland@peabodyarnold.com>** | To <pmoretti@tllaw.com> |
| | cc |
| 02/11/2008 05:42 PM | Subject Hanover v. H. Rosciti, AHR, et al |

Paul-

Hanover acknowledges receipt of the supplemental responses from your clients in this matter on February 7, 2007. We continue to object to the responses. Since we have spent much time trying to get this resolved and the efforts have not been successful, Hanover will move forward to file its motion to compel shortly.

Among other things, the supplemental responses exhibit your clients' refusal to fully respond to the requests and interrogatories, or responding evasively, or refusal to admit or deny without adequate basis.

On Request 5, your clients explain they admit, but then qualify the admission. This is unacceptable. In addition, your explanation is factually in error. Roscitis nor South Shore made any initial payment to G. Donaldson pursuant to this purported agreement to settle and judgment stipulation. South Shore agreed to make the initial $100,000 payment but never paid it. In addition, whether they claim they were prevented by this or that reason in making the payment is irrelevant. The request asked only whether payment was made. The answer to the interrogatory was similarly flawed. No $100,000 payment was made.

Request 6- Again no initial payment was made. Also, again, the interrogatory asks whether payments were made only, not why the payment was not made.

Request 7 - This asks a straight forward question easily admitted or denied. It does not call for an explanation.

Request 8 - The indemnity agreement defines the events of default. Also, your clients have admitted in writing they were in default of this agreement. So how can they say they do not know what "default" means in this context?

This email is not intended to be exhaustive of Hanover's objections, but merely provides examples. Our motion to compel will detail the extent of Hanover's objections. Because of your clients' refusal to provide adequate responses, despite Hanover allowing them two opportunities to do so, we likely will be forced to continue your clients' deposition dates indefinitely as we await a decision of the court.

Ron Ritland

To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, Peabody & Arnold LLP informs you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing, or recommending to another party any tax related matters addressed herein.

The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential and/or privileged information. If you are not the intended recipient, please notify Peabody & Arnold LLP immediately by replying to the message or by contacting us at (617) 951-2100. Please delete this message and any attachments from your system. Thank you.