In re Olympia Holding Corp.
Bkrtcy.M.D.Fla.,1995.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.
In re OLYMPIA HOLDING CORPORATION, f/k/a P-I-E Nationwide, Inc., Debtor.
Lloyd T. WHITAKER, as Trustee of the Estate of Olympia Holding Corporation, Plaintiff,
v.
BELT CONCEPTS OF AMERICA, INC., Defendant.
**Bankruptcy No. 90-4223-BKC-3P7.**
**Adv. No. 91-845.**

Dec. 4, 1995.

Defendants in Chapter 7 trustee's freight undercharge proceedings moved for award of sanctions based on trustee's alleged discovery violations. The Bankruptcy Court, George L. Proctor, J., held that: (1) Rule 9011 applies to requests for discovery and permitted award of sanctions for trustee's discovery violations; (2) discovery requests were propounded without adequate factual inquiry, to the extent that trustee distributed same set of interrogatories in each freight undercharge proceeding, with no consideration of facts applicable to each; (3) discovery requests were interposed for improper purpose, within meaning of Rule 9011; and (4) monetary award of $250 in each freight undercharge proceeding was appropriate sanction for trustee's discovery violations.

So ordered.

West Headnotes

**[1] Bankruptcy 51 ⚷2187**

51 Bankruptcy
51II Courts; Proceedings in General
51II(C) Costs and Fees
51k2182 Grounds and Circumstances
51k2187 k. Frivolity or Bad Faith; Sanctions. Most Cited Cases

Rule 9011 applies to requests for discovery, and unlike Federal Rule of Civil Procedure on which it is based, permits imposition of sanctions for discovery violations. Fed.Rules Bankr.Proc.Rule 9011, 11 U.S.C.A.; Fed.Rules Civ.Proc.Rule 11, 28 U.S.C.A.

**[2] Statutes 361 ⚷181(1)**

361 Statutes
361VI Construction and Operation
361VI(A) General Rules of Construction
361k180 Intention of Legislature
361k181 In General
361k181(1) k. In General. Most Cited Cases

Statutes should be construed strictly to preserve intent of legislature.

**[3] Statutes 361 ⚷195**

361 Statutes
361VI Construction and Operation
361VI(A) General Rules of Construction
361k187 Meaning of Language
361k195 k. Express Mention and Implied Exclusion. Most Cited Cases

When Congress includes particular language in one section of statute but omits it in another section of same act, it is generally presumed that Congress acts intentionally and purposefully in the disparate inclusion or exclusion.

**[4] Bankruptcy 51 ⚷2187**

51 Bankruptcy
51II Courts; Proceedings in General
51II(C) Costs and Fees
51k2182 Grounds and Circumstances
51k2187 k. Frivolity or Bad Faith; Sanctions. Most Cited Cases

Test for imposing Rule 9011 sanctions requires

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

determination of whether, based on facts and law available to signer at time document was filed or served, attorney or signing party made reasonable inquiry to determine factual and legal legitimacy of document, and whether attorney or signing party interposed document for any improper purpose. Fed.Rules Bankr.Proc.Rule 9011, 11 U.S.C.A.

**[5] Bankruptcy 51 ⚷2187**

51 Bankruptcy
51II Courts; Proceedings in General
51II(C) Costs and Fees
51k2182 Grounds and Circumstances
51k2187 k. Frivolity or Bad Faith; Sanctions. Most Cited Cases
Test for imposing Rule 9011 sanctions is objective one, which does not depend on subjective good faith of party signing document. Fed.Rules Bankr.Proc.Rule 9011, 11 U.S.C.A.

**[6] Bankruptcy 51 ⚷2187**

51 Bankruptcy
51II Courts; Proceedings in General
51II(C) Costs and Fees
51k2182 Grounds and Circumstances
51k2187 k. Frivolity or Bad Faith; Sanctions. Most Cited Cases
Chapter 7 trustee's subjective good faith in propounding identical discovery requests on the more than 5,700 parties named as defendants on freight undercharge claims was not sufficient to preclude award of Rule 9011 sanctions, where trustee failed to make any reasonable inquiry into facts of each proceeding prior to propounding discovery on the defendants. Fed.Rules Bankr.Proc.Rule 9011, 11 U.S.C.A.

**[7] Bankruptcy 51 ⚷2187**

51 Bankruptcy
51II Courts; Proceedings in General
51II(C) Costs and Fees
51k2182 Grounds and Circumstances
51k2187 k. Frivolity or Bad Faith; Sanctions. Most Cited Cases
Chapter 7 trustee's requests for admissions in freight undercharge proceedings were propounded for improper purpose, such as would warrant imposition of Rule 9011 sanctions, to the extent that trustee, by improperly requesting admissions on disputed questions of law and by requiring defendants to explain why any request was denied, sought to harass defendants into making declaration as to whether they intended to assert small business exemption defense, after trustee had sought unsuccessfully to compel election of defenses. Fed.Rules Bankr.Proc.Rule 9011, 11 U.S.C.A.

**[8] Federal Civil Procedure 170A ⚷1673.1**

170A Federal Civil Procedure
170AX Depositions and Discovery
170AX(G) Admissions on Request
170Ak1673 Subject Matter
170Ak1673.1 k. In General. Most Cited Cases
Request for admissions may not be used to compel admission of conclusion of law.

**[9] Federal Civil Procedure 170A ⚷1673.1**

170A Federal Civil Procedure
170AX Depositions and Discovery
170AX(G) Admissions on Request
170Ak1673 Subject Matter
170Ak1673.1 k. In General. Most Cited Cases
Request for admission as to central fact in dispute is beyond proper scope of normal discovery.

**[10] Bankruptcy 51 ⚷3040.1**

51 Bankruptcy
51IX Administration
51IX(A) In General
51k3040 Examination and Discovery

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

51k3040.1 k. In General. Most Cited Cases
Chapter 7 trustee could not require, in request for admissions, that freight undercharge defendants explain why any request was denied. Fed.Rules Bankr.Proc.Rule 7036, 11 U.S.C.A.

**[11] Federal Civil Procedure 170A ⚷1471**

170A Federal Civil Procedure
170AX Depositions and Discovery
170AX(D) Written Interrogatories to Parties
170AX(D)1 In General
170Ak1471 k. In General. Most Cited Cases

**Federal Civil Procedure 170A ⚷1488.1**

170A Federal Civil Procedure
170AX Depositions and Discovery
170AX(D) Written Interrogatories to Parties
170AX(D)1 In General
170Ak1488 Number, Form and Importance
170Ak1488.1 k. In General. Most Cited Cases

**Federal Civil Procedure 170A ⚷1671**

170A Federal Civil Procedure
170AX Depositions and Discovery
170AX(G) Admissions on Request
170Ak1671 k. In General. Most Cited Cases
Requests for admissions and interrogatories are not interchangeable procedures, and utilization of interrogatories disguised as requests for admissions in attempt to circumvent rules limiting number of interrogatories is abuse of discovery process.

