**H**
Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co., Inc.
N.D.Ind.,1990.

United States District Court,N.D. Indiana,Fort Wayne Division.
GOLDEN VALLEY MICROWAVE FOODS, INC., Plaintiff,
v.
WEAVER POPCORN COMPANY, INC., and Beatrice/Hunt-Wesson, Inc. and American Packaging Corporation, Defendants.
**Civ. No. F 88-251.**

Jan. 17, 1990.

Patent holder brought action for infringement of patents. Alleged infringers filed motion to compel answers to requests for admissions, which patent holder opposed. The District Court, Roger B. Cosbey, United States Magistrate, held that: (1) alleged infringers could seek discovery about patent claims that patent holder did not put at issue, and (2) requests for admissions regarding validity of patent claims were improper.

Motion granted in part and denied in part.

West Headnotes

**[1] Patents 291 ⚷292.1(2.1)**

291 Patents
291XII Infringement
291XII(C) Suits in Equity
291k292 Discovery
291k292.1 Interrogatories
291k292.1(2) Scope
291k292.1(2.1) k. In General. Most Cited Cases
(Formerly 291k292.1(2))
Alleged patent infringers were entitled to seek discovery about those patent claims that patent holder did not allege were infringed, given alleged infringers' allegations that patent holder employed inequitable conduct with respect to certain claims which, if proven, would render entire patent unenforceable; patent holder could not parry discovery thrust by anticipatory initial skillful pleading when counterclaim was filed that legitimately broadened scope of case. Fed.Rules Civ.Proc.Rule 26(b)(1), 28 U.S.C.A.; 35 U.S.C.A. § 282(2).

**[2] Patents 291 ⚷292.4**

291 Patents
291XII Infringement
291XII(C) Suits in Equity
291k292 Discovery
291k292.4 k. Other Matters. Most Cited Cases
(Formerly 291k292)
Alleged patent infringer's requests for admissions seeking from patent holder bald legal conclusion that certain patent claims were invalid were improper. Fed.Rules Civ.Proc.Rule 36(a), 28 U.S.C.A.

***93** Edward M. O'Toole and Madeline H. Devereux, Marshall, O'Toole, Gerstein, Murray & Bicknell, Chicago, Ill., and Arthur G. Surguine, Jr., Ft. Wayne, Ind., for plaintiff.
Thomas M. Shoaff, Randall D. Smith, Baker & Daniels & Shoaff, Fort Wayne, Ind., and Richard D. Harris, John S. Pacocha, Howard E. Silverman, Max Shaftal, Dick and Harris, and Jody L. Factor, Chicago, Ill., for defendant.
Steven L. Jackson, Dennis J. Grotrian, Miller, Grotrian, Stewart & Jackson, Fort Wayne, Ind., and Robert A. Schroeder, Richard S. Bullitt, Joseph T. Jakubek and Craig Summers, Pretty, Schroeder,

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Brueggemann & Clark, Los Angeles, Cal., for intervening defendants Beatrice/Hunt Wesson Inc. and American Packaging Corp.

MEMORANDUM OF DECISION AND ORDER

ROGER B. COSBEY, United States Magistrate.

This matter is before the Magistrate [FN1] for ruling on discovery issues pursuant to the Amended Order of Reference by the Honorable William C. Lee, of the District Court entered December 28, 1989.

FN1. Jurisdiction of the undersigned Magistrate is based upon 28 U.S.C. § 636(b)(1)(A) and local rule M-1(c); determination of non-dispositive pretrial matters.

The parties appeared before the Magistate for a hearing on those discovery issues on January 10, 1990 and reported that though cooperative efforts, all issues outlined in the current pending motions [FN2] have been resolved except intervening defendants/counterclaimants', Beatrice-Hunt-Wesson, Inc. ("Hunt-Wesson") and American Packaging Corp. ("American"), motion to compel answers to their 75 Requests for Admission, heretofore, served upon plaintiff, Golden Valley Microwave Foods, Inc. ("Golden Valley"). For reasons stated below, Hunt-Wesson's and American's motion to compel will be granted in part and denied in part.