**[12] Bankruptcy 51 ⚷3040.1**

51 Bankruptcy
51IX Administration
51IX(A) In General
51k3040 Examination and Discovery
51k3040.1 k. In General. Most Cited Cases
Contingent interrogatories, which defendants would not have to answer depending upon how they responded to previous questions in the same series, had to be counted in deciding whether Chapter 7 trustee's interrogatories to defendants in freight undercharge proceedings exceeded limit on number of interrogatories that could be asked pursuant to local bankruptcy rule. U.S.Bankr.Ct.Rules M.D.Fla., Rule 1.02.

**[13] Federal Civil Procedure 170A ⚷1472**

170A Federal Civil Procedure
170AX Depositions and Discovery
170AX(D) Written Interrogatories to Parties
170AX(D)1 In General
170Ak1472 k. Nature and Purpose. Most Cited Cases
Interrogatories are designed to elicit information which is reasonably calculated to lead to discovery of admissible evidence.

**[14] Federal Civil Procedure 170A ⚷1483**

170A Federal Civil Procedure
170AX Depositions and Discovery
170AX(D) Written Interrogatories to Parties
170AX(D)1 In General
170Ak1483 k. Objections and Grounds for Refusal. Most Cited Cases
Like other discovery methods, use of interrogatories is improper if it is so overly burdensome that it harasses other party.

**[15] Bankruptcy 51 ⚷2187**

51 Bankruptcy
51II Courts; Proceedings in General
51II(C) Costs and Fees

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

51k2182 Grounds and Circumstances
51k2187 k. Frivolity or Bad Faith; Sanctions. Most Cited Cases
Chapter 7 trustee's interrogatories and requests for production of documents were overly burdensome and tended to harass, thereby warranting imposition of Rule 9011 sanctions, to the extent that defendant could respond to each interrogatory or request for production only by first referring to five pages of detailed instructions and definitions, which made it difficult to ascertain just what was being requested, and to extent that they further required examination of many years worth of countless documents. Fed.Rules Bankr.Proc.Rule 9011, 11 U.S.C.A.

**[16] Bankruptcy 51 ⚷2187**

51 Bankruptcy
51II Courts; Proceedings in General
51II(C) Costs and Fees
51k2182 Grounds and Circumstances
51k2187 k. Frivolity or Bad Faith; Sanctions. Most Cited Cases
Sanctions were warranted for Chapter 7 trustee's service of overly burdensome discovery requests designed to harass, not only pursuant to Rule 9011 of Federal Rules of Bankruptcy Procedure, but also pursuant to Bankruptcy Rule specifically governing discovery. Fed.Rules Bankr.Proc.Rules 7026, 9011, 11 U.S.C.A.

**[17] Bankruptcy 51 ⚷2187**

51 Bankruptcy
51II Courts; Proceedings in General
51II(C) Costs and Fees
51k2182 Grounds and Circumstances
51k2187 k. Frivolity or Bad Faith; Sanctions. Most Cited Cases
In deciding whether sanctions should be imposed under Bankruptcy Rule governing requests for discovery, court employs objective standard, which does not depend on subjective intent of party requesting discovery. Fed.Rules Bankr.Proc.Rule 7026, 11 U.S.C.A.

**[18] Bankruptcy 51 ⚷2187**

51 Bankruptcy
51II Courts; Proceedings in General
51II(C) Costs and Fees
51k2182 Grounds and Circumstances
51k2187 k. Frivolity or Bad Faith; Sanctions. Most Cited Cases
Sanctions must be imposed under Bankruptcy Rule governing discovery in bankruptcy proceedings, upon finding that Rule has been violated. Fed.Rules Bankr.Proc.Rule 7026, 11 U.S.C.A.

**[19] Bankruptcy 51 ⚷3040.1**

51 Bankruptcy
51IX Administration
51IX(A) In General
51k3040 Examination and Discovery
51k3040.1 k. In General. Most Cited Cases
Discovery request violates spirit of Bankruptcy Rule governing discovery in bankruptcy, when request is used as tactical weapon rather than to explore opposing party's claims and facts connected therewith. Fed.Rules Bankr.Proc.Rule 7026, 11 U.S.C.A.

**[20] Bankruptcy 51 ⚷2187**

51 Bankruptcy
51II Courts; Proceedings in General
51II(C) Costs and Fees
51k2182 Grounds and Circumstances
51k2187 k. Frivolity or Bad Faith; Sanctions. Most Cited Cases
Sanctions were available pursuant to Local Bankruptcy Rule to the extent that interrogatories propounded by Chapter 7 trustee in freight undercharge proceedings exceeded maximum number of interrogatories allowed under local rule. U.S.Bankr.Ct.Rules M.D.Fla., Rule 1.02.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**[21] Bankruptcy 51 2187**

51 Bankruptcy
51II Courts; Proceedings in General
51II(C) Costs and Fees
51k2182 Grounds and Circumstances
51k2187 k. Frivolity or Bad Faith; Sanctions. Most Cited Cases
Bankruptcy court had inherent authority to impose sanctions for Chapter 7 trustee's unreasonable and overly burdensome discovery requests in freight undercharge proceedings, upon finding that discovery request were propounded in bad faith in order to harass defendants, though sanctions were also warranted under Rule 9011 and under Bankruptcy Rule governing discovery in bankruptcy proceedings. Fed.Rules Bankr.Proc.Rules 7026, 9011, 11 U.S.C.A.

**[22] Bankruptcy 51 2187**

51 Bankruptcy
51II Courts; Proceedings in General
51II(C) Costs and Fees
51k2182 Grounds and Circumstances
51k2187 k. Frivolity or Bad Faith; Sanctions. Most Cited Cases
Bankruptcy courts have inherent power to impose sanctions, in order to achieve orderly and expeditious disposition of cases, even when specific rule allows sanctions for same conduct.

**[23] Bankruptcy 51 2187**

51 Bankruptcy
51II Courts; Proceedings in General
51II(C) Costs and Fees
51k2182 Grounds and Circumstances
51k2187 k. Frivolity or Bad Faith; Sanctions. Most Cited Cases
Invocation of bankruptcy court's inherent power to impose sanctions in order to achieve orderly and expeditious disposition of cases requires finding of bad faith.

**[24] Bankruptcy 51 2187**

51 Bankruptcy
51II Courts; Proceedings in General
51II(C) Costs and Fees
51k2182 Grounds and Circumstances
51k2187 k. Frivolity or Bad Faith; Sanctions. Most Cited Cases
"Bad faith," such as will warrant imposition of sanctions in exercise of bankruptcy court's inherent powers, includes vexatious, wanton, or oppressive behavior.

**[25] Bankruptcy 51 2187**

51 Bankruptcy
51II Courts; Proceedings in General
51II(C) Costs and Fees
51k2182 Grounds and Circumstances
51k2187 k. Frivolity or Bad Faith; Sanctions. Most Cited Cases
Before imposing sanctions in exercise of its inherent powers, bankruptcy court must afford sanctioned party notice and opportunity to be heard regarding sanctions motion.