FN2. Motions pending at the time of reference included, plaintiff's motion to compel filed October 24, 1989; defendants', Hunt-Wesson and American, December 12, 1989 motion to compel and defendants', Hunt-Wesson and American, December 8, 1989 motion for a protective order.

*Factual Background*

For purposes of our drama it is not necessary to fully recount the story as it has now unfolded; suffice it to say that Golden Valley produces and sells microwavable foods including popcorn. Defendant-Weaver manufactures and sells microwave popcorn. Defendant-Hunt-Wesson produces and packages food products including microwave popcorn under the tradename "Orville Redenbacher's" and Defendant-American supplies packages to Hunt-Wesson for its microwave popcorn. All of the defendants are allegedly utilizing a device which is known as a flexible packing sheet in packaging their microwave popcorn product. This device, when exposed to microwave rays, is a major component in causing the popcorn to pop. Golden Valley alleges that defendants are infringing on ***94** their patent for such a device. Defendants generally deny the validity of the patent and any infringement.

*Procedural Background*

Golden Valley's amended complaint, filed in this court, alleges that all defendants have infringed upon and continue to infringe upon claims 15-22 of patent '513 and have infringed upon and continue to infringe upon claims 1-12 and 15 of patent '765 regarding generally the flexible packing sheet.[FN3]

FN3. When the suit was commenced it was for violation of patent No. 4,735,513 ('513), Flexible Packaging Sheets. Since commencement of the case, the court has granted permission to also in-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

clude patent No. 4,878,765 ('765), Flexible Packaging Sheets and Packages Formed Therefrom.

Defendants, Hunt-Wesson and American, had previously filed a declaratory judgment suit against Golden Valley, in California for alleged violations of patent '513. After leave was granted to Hunt-Wesson and American to intervene in this case, they dismissed the California action. In their answer, Hunt-Wesson and American allege the invalidity of the patents and seek, by way of a counterclaim, a declaration as to: the validity of the patents in question; the scope of those patents; and whether they have infringed upon any valid claim of those patents.

DISCUSSION

Hunt-Wesson and American have served upon Golden Valley, pursuant to Rule 36 of the Federal Rules of Civil Procedure ("FRCP"), 75 requests for admission seeking to have Golden Valley admit or deny that the claims 1-14 and 23 (in contradistinction to claims 15-22) of patent No. '513 (sometimes referred to as "the unasserted claims") are invalid and have not been infringed upon by defendants Hunt-Wesson and American.

To oversimplify the arguments of the parties, Golden Valley responds that the requests are outside the scope of the litigation as defined by their amended complaint and that, therefore, there is no justiciable controversy on those claims. Hunt-Wesson and American counter that the validity of those claims focused upon in their requests for admission has been raised in the counterclaim for declaratory relief and thus, in controversy and relevant. A further objection raised by Golden Valley to the 75 requests for admission is that they run afoul of local rule 14(c) which reads in part:

No party shall serve on any other party more than thirty (30) ... requests for admission, including subparagraphs, without leave of court ... Any party desiring to serve additional ... requests for admission shall file a written motion setting forth the proposed ... requests for admission and the reasons establishing good cause for their use.[FN4]

FN4. It should be noted that Hunt-Wesson and American originally filed their requests in the California action where apparently no such local rule prevails.

The court will address the issues raised by defendants motion to compel and the violation of local rule 14(c) seriatim.

I. Motion to Compel

[1] Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the general scope of discovery and reads in pertinent part:

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party ... It is not ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Hunt-Wesson's and American's claim for affirmative relief is framed by their counterclaim for declaratory judgment seeking to have Golden Valley's patent, '513, declared to be completely invalid. This frontal assault on the patent has been launched

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

via 28 U.S.C. § 2201(a) which reads in pertinent part:***95** In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration.

Therefore, the limits of this action are that an "actual controversy" must exist as a prerequisite to the court's jurisdiction. *Golden v. Zwickler,* 394 U.S. 103, 108, 89 S.Ct. 956, 959, 22 L.Ed.2d 113 (1969). The determination of whether a justiciable case or controversy exists requires a fact sensitive inquiry on a case by case basis. *Babbit v. Farm Workers,* 442 U.S. 289, 297-8, 99 S.Ct. 2301, 2308, 60 L.Ed.2d 895 (1979).