**[26] Bankruptcy 51 2187**

51 Bankruptcy
51II Courts; Proceedings in General
51II(C) Costs and Fees
51k2182 Grounds and Circumstances
51k2187 k. Frivolity or Bad Faith; Sanctions. Most Cited Cases
Appropriate sanction, for Chapter 7 trustee's overly burdensome and harassing discovery requests in freight undercharge proceedings, which ultimately compelled defendants to file protective orders and motions for sanctions, was monetary award in amount of $250 per proceeding. Fed.Rules Bankr.Proc.Rules 7026, 9011, 11 U.S.C.A.; U.S.Bankr.Ct.Rules M.D.Fla., Rule 1.02.

**[27] Bankruptcy 51 2187**

51 Bankruptcy

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

51II Courts; Proceedings in General
51II(C) Costs and Fees
51k2182 Grounds and Circumstances
51k2187 k. Frivolity or Bad Faith; Sanctions. Most Cited Cases
Bankruptcy court could consider various factors in deciding what sanctions were appropriate for Chapter 7 trustee's unreasonable, overly burdensome discovery requests: good or bad faith of trustee and trustee's attorney; degree of willfulness, vindictiveness, negligence or frivolousness involved in offense; knowledge, experience and expertise of trustee and attorney; any prior history of sanctionable conduct; impact of sanction, including trustee's and attorney's ability to pay; burdens on court system attributable to misconduct; and timing of, and any circumstances surrounding, any voluntary withdrawal of discovery requests. Fed.Rules Bankr.Proc.Rules 7026, 9011, 11 U.S.C.A.; U.S.Bankr.Ct.Rules M.D.Fla., Rule 1.02.

**[28] Bankruptcy 51 ⚷2187**

51 Bankruptcy
51II Courts; Proceedings in General
51II(C) Costs and Fees
51k2182 Grounds and Circumstances
51k2187 k. Frivolity or Bad Faith; Sanctions. Most Cited Cases
Bankruptcy court has wide discretion in determining what type of sanctions to impose for discovery violations.

**[29] Bankruptcy 51 ⚷3040.1**

51 Bankruptcy
51IX Administration
51IX(A) In General
51k3040 Examination and Discovery
51k3040.1 k. In General. Most Cited Cases
In extreme cases, bankruptcy court may dismiss case or enter default judgment against offending party based on party's discovery violations.

**[30] Bankruptcy 51 ⚷2187**

51 Bankruptcy
51II Courts; Proceedings in General
51II(C) Costs and Fees
51k2182 Grounds and Circumstances
51k2187 k. Frivolity or Bad Faith; Sanctions. Most Cited Cases

**Bankruptcy 51 ⚷3040.1**

51 Bankruptcy
51IX Administration
51IX(A) In General
51k3040 Examination and Discovery
51k3040.1 k. In General. Most Cited Cases
Sanctions which may be imposed for party's discovery violations may include requiring errant attorney to circulate court's opinion to every member of his firm, attorney's suspension or disbarment from practice, or issuance of published or unpublished reprimand, as well as reasonable monetary sanctions.

**[31] Bankruptcy 51 ⚷2187**

51 Bankruptcy
51II Courts; Proceedings in General
51II(C) Costs and Fees
51k2182 Grounds and Circumstances
51k2187 k. Frivolity or Bad Faith; Sanctions. Most Cited Cases
Monetary sanction in amount of $250 was appropriate for trustee's overly burdensome and oppressive discovery requests and lack of diligence in freight undercharge proceeding in failing to even determine whether he had, in fact, sued correct party.

***848** Ronald Bergwerk, Jacksonville, FL, for Defendant.
George E. Ridge, Jacksonville, FL, Steven R. Browning, Jacksonville, FL, for Plaintiff.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

***FINDINGS OF FACT AND CONCLUSIONS OF LAW***

GEORGE L. PROCTOR, Bankruptcy Judge.
This proceeding is before the Court upon defendant's motion for sanctions against plaintiff and plaintiff's attorney. The Court ***849** heard the motion on May 18, 1995, and August 10, 1995. At the May hearing, the Court also heard defendant's motion for sanctions against plaintiff and plaintiff's attorney in *Lloyd T. Whitaker, Trustee v. Carparts Distribution Center, Inc.,* Adversary No. 91-998; and, *Lloyd T. Whitaker, Trustee v. Memorial Health Systems of Broward, Inc.,* Adversary No. 91-1124. At the conclusion of the *Carparts* hearing, the parties requested and the Court agreed to have the evidence entered in this adversary carried over to the *Carparts* proceeding. (Tr. p. 82). Defendant's motion for sanctions in the *Memorial Health* proceeding, however, was based on different factual allegations and the parties presented independent evidence to be utilized exclusively in that proceeding.

On June 8, 1995, July 12, 1995, and July 20, 1995, the Court heard 46 sanctions motions filed by defendants in similar adversary proceedings. In each of these, the parties stipulated that the evidence entered in this proceeding would be utilized to determine the outcome of those subsequent hearings.

Accordingly, the findings of fact and conclusions of law entered in this proceeding will govern the defendant's motions for sanctions filed in each of the proceedings listed in Appendix A. The Court will adjudicate the *Memorial Health* proceeding solely on the independent evidence presented in that proceeding.

Upon the evidence presented, the Court enters the following findings of fact and conclusions of law:

*FINDINGS OF FACT*

1. Prior to entering Bankruptcy, debtor was a common carrier by motor vehicle with its principal place of business in Jacksonville, Florida.

2. On October 16, 1990, debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code. On March 11, 1991, this Court entered an order converting the case to a Chapter 7.

3. Plaintiff was appointed as Chapter 11 Trustee on December 26, 1990 and Chapter 7 Trustee on March 11, 1991.

4. The proceedings at issue are representative of thousands of adversary proceedings in which the plaintiff is attempting to recover charges or undercharges for freight services rendered by the debtor to the defendants.

5. The Interstate Commerce Act, 49 U.S.C. § 10101, requires carriers to file their rates with the Interstate Commerce Commission. As required, debtor had rates on file with the Commission. In these proceedings, the plaintiff seeks to recover the difference between the discounted rates charged to customers and the actual filed rates.

Throughout the course of this undercharge litigation, the plaintiff has relied on two theories of recovery. In some instances, the plaintiff argues that rates paid according to unfiled secret shipper codes are illegal. The United States District Court for the Middle District of Florida held that the plaintiff does not have standing to pursue claims under the secret shipper theory. *Whitaker v. Dixie Tank Co.,* 1993 WL 787569 (M.D.Fla.). This decision is currently sub-judice with the Eleventh Circuit Court of Appeals.

6. On April 29, 1992, plaintiff propounded Plaintiff's First Set of Interrogatories to Defendant which consisted of eight interrogatories. (Deft.Ex. 2).