Focusing on a patent invalidity declaratory judgment counterclaim, a two step analysis must be employed to determine the existence of such a case or controversy. First, the conduct of the declaratory judgment defendant, Golden Valley, must be examined to determine whether it has engaged in conduct that created a reasonable apprehension on the part of the declaratory judgment plaintiffs, Hunt-Wesson and American, that they will face an infringement suit if they continue the activity in question. *Jervis B. Webb Co. v. Southern Systems, Inc.,* 742 F.2d 1388, 1398 (Fed.Cir.1984). Second, the conduct of the declaratory judgment plaintiffs must be scrutinized to determine whether they are actually producing or have prepared the accused device. *Id.* at 1399.

At this juncture, the court pauses to note that it has not been asked (except perhaps, only inferentially by Golden Valley) to assess the justiciability of defendants counterclaim.[FN5] Indeed, to launch into the fact sensitive inquiry necessary to make such a determination would seemingly be a bit premature during the "discovery phase" of the case, while counsel are still in the process of discovering the "facts".[FN6] Correspondingly, Hunt-Wesson and American have alleged in their counterclaim language which if read most broadly, seemingly satisfies the two-tier inquiry.[FN7]

FN5. Golden Valley has not filed the traditional pleadings which would squarely bring this question to the courts attention; such as a motion to dismiss, Rule 12(b) FRCP; or a motion for summary judgment, Rule 56 FRCP.

FN6. Discovery remains open by court order until April 30, 1990.

FN7. See Hunt-Wesson and American Counter Claim ¶ 8, 9, and 10.

Rather, the proper focus of the court under Rule 26(b) and Rule 36(a) FRCP should be confined to traditional notions of relevance. For the court to decide the justiciability of defendants counterclaim (even inferentially) under the guise of determining the relevancy of certain requested admissions could eviscerate defendant's case without having been confronted with the proper procedural vehicle to do so; and may be outside the confines of the amended order of reference entered December 28, 1989. *E.I. du Pont de Nemours & Co. v. Phillips Petroleum Co. and Phillips Chemical Co.,* 24 F.R.D. 416, 422 (D.Del.1959). Mere examination of the pleadings in this case discloses that the scope of the matters sought to be admitted are indeed relevant. See *E.H. Tate Co. v. Jiffy Enterprises,* 16 F.R.D. 571 (E.D.Pa.1954). This conclusion is reached especially given Hunt-Wesson and American's assertions that Golden Valley may have employed inequitable conduct with respect to certain claims which,

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

if proven, would render the entire '513 patent unenforceable. *J.P. Stevens & Co. v. Lex Tex Ltd., Inc.,* 747 F.2d 1553, 1561 (Fed.Cir.1984). A litigant should not be able to parry a discovery thrust by anticipatory initial skillful pleading when a counterclaim is filed that legitimately broadens the scope of the case.

Likewise, if the '513 patent is indeed unenforceable as contended by Hunt-Wesson and American this clearly would constitute a 35 U.S.C. § 282(2) "defense" for purposes of Rule 26(b) FRCP identifying the permissable scope of discovery.

Therefore, discovery as to Golden Valley's unasserted claims under patent '513 is relevant.

II. The Specific Requests for Admissions

[2] Turning now to the defendant's specific requests for admission, a review of ***96** Rule 36 FRCP may prove helpful. The rule states in pertinent part:

A party may serve upon any other party a written request for the admission ... of the truth of any matters within the scope of Rule 26(b) set forth in the request that relate to statements or opinions of fact or of the application of law to fact ...

Fed.R.Civ.P. 36(a).

After having now observed the scope of Rule 36(a), it would appear that some of the requests, as framed, may work in part to narrow the issues presented for trial, thereby satisfying their unique role as a discovery device in the litigation process. *Berry v. Federated Mut. Ins. Co.,* 110 F.R.D. 441, 442-3 (N.D.Ind.1986). However, Golden Valley's suggestion that the form of certain requests improperly seek a legal conclusion, has some apparent validity.[FN8]

FN8. See Hunt-Wesson's and American's Requests for Admission numbers 1, 6, 11, 16, 21, 26, 31, 36, 41, 46, 51, 56, 61, 66, and 71.