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

7. On December 3, 1993, the Negotiated Rates Act, 49 U.S.C. § 10101 (the NRA) became law. Section 2(a) of the NRA creates an exemption from freight undercharge liability to bankrupt carriers for small businesses who qualify as a "small business concern" under the Small Business Act (SBA). 15 U.S.C. § 631.

8. Under the SBA, business concerns are organized according to Standard Industrial Classification (SIC) Codes. Each SIC code provides a guideline for determining whether a concern is a small business based on average annual revenue or average number of employees. The SBA requires businesses to provide information regarding affiliates for purposes of determining whether the business qualifies as a "small business concern." *See*13 C.F.R. § 121.401.

9. In *Whitaker v. Power Brake Supply,* 1994 WL 519044 (M.D.Fla.), the United States District Court for the Middle District ***850** of Florida held that the NRA was applicable to the PIE undercharge cases. The Eleventh Circuit affirmed the District Court on November 15, 1995. 1995 WL 638414 (11th Cir.Fla.).

10. On August 19, 1994, in *Whitaker v. Fiberized Products,* this Court announced that it intended to promulgate a uniform procedure for dealing with discovery in proceedings in which a defendant filed a motion for summary judgment based on the small business exemption.

11. On September 22, 1994, counsel for plaintiff met with 37 attorneys representing multiple defendants. Following this meeting, the parties submitted to the Court their recommendations for the content of the case management order.

12. On November 7, 1994, in *Whitaker v. Paratherm Corporation,* Adv. No. 92-1178, the Court entered an order establishing the procedure for the disposition of a motion for summary judgment filed by a defendant asserting the small business exemption.

13. Pursuant to the *Paratherm* order, if a defendant claims it is a small business and files a summary judgment motion on that basis, the plaintiff is required to file a motion for discovery pursuant to Bankruptcy Rule 7056(f). Until a motion for summary judgment is filed, however, ordinary rules of discovery apply.

14. The defendants in these proceedings have not filed motions for summary judgment.

15. On March 27, 1995, plaintiff promulgated to defendant 21 requests for admissions (Deft.Ex. 4); nine interrogatories (23 including subparts) (Deft.Ex. 3); and 10 requests for production of documents (33 including subparts) (Deft.Ex. 5). Identical discovery was propounded to defendants in 5,750 other adversary proceedings. (Tr. p. 64).

16. On April 3, 1995, defendant filed a motion for protective order and a motion for sanctions against plaintiff and plaintiff's attorney. Defendant filed identical motions in the other adversary proceedings subject to these findings. The Court granted the motions for protective orders.

17. Defendant's motion for sanctions alleged that the discovery was propounded in bad faith, did not relate to any issue or defense raised by the defendant, was designed to coerce the defendant into settling, imposed a discovery burden for which the response would cost more that the amount at issue, and was designed to oppress, burden, and harass the defendant. Defendant argues that pursuant to Bankruptcy Rule 9011, the Court should impose sanctions in the amount of $10,000 against the plaintiff and plaintiff's attorney for each violation of the rule.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

*CONCLUSIONS OF LAW*

*I. Sanctions for Violation of Bankruptcy Rule 9011*

*A. Rule 9011 is applicable to discovery violations*

[1] In relevant part, Rule 9011 provides:
(a) Signature. Every petition, pleading, motion and other paper served or filed in a case under the Code on behalf of a party represented by an attorney, ... shall be signed by at least one attorney of record in the attorney's individual name, whose office address and telephone number shall be stated.... The signature of an attorney or a party constitutes a certificate that the attorney or party has ready the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation or administration of the case.... If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction....

Fed.R.Bankr.P. 9011.

The Advisory Committee notes for Rule 9011 state that "The last sentence of [subdivision a] authorizes a broad range of sanctions."***851** Fed.R.Bankr.P. 9011 Adv.Comm.Notes. Additionally, the notes state that "[t]he word 'document' is used in [subdivision a] to refer to all papers which the attorney or party is required to sign." *Id.*

Plaintiff asserts that courts have routinely refused to apply Rule 9011 to discovery disputes and argues that Rule 7026 provides the appropriate standard for sanctioning discovery violations. *See Weinberg v. Weinberg,* 163 B.R. 681, 684 n. 8 (Bankr.E.D.N.Y.1994) (holding that "an improper discovery request is more correctly governed by Federal Rule 26(g)."). The courts that follow this reasoning have concluded that Rule 9011 is an adaptation of Fed.Rule Civ.P. 11, which explicitly states that it is inapplicable to discovery requests. Fed.R.Civ.P. 11(d).

[2] This Court has held that statutes should be construed strictly to preserve the intent of the legislature. *In re Webb,* 132 B.R. 199, 201 (Bankr.M.D.Fla.1991). Although some Bankruptcy Rules incorporate the Federal Procedure Rules without change, a strict reading of Rule 9011 reveals that it differs from Federal Rule 11 in both language and application.

Rule 9011 makes sanctions available for every "petition, pleading, motion and other paper served or filed" in violation of the rule. Fed.R.Bankr.P. 9011. The Advisory Committee notes state that Rule 9011 applies to "all papers which the attorney or party is required to sign." Fed.R.Bankr.P. 9011 Adv.Comm.Notes. Thus, the language of Rule 9011 is more inclusive than that found in Fed.R.Civ.P. 11.

[3] In addition, the language of Fed.R.Civ.P. 11 which makes it inapplicable to discovery is not present in Rule 9011. The Supreme Court has concluded that " '[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.' " *Russello v. United States,* 464 U.S. 16, 23, 104 S.Ct. 296, 300, 78 L.Ed.2d 17 (1983) (quoting *United States v. Wong Kim Bo,* 472 F.2d 720, 722 (5th Cir.1972)).

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

The Court refused to attribute the same meaning to differently worded subsections, stating that the difference was not a "simple mistake in draftsmanship." *Russello,* 464 U.S. at 23, 104 S.Ct. at 300. If similar subsections within the same act must be construed differently based on the particular language used in each, two different rules of procedure must certainly be construed independent of one another if the deletion of language from one rule raises questions about its applicability to specific issues. *Id.*

In this case, the Court finds merit in the argument that Congress intentionally omitted from Rule 9011 any language which would make it inapplicable to discovery violations. Thus, Rule 9011 is available to impose sanctions on attorneys or other parties who serve discovery in violation of the Rule.

*B. Plaintiff's discovery request violated Rule 9011*

[4][5] The Eleventh Circuit has held that "[s]anctions under Bankruptcy Rule 9011 are warranted when (1) the papers are frivolous, legally unreasonable or without factual foundation, or ... filed in bad faith or for an improper purpose." *In Re Mroz,* 65 F.3d 1567, 1572 (11th Cir.1995). The test for imposing Rule 9011 sanctions requires a determination of 1) whether, based on the facts and law available to the signer at the time the document was filed or served, the attorney or signing party made a reasonable inquiry to determine the factual and legal legitimacy of the document; and 2) whether the attorney or signing party interposed the document for any improper purpose. This is an objective standard, thus the subjective good faith belief of the signer is irrelevant. *Id. See In re Kearney,* 121 B.R. 642, 646 (Bankr.M.D.Fla.1990) (holding that "the standard to be applied is objective, rather than subjective, and the subjective good faith of an attorney is no excuse.").