Specifically, whether a patent is valid calls for a legal conclusion although its answer may depend upon factual inquiries. *Weidman Metal Masters Co., Inc. v. Glass Master Corp.,* 623 F.2d 1024, 1025,*reh'g denied,*628 F.2d 1354,*cert. denied,*450 U.S. 982, 101 S.Ct 1519, 67 L.Ed.2d 817 (1980); *Norris Industries, Inc. v. Best Universal Lock Co.,* 296 F.Supp. 372, 379 (S.D.Ind.1968). Correspondingly, claim validity, like patent validity, is also a legal conclusion subject to the many facts which seemingly swirl about such issues. *EWP Corp. v. Reliance Universal Inc.,* 755 F.2d 898, 905 (Fed.Cir.1985); *Roberts v. Sears, Roebuck & Co.,* 723 F.2d 1324, 1333 & 1338 (7th Cir.1984). Hunt-Wesson's and American's requests seeking a bald legal conclusion that certain patent claims are invalid runs counter to the proscription of FRCP Rule 36(a).

Simply stated, defendants requests for admission ¶¶ 1, 6, 11, 16, 21, 26, 31, 36, 41, 46, 51, 56, 61, 66, and 71 are improperly framed as legal conclusions and not opinions of fact.

Therefore, since the court finds that the above listed requests are improper as presently cast, plaintiff should not be compelled to answer them.

III. Application of the Local Rule

Finally, attention is turned to Golden Valley's objection to the number of submitted requests. Hunt-Wesson and American, in their Supplemental Memorandum filed

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

January 8, 1990, withdrew 30 requests [FN9] thereby reducing the number submitted to 45. Hunt-Wesson's and American's voluntary withdrawal of these requests removes from the ambit of inquiry the question of whether Golden Valley is aware of any acts by Hunt-Wesson and American that constitute infringement. The court, in this order has just invalidated 15 more requests further reducing the number of requests to 30 and therefore properly (yet, coincidentally) bringing the total number of requests into compliance with local rule 14(c). This action renders any objections to the number of requests submitted moot.

FN9. The requests which were withdrawn are ¶¶ 3, 5, 8, 10, 13, 15, 18, 20, 23, 25, 28, 30, 33, 35, 38, 40, 43, 45, 48, 50, 53, 55, 58, 60, 63, 65, 68, 70, 73, and 75.

CONCLUSION

Based on the foregoing, the court hereby finds that discovery as to the unasserted claims is proper and within the scope of discovery. The court further finds that 15 of the requests for admission as previously identified are improper and therefore invalid. Finally, because of the withdrawal of 30 requests and the invalidation of 15 requests, Golden Valley's objection as to the number of requests submitted is rendered moot.

ORDER

It is therefore Ordered that the motion to compel is granted in part and Golden Valley is to respond to Requests for Admission numbered 2, 4, 7, 9, 12, 14, 17, 19, 22, 24, 27, 29, 32, 34, 37, 39, 42, 44, 47, 49, 52, 54, 57, 59, 62, 64, 67, 69, 72, and 74 within 15 ***97** days from the date of this order. The Motion to Compel is denied as to requests numbered 1, 6, 11, 16, 21, 26, 31, 36, 41, 46, 51, 56, 61, 66, and 71.

N.D.Ind.,1990.
Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co., Inc.
130 F.R.D. 92, 15 Fed.R.Serv.3d 1409, 13 U.S.P.Q.2d 2054

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

H
English v. Cowell
C.D.Ill.,1986.

United States District Court, C.D. Illinois.
Forrest Gene ENGLISH, a/k/a G.S. Levine, Robert M. Owens, Plaintiffs,
v.
William J. COWELL, et al., Defendants.
**No. 84-3299.**

Dec. 18, 1986.