Plaintiff's counsel testified that the discovery requests were prepared "[i]n an effort to move the litigation along and prepare the cases for ultimate disposition or trials for summary judgment." (Tr. p. 53 lines 21-23). Plaintiff's counsel further testified that the discovery was designed to be applicable to ***852** thousand of defendants because it would be time-consuming for the plaintiff to serve successive sets of discovery. (Tr. p. 59-60).

*1. Plaintiff did not make a reasonable inquiry before propounding the discovery request*

[6] The Court heard testimony which revealed that plaintiff's counsel did consider this Court's prior rulings on discovery issues and Fed.R.Civ.P. 26 prior to propounding the discovery. (Tr. p. 60-61). The Court is satisfied that plaintiff made a reasonable inquiry into the law regarding discovery before propounding the disputed requests. The Court, however, is not convinced that plaintiff made a reasonable inquiry into the facts of each proceeding before propounding the discovery.

The purpose of the disputed discovery in this proceeding was to determine which, if any, affirmative defenses would be asserted by the defendants. (Tr. p. 61). Regardless of the amount of plaintiff's claim in the respective proceedings each defendant received the same discovery package, consisting of 21 requests for admissions, 9 interrogatories (23 including subparts), and 10 requests for production of documents (33 including subparts).

Although plaintiff and plaintiff's counsel may have believed that the discovery request was warranted by their desire to ascertain possible affirmative defenses, the Court finds it unreasonable to believe that plaintiff's factual inquiry went anywhere beyond its determination that

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

the defendants in these proceedings had not filed motions for summary judgment. The plaintiff's subjective good faith attempt to propound relevant discovery on 5,750 defendants is not enough to meet the objective standard of inquiry required by Rule 9011.

*2. Plaintiff's discovery was interposed for an improper purpose*

Defendant alleges that plaintiff propounded the discovery in apprehension of the Eleventh Circuit's affirmance of the District Court's holding in the *Frito Lay* case. (Deft. Brief p. 8). Defendant suggests that plaintiff's primary theory of recovery in the undercharge litigation cases would be eliminated if the Eleventh Circuit finds that the plaintiff does not have standing to pursue claims under the "secret shipper" theory. Thus, defendant argues that plaintiff served the discovery in attempt to coerce as many settlements as possible prior to the Eleventh Circuits' decision in *Frito Lay*. (Deft.Brief p. 8). Although the Court finds the evidence on this argument to be unpersuasive, the Court does find that the discovery was propounded to harass the defendants.

Plaintiff testified that following the implementation of the *Paratherm* order, plaintiff anticipated that thousands of defendants would file motions for summary judgment. (Tr. p. 45). Had this been the case, plaintiff would have been authorized to promulgate discovery relating to defendant's status as a small business concern. (Tr. p. 45).

The poor response to the *Paratherm* order prompted the plaintiff to notify defendants formally that they had to elect whether they were going to pursue a defense under the Negotiated Rates Act (Tr. p. 46). After a group of defendants filed an objection to the election notice in the District Court, the plaintiff agreed to defer the election responses. Shortly after this compromise, in what appears to be plaintiff's third attempt to reign in any defendants asserting the small business exemption, plaintiff propounded the discovery that is currently in dispute. (Tr. p. 47).

*Plaintiff's Request for Admissions*

[7] Each defendant in these related adversaries was served with 21 Requests for Admissions (Deft.Ex. 4). Thirteen of the 21 requests sought to elicit information that would disqualify a defendant from seeking the small business exemption. (Deft.Ex. 4). Two of the requests specifically ask a defendant to deny that it is a small business. (Deft.Ex. 4). Plaintiff's attempt to elicit such information can be construed as another attempt to force defendants to declare that they are or are not a small business, which in effect serves the same purpose as the notice of election. The Court finds that the requests for admissions were propounded to harass the defendants into making a declaration***853** of whether they would or would not pursue the small business exemption defense. Given the volatile nature of this information and the history of discovery disputes it has produced, the Court finds that plaintiff's requests for admissions were improper.

[8][9] In addition to being a source of harassment to the defendants, the Court finds that Plaintiff's Requests for Admissions made inquiries that violate normal rules of discovery. First, a request for admission of a conclusion of law is improper. *Fidelity Trust Co. v. Stickney,* 129 F.2d 506 (7th Cir.1942). Additionally, a request for admission as to a central fact in dispute is beyond the proper scope of normal discovery. *Pickens v. Equitable Life Assurance Society,* 413 F.2d 1390 (5th Cir.1969). Although some courts have held that a plaintiff may seek admission on "ultimate facts," this Court concludes that "the plaintiff is not entitled to force the defendants to admit or deny

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

the plaintiff's carefully phrased statements on the crucial issues in the case." *Minnesota Mining & Manufacturing Co. v. Norton Co.,* 36 F.R.D. 1, 3 (N.D.Ohio 1964).

Plaintiff admits that four of the Requests for Admissions require the defendant to make a conclusion of law. (Deft.Ex. 4; Tr. p. 27 at lines 16-22; p. 28 at lines 3-7; p. 30 at lines 15-23; and p. 31 lines 1-4). In light of relevant case law and general discovery practices, these requests for admissions are improper.

Three of plaintiff's requests for admission directly request the defendant to admit or deny whether the defendant is not a small business. (Deft.Ex. 4). These requests clearly require the defendant to admit a crucial issue in the dispute. The other requests for admissions seek to elicit the same information indirectly by inquiring into the size of defendant's business, the number of defendant's employees, and the existence or influence of any of defendant's affiliates. The Court finds that the requests were improperly propounded to force the defendant to concede a highly contested factual issue prior to trial.

[10] The Court also finds plaintiff's requests for admissions violate Fed.R.Civ.Pro. 36(a). The instructions accompanying the requests require that if a defendant does not admit a request, the defendant should fully explain why the request cannot be admitted. (Deft.Ex. 4 at 2). Rule 36, which is made applicable to this proceeding by Fed.R.Bankr.P. 7036, states that a party may "deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter." Fed.R.Civ.P. 36(a). Plaintiff's counsel testified that he was aware of Rule 36, but was unable to provide any legal support for his contention that the Rule requires a defendant to explain any request that was denied. (Tr. p. 67).

Defendant argued that the rule does not require an explanation of a denial, and that plaintiff's modification of the rule effectively changed the request for admissions into interrogatories. (Deft.Brief at 3). Defendant further argued that the plaintiff disguised the questions as requests for admissions to circumvent the rules limiting the number of interrogatories. (Deft.Brief.P. 3).