Union member brought suit charging union local and its officers with violations of his rights guaranteed by Labor-Management Reporting and Disclosure Act, and pled violations relating to reporting and inspecting requirements of local's financial records. On defendants' motion for protective order and for order staying discovery, the District Court, Mills, J., held that: (1) request for admissions, whether asking local union and its officers to admit existence of statutes under which union member brought suit or to admit that defendants were subject to the relevant statutes, was improper; (2) request for particular information from local union's financial records was improper; (3) requests relating to failure of union officers to sign reports and certain alleged omissions in these reports were relevant; (4) requests for admission as to genuineness of certain documents were relevant; and (5) stay of future discovery proceedings was appropriate.

Ordered accordingly.

See also D.C., 117 F.R.D. 137.

West Headnotes

**[1] Federal Civil Procedure 170A ⚷ 1272.1**

170A Federal Civil Procedure
170AX Depositions and Discovery
170AX(A) In General
170Ak1272 Scope
170Ak1272.1 k. In General. Most Cited Cases
(Formerly 170Ak1272)
Any discovery request must meet threshold relevancy test. Fed.Rules Civ.Proc.Rules 26(b), 36, 28 U.S.C.A.

**[2] Federal Civil Procedure 170A ⚷ 1673.1**

170A Federal Civil Procedure
170AX Depositions and Discovery
170AX(G) Admissions on Request
170Ak1673 Subject Matter
170Ak1673.1 k. In General. Most Cited Cases
(Formerly 170Ak1673)
Requests for admissions, asking for legal conclusions, are not proper; requests are limited to question of fact or mixed questions of fact and law. Fed.Rules Civ.Proc.Rule 36, 28 U.S.C.A.

**[3] Federal Civil Procedure 170A ⚷ 1676.1**

170A Federal Civil Procedure
170AX Depositions and Discovery
170AX(G) Admissions on Request
170Ak1676 Request
170Ak1676.1 k. In General. Most Cited Cases
(Formerly 170Ak1676)
Request for admissions, whether asking local union and its officers to admit existence of statutes under which union member brought suit or to admit that defendants were subject to the relevant statutes, was improper, in calling for legal conclusion. Fed.Rules Civ.Proc.Rule 36, 28 U.S.C.A.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**[4] Federal Civil Procedure 170A 1558.1**

170A Federal Civil Procedure
170AX Depositions and Discovery
170AX(E) Discovery and Production of Documents and Other Tangible Things
170AX(E)1 In General
170Ak1558 Objections and Grounds for Refusal
170Ak1558.1 k. In General. Most Cited Cases
(Formerly 170Ak1558)

Union member's discovery request for particular information from local union's financial records was not proper, where member had been previously denied motion to compel same information. Labor-Management Reporting and Disclosure Act of 1959, § 201(c), 29 U.S.C.A. § 431(c).

**[5] Federal Civil Procedure 170A 1581**

170A Federal Civil Procedure
170AX Depositions and Discovery
170AX(E) Discovery and Production of Documents and Other Tangible Things
170AX(E)3 Particular Subject Matters
170Ak1581 k. In General. Most Cited Cases

Union member's discovery requests relating to failure of union officers to sign reports and certain alleged omissions in these reports were relevant to extent that they showed that member had "just cause" to examine books and records. Labor-Management Reporting and Disclosure Act of 1959, § 201(c), 29 U.S.C.A. § 431(c).

**[6] Federal Civil Procedure 170A 1581**

170A Federal Civil Procedure
170AX Depositions and Discovery
170AX(E) Discovery and Production of Documents and Other Tangible Things
170AX(E)3 Particular Subject Matters
170Ak1581 k. In General. Most Cited Cases

Union member's discovery requests as to genuineness of certain documents were relevant to extent that they showed that member had "just cause" to examine union local's books and records. Labor-Management Reporting and Disclosure Act of 1959, § 201(c), 29 U.S.C.A. § 431(c).

**[7] Federal Civil Procedure 170A 1271**

170A Federal Civil Procedure
170AX Depositions and Discovery
170AX(A) In General
170Ak1271 k. Proceedings to Obtain. Most Cited Cases

Stay of future discovery proceedings was appropriate, where vast bulk of plaintiff's discovery requests were either irrelevant, duplicative or attempts at discovering information previously denied in prior motion to compel.