[11] Requests for admissions and interrogatories are not interchangeable procedures. *California v. The Jules Fribourg,* 19 F.R.D. 432, 435 (N.D.Cal.1955). Utilizing interrogatories disguised as requests for admissions in an attempt to circumvent a local rule limiting the number of interrogatories is an abuse of the discovery process. *Misco, Inc v. United States Steel Corp.,* 784 F.2d 198, 206 (6th Cir.1986).

The Court finds that plaintiff's request for admissions was improper because it attempted to eliminate central issues in dispute, required the defendant to make legal conclusions, and impermissibly required the defendant to provide explanations of denials.

*Plaintiff's Interrogatories*

[12] On April 29, 1992, plaintiff served defendant with eight interrogatories. (Deft.Ex. 2). On March 27, 1995, plaintiff served defendant with nine interrogatories (23 including subparts). (Deft.Ex. 3). Defendant argues that the number of interrogatories exceeds the number permitted by law and ***854** that the interrogatories were designed to burden the defendant. (Deft.Brief p. 3-4).

Federal Rule of Civil Procedure 33(a) limits each party to 25 written interrogatories. The rule is made applicable to this proceeding by Local Rule 2.15. The local rules became effective on February 15, 1995. Plaintiff testified that he was aware that 8 interrogatories were sent in the first set of discovery and followed

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

by the 23 interrogatories that are in dispute. (Tr. p. 9, 12). Plaintiff also admitted that combined, the two sets of interrogatories exceeded the number allowed by the Local Rules. (Tr. at 13).

Plaintiff's counsel also admitted that he was aware of the Local Rule limiting the number of interrogatories to 25. (Tr. p. 57-58). Plaintiff's counsel, however, stated that he did not believe the interrogatories violated the local rule because a number of the questions were "contingent interrogatories" which need only be answered depending on how a particular defendant responded to previous questions in the same series. (Tr. p. 65). Although plaintiff's current counsel did not sign the first set of interrogatories, he was aware of the number propounded. The Court finds that the information regarding the first set of interrogatories was available to the plaintiff and the Local Rule is unambiguous. Thus, the plaintiff has no excuse for exceeding the number of interrogatories allowed by law.

[13][14][15] The Court also finds that the interrogatories are overly burdensome on the defendant. Interrogatories are designed to elicit information which is "reasonably calculated to lead to the discovery of admissible evidence." *California v. The Jules Fribourg,* 19 F.R.D. 432, 435 (N.D.Cal.1955). *See*Fed.R.Civ.P. 26(b). Like other discovery methods, however, the use of interrogatories is improper if it is so overly burdensome that it harasses the other party. Plaintiff's interrogatories are accompanied by five pages of detailed instructions and definitions which prelude a lengthy series of equally complex questions. (Deft.Ex. 3).

Interrogatory Number 2 is exemplary of the voluminous amount of information sought by the plaintiff. Subpart A of interrogatory number 2 states:

For the years 1988, 1989, 1990, 1992, 1993, and 1994, and for any fiscal year coinciding, in whole or in part, with those years, *identify* each of Defendant's directors, partners, *key employees,* shareholders (*including* but not limited to partnerships, corporations, individuals or trusts), officers *and* any other individual, *entity,* or other *party* that *controls* or has the power to *control* defendant.

(Deft.Ex. 3) (emphasis added).

The nine words underlined in the above quotation are defined by the plaintiff in the definitional portion of the interrogatories, and require the defendant to first determine the precise meaning of each word in the question before attempting to answer it. (Deft.Ex. 3). The word "identify" alone is subject to a six paragraph definition. (Deft.Ex. 3).

In addition to the difficulty encountered by the defendant in attempting to ascertain the meaning of the interrogatories, the defendant faces the equally challenging burden of accumulating the information needed to answer the question. To answer subpart A of interrogatory number 2, a defendant would be required to examine six years worth of countless documents. The remaining subparts of interrogatory number two and the other interrogatories place a tedious burden on the defendant to comprehend and to respond to the questions. The Court finds that the plaintiff's interrogatories are improper because they over-burden and harass the defendant.

*Plaintiff's Request for Production*

Each defendant was served with a request for production of documents which includes 31 specific requests (Deft.Ex. 5). The request for production requires defendants to utilize the definitional portion of plaintiff's interrogatories to determine the precise meaning of each request. (Deft.Ex. 5 at c-2).

The Court has previously indicated that the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

definitional portion of plaintiff's interrogatories is cumbersome. The complex definitions***855** become even more burdensome when coupled with plaintiff's request for documents which requires defendants to provide a myriad of documents for a six year period. (Deft.Ex. 5). The Court finds that Plaintiff's request for Production of documents is improper because it is overly burdensome on the defendant.

Given the facts and information available to him at the time the discovery was served, plaintiff's counsel should have known the discovery request was unreasonable. The Court finds that plaintiff's request for admissions, request for production of documents, and interrogatories are improper because they overly burden and harass the defendant. The discovery request violates Rule 9011 and the Court finds that sanctions should be imposed. Before discussing the appropriate sanction, however, the Court will discuss its other sanctioning powers which substantiate the Court's authority to impose sanctions against Plaintiff and his counsel.

*II. Sanctions Available Under Federal Rule of Civil Procedure 26*

[16] Rule 26 is made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7026. The portion of Rule 26 relevant to this proceeding provides as follows:
(g)(2) ... The signature of the attorney or party constitutes a certification that to the best of the signer's knowledge, information, and belief, formed after a reasonable inquiry, the request, response, or objection is:
(A) consistent with these rules and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law;
(B) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and
(C) not unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

. . . . .
Fed.R.Civ.P. 26.

[17] The majority of courts have held that the reasonableness standard utilized to evaluate conduct under Rule 9011 is also applicable to Rule 26. *See In re Byrd, Inc.,* 927 F.2d 1135 (10th Cir.1991). Thus, plaintiff's discovery request must be objectively evaluated.

[18][19] If discovery is propounded in violation of Rule 26, the Court must impose sanctions. Fed.R.Civ.P. 26(g)(3). One court has held that "the spirit of the rule is violated when discovery is used as a tactical weapon rather than to explore a party's claims and the facts connected therewith." *Weinberg v. Weinberg,* 163 B.R. 681, 684 (Bankr.E.D.N.Y.1994).

For reasons described above, the Court finds that plaintiff's discovery request was unduly burdensome on the defendants. The discovery request was served in violation of Rule 26 and the Court must impose sanctions.

*III. Sanctions available under Local Rule 1.02*

[20] Rule 1.02 of the Rules of the United States Bankruptcy Court For the Middle District of Florida provides:
The Court, on its own motion or on the motion of any party in interest, may impose sanctions for failure to comply with the Local Rules....

Local Rule 1.02.

Local Rule 2.15 limits the number of interrogatories to 25, including subparts. Plaintiff's

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

counsel testified that he was aware of the local rule limiting the number of interrogatories. (Tr. p. 57 lines 9-20; Tr. p. 58 lines 2-5). Plaintiff's counsel argued that he did not believe he violated the rule because he believed a number of the interrogatories were "contingent." (Tr. p. 65 lines 11-17).