***133** Forrest Gene English, pro se.
Michael O'Hara, Springfield, Ill., for defendants.

ORDER

MILLS, District Judge:

I. *Background*

This litigation has festered in this Court for over eight years. In one form or another it has consumed the time and resources of three district judges and one United States Magistrate of this Court. It has also been subject to orders from visiting judges of other districts.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

At one time there were as many as five separate law suits pending involving this Plaintiff [FN1] and this group of Defendants. In an effort to make the case more manageable, the Magistrate entered a recommendation dismissing a number of the counts of the complaint and ordering that the remaining viable counts be consolidated under one amended complaint. This Court adopted the recommendation of the Magistrate. The Plaintiff has since filed his amended complaint and thereafter the Court has dismissed a number of Defendants. Plaintiff has been subject to or threatened with sanctions on a number of occasions.

FN1. Throughout the order we refer to Plaintiff in the singular. This is because the majority of discovery requests relate solely to Plaintiff Forrest English. However, as to the stay on discovery proceedings which is ordered, it is applicable to all parties to this suit.

The original and amended complaint involve a dispute between a union member and the union local and its officers. The Plaintiff has charged the local and its officers with violations of his rights guaranteed by 29 U.S.C. § 411*et seq.,* and also with violations of 29 U.S.C. § 431(c) relating to reporting and inspecting requirements of the local's financial records. Plaintiff was originally represented by counsel; however, counsel has since withdrawn and the Plaintiff now comes before us *pro se.*

The case is now before the Court on Defendants' motion for a protective order and for an order staying discovery. Fed.R.Civ.P. 26(c).

In order to rule on the discovery motions, we must first attempt to articulate the remaining viable claims in the amended complaint. Of course, we read the complaint in light of the prior court orders dismissing a number of Defendants and counts of the original complaint. Insofar as Plaintiff reasserts counts previously dismissed, these sections of the amended complaint will be stricken.

The first count alleges that Defendants' Local Union No. 46 and its officers, Siddens and Trogolo, violated Plaintiff's right to attend and speak at a union meeting. This right is granted by 29 U.S.C. § 411(a)(2) (1982).

Plaintiff alleges that Siddens and Trogolo by way of threats and other actions refused to allow him to speak at a meeting. Threats were also allegedly made by Siddens***134** regarding a suit filed by Plaintiff against the local. If Siddens was acting in his official capacity, this states a cause of action under 29 U.S.C. 411(a)(3). By previous order of this Court these allegations withstood a motion to dismiss.

We also allowed Plaintiff to proceed to make a showing of just cause under 29 U.S.C. § 431(c) (1982). Section 431(c) mandates that every labor organization required to make a financial report "shall make available the information required to be contained in such report to all of its members, and ... to permit such member for just cause to examine any books, records, and accounts necessary to verify such report."

Other remaining counts include an additional free speech count under 29 U.S.C. § 411(a)(1), a count under 29 U.S.C. § 411(a)(3)(A) alleging that a dues increase was not approved by a majority vote, and a count under 29 U.S.C. § 411(a)(5) relating to lack of process prior to the termination

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

of Plaintiff's membership in the local. We list these counts so that we may refer to them in determining the proper scope of the discovery sought by the Plaintiff.

II. *Law*

Defendants have moved for a protective order pursuant to Fed.R.Civ.P. 26(c). According to Fed.R.Civ.P. 26(b)(1):

The frequency or extent of the use of discovery methods set forth in subdivision (a) shall be limited by the Court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the discovery is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, limitations on the party's resources, and the importance of the issues at stake in the litigation. The Court may act upon its own initiative after reasonable notice or pursuant to a motion under subdivision (c).

Fed.R.Civ.P. 26(b)(1) (Supp.1986).

As the rule points out, the Court may either *sua sponte* or upon a motion of the party under 26(c) enter an order limiting discovery if any of the three listed conditions are met.

The rule was amended in 1983 to enable the Court to place manageable limits on abusive or dilatory discovery tactics.

The Advisory Committee Notes state that the objective of the amendment is to encourage the trial judge to be more aggressive in eliminating disovery abuse.