The Local rule makes no mention of whether "contingent" interrogatories are to be excluded when an attorney tabulates the number of interrogatories propounded. ***856** Plaintiff propounded a total of 31 interrogatories on defendant. The Court finds that a clear reading of the rule limits the plaintiff to 25. Thus, plaintiff violated the Local Rule and is subject to sanctions under Local Rule 1.02.

*IV. Sanctions Available Under The Court's Inherent Powers*

[21] The Supreme Court most recently recognized the inherent powers of courts in *Chambers v. NASCO, Inc.,* 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27. (1991). In *Chambers,* the Court emphatically held that a Court's inherent power to sanction exists separate and apart from any rules or statutes which might allow the imposition of sanctions. The Court stated that

[i]n circumstances ... in which all of a litigant's conduct is deemed sanctionable, requiring a court first to apply rules and statues containing sanctioning provisions to discrete occurrences before invoking inherent power to address remaining instances of sanctionable conduct would serve only to foster extensive and needless satellite litigation, which is contrary to the aim of the Rules themselves.

*Id.* at 51, 111 S.Ct. at 2136.

[22][23][24] The Eleventh Circuit addressed the idea of inherent powers in *In re Mroz,* 65 F.3d 1567 (11th Cir.1995). The Eleventh Circuit held that inherent powers "are necessarily vested in courts to manage their affairs to 'achieve the orderly and expeditions disposition of cases.' " *Id.* at 1575 (citing *Chambers v. NASCO, Inc.,* 501 U.S. at 43, 111 S.Ct. at 2132). Thus, inherent powers can be utilized even when a specific rule allows sanctions for that same conduct. *Id. See also In re Costello,* 176 B.R. 592, 595 (Bankr.M.D.Fla.1994). The Eleventh Circuit also held that the "invocation of a court's inherent power requires a finding of bad faith." *Mroz* at 1575. Bad faith includes vexations, wanton, or oppressive behavior. *Id.*

[25] Before imposing sanctions pursuant to its inherent powers, however, the Court must afford the sanctioned party notice and an opportunity to be heard regarding the sanctions motion. *Id.*

Plaintiff was given notice and an opportunity to be heard in each of the proceedings in which sanctions motions are pending. Thus, the Court is now free to determine whether its inherent powers should be utilized to impose sanctions against plaintiff and plaintiff's counsel. The Court has already found that plaintiff's discovery request was unreasonable and overly burdensome. The Court has also concluded that the discovery was so burdensome as to harass the defendant. Based on these earlier findings, the Court must conclude that the plaintiff's discovery request was the product of vexatious, wanton, and oppressive behavior. The Court finds that the discovery was propounded in bad faith and that the Court's inherent powers should be invoked to sanction plaintiff's unreasonable conduct.

*V. Imposition of Appropriate Sanctions*

[26] Pursuant to Bankruptcy Rule 9011, Fed.R.Civ.P. 26, Local Rule 1.02, and the Court's inherent powers, the Court has the authority to impose sanctions against the plaintiff

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

and plaintiff's counsel for propounding an unreasonable, overly burdensome discovery request which harassed defendants into filing protective orders and motions for sanctions. The Eleventh Circuit has explicitly stated that courts must discuss the factors considered in imposing sanctions. *In re Chase & Sanborn Corp.,* 872 F.2d 397 (11th Cir.1989).

[27] Other bankruptcy courts have suggested the following factors be considered when imposing sanctions:
-The good faith or bad faith of the offender;
-The degree of willfulness, vindictiveness, negligence or frivolousness involved in the offense;
-The knowledge, experience and expertise of the offender;
-Any prior history of sanctionable conduct on the part of the offender;
-The impact of the sanction on the offender, including the offender's ability to pay a monetary sanction;
-Burdens on the court system attributable to the misconduct, including consumption***857** of judicial time and incurrence of juror fees and other court costs;
-The timing of, and circumstances surrounding, any voluntary withdrawal of a pleading, motion or other paper....

*In re Omega Trust,* 110 B.R. 665, 673 (Bankr.S.D.N.Y.1990).

This Court has already found that plaintiff acted vexatiously in propounding the discovery. Both plaintiff and plaintiff's counsel are experienced practitioners who routinely appear before this Court. Their conduct that is subject to this opinion, however, has burdened the defendant with oppressive discovery and burdened the Court with excessive litigation. Although plaintiff voluntarily withdrew some discovery requests and consented to the entry of protective orders, these acts were not undertaken until after the Court had begun hearings on plaintiff's discovery. This Court has previously imposed sanctions against plaintiff and plaintiff's counsel in another adversary proceeding in which plaintiff sued the wrong party. *Whitaker v. Tube Light Co., Inc.,* 186 B.R. 157 (Bankr.M.D.Fla.1995).

[28][29][30] The Eleventh Circuit is among the majority of courts which agree that a court has wide discretion in determining what type of sanctions to impose. *Donaldson v. Clark,* 819 F.2d 1551, 1557 (11th Cir.1987). In extreme cases, a court could dismiss the case or enter a default judgment against the offending party. *Id.* at n. 6. Other sanctions could include "requiring the errant attorney to circulate the court's opinion ... to every member of his firm ... suspension or disbarment from practice ... or issuing a published or unpublished reprimand." *Id.* at n. 7. The Eleventh Circuit also endorses the imposition of a reasonable monetary sanction. *Id.* at n. 6. *See also In re Omega Trust,* 110 B.R. 665 (Bankr.S.D.N.Y.1990) (providing a detailed list of appropriate sanctions).

This Court believes that a reasonable monetary sanction should be imposed to deter plaintiff from such egregious conduct in the future. Defendant suggested the Court impose sanctions against plaintiff in the amount of $10,000 per violation. Defendant, however, offered no evidence of costs or fees which would justify such a large award. For this adversary proceeding and the proceedings listed in Appendix A, the Court imposes sanctions against the plaintiff in the amount of $250 per proceeding. The sanctions will be paid by the plaintiff to the defendant in care of defendant's counsel.

*VI. Defendant Memorial Health Systems of Broward Inc.'s Motion for Sanctions*

[31] The facts surrounding defendant's motion for sanctions in this adversary differ slightly

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

form the other adversaries discussed in this opinion. As in the other adversaries, this defendant alleges that plaintiff's discovery request was burdensome and oppressive. Defendant argues, however, that plaintiff's conduct was especially egregious in this proceeding because plaintiff propounded the discovery after being twice informed that the defendant had never done business with the plaintiff. (Tr. p. 89 lines 7-21; Tr. p. 91 lines 2-3; Deft.Ex. 2 & 4). In its answer to the complaint and to plaintiff's first set of interrogatories, the defendant stated that it had no business relations with the plaintiff. (Deft.Ex. 2 & 4).