In commenting upon the amendment to subdivision (b) the Committee stated:

Subdivision (b); Discovery Scope and Limits. Rule 26(b)(1) has been amended to add a sentence to deal with the problem of overdiscovery. The objective is to guard against redundant or disproportionate discovery by giving the court authority to reduce the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry. The new sentence is intended to encourage judges to be more aggressive in identifying and discouraging discovery overuse. The grounds mentioned in the amended rule for limiting discovery reflect the existing practice of many courts in issuing protective orders under Rule 26(c). *See, e.g., Carlson Companies v. Sperry & Hutchison Co.,* 374 F.Supp. 1080 (D.Minn.1974); *Dolgow v. Anderson,* 53 F.R.D. 661 (E.D.N.Y.1971); *Mitchell v. American Tobacco Co.,* 33 F.R.D. 262 (M.D.Pa.1963); *Welty v. Clute,* 1 F.R.D. 446 (W.D.N.Y.1941). On the whole, however, district judges have been reluctant to limit the use of discovery devices. *See, e.g., Apco Oil Co. v. Certified Transportation, Inc.,* 46 F.R.D. 428 (W.D.Mo.1969). *See generally*8 Wright & Miller (Federal Practice & Procedure): Civil §§ 2036, 2037, 2039, 2040 (1970).

Fed.R.Civ.P. 26(b)(1) Advisory Committee's Note.

The amendment to the rule seeks to strike a balance with the general rule ***135** which allows for liberal discovery of all relevant but not privileged matter.

We now look at Plaintiff's requests in light of the present rules providing for more active intervention of the trial judge in streamlining discovery.

We ordinarily begin from the premise that

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

the parties are given considerable latitude in framing discovery requests and are encouraged to work out problems relating to discovery through a mutual agreement.

However, as we have recognized in previous orders, the acrimony between the parties has virtually foreclosed any potential for compromise or agreement regarding the discovery matters or for that matter any other issues in this litigation.

Thus, if this protracted matter is ever going to be resolved, the Court must actively intervene in the discovery process. The Court believes that the circumstances of this case rightfully countenances such intervention.

We now turn to the specific discovery requests.

A. Plaintiff's Request for Admissions

Federal Rule of Civil Procedure 36 allows a party to request that the other party admit the truth of matters otherwise discoverable including the genuineness of documents produced in the request. 8 Wright & Miller, Federal Practice & Procedure: Civil § 2251 (1970).

[1] A valid request must come within the scope of Rule 26(b). In other words, it must meet the threshold relevancy test. *Id.*

[2] The rule also limits requests to questions of fact or mixed questions of fact and law. Requests asking for legal conclusions are not proper. *Williams v. Krieger,* 61 F.R.D. 142, 144 (S.D.N.Y.1973).

Here, Plaintiff has served three sets of requests for admissions on four different Defendants.

[3] In the first set of requests, Plaintiff asks Defendants to admit to the existence of the statutes under which Plaintiff brings this action. In the alternative, it seems that Plaintiff wants to elicit from the Defendants an admission that the Defendants are subject to the relevant statutes.

Reading the request either way, the Court finds it to be improper. The request calls for a legal conclusion and therefore it is beyond the scope of a request for admissions. Alternatively, the request asks Defendants to admit to what the Court obviously has judicial notice of. It is absurd to require Defendants to admit to the existence of a whole body of federal law. Therefore, Plaintiff's first request for admissions are stricken.

Plaintiff's second request for admissions were also served on four separate Defendants. We find that some but not all of the Plaintiff's requests require a response of the Defendants. However, we see no useful purpose in requiring each Defendant to answer duplicative requests. Thus, the separate requests can be consolidated for one response by Defendants' counsel.

Sorting through the second set of requests, the Court finds a mixture of relevant and irrelevant requests. Although the Court is not required to sort the good requests from the bad, we will do so in order to prevent further delay of the discovery process. *See Pittsburgh Hotels Ass'n., Inc. v. Urban Redevelopment Authority,* 29 F.R.D. 512, 513 (W.D.Pa.1962).