Plaintiff argued that it did sue the correct party, claiming that the defendant was a surviving entity of a merger between Memorial Hospital and Health Systems of Broward, Inc. (Tr. p. 4, 11-12, 19, 25). However, plaintiff's counsel also stated that he could not guarantee that he reviewed this actual proceeding to determine whether plaintiff had sued the correct party. (Tr. p. 21 lines 12-19).

The Court is not satisfied that plaintiff's inquiry into the correct name of the defendant was sufficient to ward off allegations that he acted unreasonably and sued the wrong party. Given the peculiar facts of this proceeding, plaintiff's conduct was unreasonable. Plaintiff's lack of diligence to determine if in fact it sued the correct party simply compounds the problems plaintiff faces with the discovery request.

The Court finds that plaintiff's conduct in regards to this proceeding is inexcusable. Plaintiff should have made further inquiry to ***858** determine whether defendant was the correct party to be sued. In addition, plaintiff's discovery request was unduly burdensome and oppressive.

Based on the analysis above, the Court will impose sanctions against the plaintiff in the amount of $250 to be payable to the defendant in care of defendant's counsel.

*VII. Conclusion*

Bankruptcy Rule 9011 prohibits a party from filing or serving any paper that is improper and authorizes the imposition of sanctions against a party who violates the rule. Plaintiff's discovery request is improper because it is unreasonable and unduly burdensome on the defendant. The Court also has sanctioning power under Fed.R.Civ.P. 26, Local Rule 1.02, and its inherent powers. Combined, these Rules equip the Court with substantial authority to sanction the plaintiff for serving an unreasonable and unduly burdensome discovery request on the defendant. In this adversary, the adversary proceedings listed in Appendix A, and the adversary proceeding involving Memorial Health Systems of Broward, Inc., the Court imposes sanctions against the plaintiff in the amount of $250 per proceeding. The Courts records indicate that a total of 48 proceedings are subject to this opinion. Thus, by separate order, the Court will order the plaintiff to pay to each defendant the sum of $250. The award will be payable to defendant in care of defendant's counsel.

*APPENDIX A*

| ADV. | #Plaintiff | | Defendant |
|---|---|---|---|
| 91-998 | Lloyd T. Whitaker | v. | Carparts Distribution Center, Inc. |
| 92-6099 | Lloyd T. | v. | Harris Adacom Corporation, N.A. |

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

| | | | |
|---|---|---|---|
| | Whitaker | | |
| 92-6192 | Lloyd T. Whitaker | v. | Fleet Electrical Service, Inc. |
| 92-6289 | Lloyd T. Whitaker | v. | Gas Equipment Company of Denver |
| 92-6358 | Lloyd T. Whitaker | v. | Intertractor America Corporation |
| 92-6423 | Lloyd T. Whitaker | v. | General Machine Shop, Inc. |
| 92-6457 | Lloyd T. Whitaker | v. | Sanford Corporation |
| 92-6590 | Lloyd T. Whitaker | v. | Easterday Janitorial Supply Co. |
| 92-6667 | Lloyd T. Whitaker | v. | Louisville Public Warehouse Co. |
| 92-6826 | Lloyd T. Whitaker | v. | Bell & Howell Company |
| 92-7079 | Lloyd T. Whitaker | v. | Kirby Manufacturing, Inc. |
| 92-10040 | Lloyd T. Whitaker | v. | D & P Products |
| 92-10125 | Lloyd T. Whitaker | v. | C & C Special Products |
| 92-10182 | Lloyd T. Whitaker | v. | All Cargo Intermodal Forwarding |
| 92-10625 | Lloyd T. Whitaker | v. | DMI Furniture, Inc. |
| 92-12148 | Lloyd T. Whitaker | v. | Barry's Camera, Inc. |
| 92-12317 | Lloyd T. Whitaker | v. | Mouse Systems Corporation |
| 92-12320 | Lloyd T. Whitaker | v. | Unarco Industries, Inc. |
| 92-12367 | Lloyd T. Whitaker | v. | Data Documents, Inc. |
| 92-12460 | Lloyd T. Whitaker | v. | VIC Manufacturing Company |
| 92-12863 | Lloyd T. Whitaker | v. | Crane Plastics, Inc. |
| 92-12915 | Lloyd T. Whitaker | v. | Plolygal U.S.A., Inc. |

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

| | | | |
|---|---|---|---|
| 92-12919 | Lloyd T. Whitaker | v. | Nationwide Industries, Inc. |
| 92-12942 | Lloyd T. Whitaker | v. | Spralding International, Inc.-South |
| 92-13086 | Lloyd T. Whitaker | v. | Stuart Hall Company, Inc. |
| 92-13160 | Lloyd T. Whitaker | v. | ABT, Inc. |
| 92-13848 | Lloyd T. Whitaker | v. | Artcraft, Inc. |
| 92-13992 | Lloyd T. Whitaker | v. | Forenta, Inc. |
| 92-14056 | Lloyd T. Whitaker | v. | Wattyl Paint Corporation |
| 92-21832 | Lloyd T. Whitaker | v. | Newell Co. |
| 92-14110 | Lloyd T. Whitaker | v. | Viking Metallurgical Corp. |
| 92-16652 | Lloyd T. Whitaker | v. | WT Rogers Company, Inc. |
| 92-17433 | Lloyd T. Whitaker | v. | Acoustic Sciences Corporation |
| 92-22373 | Lloyd T. Whitaker | v. | Ralph Wilson Plastics Company |
| 92-22573 | Lloyd T. Whitaker | v. | Atlanta, Inc. |
| 92-23120 | Lloyd T. Whitaker | v. | M & W Electric Manufacturing Co. |
| 92-23158 | Lloyd T. Whitaker | v. | Double E Electronics, Inc. |
| ADV. | #Plaintiff | | Defendant |
| 92-23561 | Lloyd T. Whitaker | v. | Nichols-Homeshield, Inc. |
| 92-23842 | Lloyd T. Whitaker | v. | MGM/UA Home Entertainment Group, Inc. |
| 92-23847 | Lloyd T. Whitaker | v. | Diagnostics & Design, Inc. |
| 92-23856 | Lloyd T. Whitaker | v. | Columbia Pictures Entertainment, Inc. |
| 92-23858 | Lloyd T. Whitaker | v. | Silver Sails, Inc. |

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

| | | | |
|---|---|---|---|
| 92-2450 1 | Lloyd T. Whitaker | v. | UNR, Inc. |
| 92-2465 7 | Lloyd T. Whitaker | v. | U.S. Auto Radiator MFG. Corp. |
| 92-2481 5 | Lloyd T. Whitaker | v. | Alberto Merchiori |
| 92-6171 | Lloyd T. Whitaker | v. | Art Direction |
| 91-1124 | Lloyd T. Whitaker | v. | Memorial Health Systems of Broward, Inc. |

Bkrtcy.M.D.Fla.,1995.
In re Olympia Holding Corp.
189 B.R. 846

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.