[4] All of the requests appear to pertain to Plaintiff's claim under 29 U.S.C. § 431(c) for inspection of the local's financial records. The request for particular information from the reports is not a proper request. The Magistrate noted in the recommendation that since authority to have ac-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

cess is the ultimate issue in the case, Plaintiff could not compel production of all of Defendants' financial records. *See* Magistrate's Recommendation at p. 9 (Oct. 24, 1985). Plaintiff cannot now gain the same information through a request for admission which he could not gain through a motion to compel. Therefore, requests for Admission Nos. 42, 43, 44, 45, 46, and 47 are hereby stricken.

[5] Request Nos. 2-34, 39, relate to Defendants' failure to sign the LM-2 reports ***136** and certain alleged omissions in these reports. These requests are relevant to the extent that they show that Plaintiff has "just cause" to examine the books and records pursuant to 29 U.S.C. § 431(c). Therefore, Defendants shall answer or specifically object on grounds other than relevancy to Nos. 2-34, and 39.

[6] Although Request Nos. 35, 36, 37, 38, 40, and 41 are not precisely worded as such, they are essentially requests for an admission as to the genuineness of certain documents. Again, they may be relevant to show "just cause" for an inspection order and should be answered or objected to.

The third request for admissions are duplicative of the second set and therefore do not require answers. These requests for admissions are hereby stricken.

B. The Interrogatories

The analysis applied above with respect to the request for admissions is equally applicable to much of what is asked for in the interrogatories.

As is true with any discovery request, interrogatories are subject to the general dictates of Rule 26(b). *Andrews v. Eli Lilly & Co., Inc.*, 97 F.R.D. 494 (N.D.Ill.1983).

Here, Plaintiff has served three sets of interrogatories on a variety of Defendants. Again, much of the information sought is financial data from the reports which Plaintiff seeks to gain access to. Hence, they come within the rubrick of this Court's previous order and need not be answered. *See, supra* at p. 135. Much of the other information requested via the interrogatories is duplicative.

However, a portion of the interrogatories go to the question of whether just cause exists for an order of inspection and should be answered or specifically objected to. Specifically, Defendants Siddens and Trogolo are ordered to answer the questions numbered 1 through 7 and Number 35 in the first set of interrogatories propounded to Defendant Trogolo. Interrogatories Nos. 8 through 34 in the first set of interrogatories are hereby stricken.

The second and third interrogatories are stricken in their entirety as they seek to elicit information which is subject to the financial forms that Plaintiff seeks to have access to.

C. Defendants' Request for an Order Staying Discovery

[7] Finally, we turn to Defendants' request for a stay on all discovery proceedings. We believe that in light of the circumstances of this case, a stay of all future discovery proceedings is appropriate.

As we recognized earlier, the 1983 amendments to the discovery rules encourage a trial judge to become more active in the discovery process if it becomes apparent that present discovery has become oppressive or unduly burdensome.

Courts have recognized that a district court

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

has broad discretion in resolving discovery problems which arise in cases before it. *In re Multi-Piece Rim Products Liability Litigation,* 653 F.2d 671 (D.C.Cir.1981).

It is apparent from this order that the vast bulk of Plaintiff's discovery requests are either irrelevant, duplicative or attempts at discovering information previously denied in a prior motion to compel. The existence of a trickle of valid discovery requests does not warrant allowing Plaintiff to continue what has no doubt become an unduly oppressive and burdensome pattern of discovery tactics. *See Barnett v. Sears, Roebuck & Co.,* 80 F.R.D. 662 (W.D.Okla.1978).

Further, throughout the years this litigation has spanned, Defendants have continually been willing to provide Plaintiff with results of an independent audit of the local's financial records. This audit would provide much of the information sought by Plaintiff. This fact further supports the Court's position in now ordering a stay on all discovery proceedings.

Thus, it is time for the Court to call a cease fire to this longstanding battle concerning discovery. Therefore, all further discovery matters are stayed by order of this Court.

***137** Defendants' motion for a protective order is allowed in part. Defendant is ordered to answer or specifically object to all other matters not stricken by this Court. Defendant is given until January 7, 1987, to answer these requests. See Court Order at pp. 135, 136. All further proceedings are stayed and this case will be set for trial by further order of this Court. It is so ordered.

C.D.Ill.,1986.
English v. Cowell
117 F.R.D. 132

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.