UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

| | |
|---|---|
| THE HANOVER INSURANCE GROUP<br>Plaintiff<br><br>v.<br><br>ANTHONY F. ROSCITI, JR., SHANNON B. ROSCITI, HENRY V. ROSCITI, JR. and AHR UTILITY CORPORATION<br>Defendant | CIVIL ACTION NO. 1:06-cv-00276-T-LDA |

**REPLY OF HANOVER INSURANCE GROUP TO OBJECTION OF DEFENDANTS ANTHONY F. ROSCITI, JR., AND SHANNON B. ROSCITI TO MOTION TO COMPEL AND DETERMINE SUFFICIENCY OF RESPONSES**

The Hanover Insurance Group ("Hanover") responds as follows to the objections of defendants Anthony F. Rosciti, Jr. and Shannon B. Rosciti (collectively, "Roscitis") to Hanover's motion to compel the Roscitis to provide more complete answers to interrogatories and motion to determine sufficiency of responses to requests for admission.

The Roscitis, in their objections, argue first that the "vehicle" Hanover selected to inquire into certain matters from the Roscitis is "neither susceptible not (sic!) conducive to the Roscitis responding in a manner or fashion that is satisfactory to Hanover." (Roscitis' Objection, page 2). They suggest depositions instead. As stated by one court: "Requests for Admission are intended to save litigants time and money, which would otherwise have to be spent unnecessarily to prove certain facts at trial, or to establish certain facts through complex and costly discovery procedures, such as interrogatories, depositions, or document requests." T. Rowe Price Small-Cap Fund v. Oppenheimer & Co., 174 F.R.D. 38, 43 (S.D.N.Y., 1997).

Secondly, the Roscitis claim that they need not admit or deny requests for admissions 10, 12 and 13 as these requests for admissions call for legal conclusions. The Roscitis cite three cases in support of its proposition. Unfortunately, these cases are not on point on the issue before the court of whether the requests for admission relating to the Roscitis' interpretation of the Indemnity Agreement is proper. The case of English v. Cowell, 117 F.R.D. 132 (C.D. Ill. 1986) involved requests for admission that a whole body of federal law existed. The court concluded the requests were "absurd" as the court obviously could take traditional notice of the statutes. The court in In re: Olympia Holding Corp. v. Belt Concepts of Am., 189 B.R. 846 (Bankr. M.D. Fla. 1995) chiefly held that requests for admission that the defendants admit they were "small businesses" were improper because that related to the chief issue in dispute. Although the court found that requests for admission seeking conclusions of law were generally improper, it did not relate this to the facts before it (perhaps, because the plaintiff ultimately admitted that some of the requests for admission did indeed ask for conclusions of law). Finally, Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Company, Inc., 130 F.R.D. 92 (N.D. Ind. 1990) held that requests for admissions that a party admit that their patents were invalid was improper as a conclusion of law.

Clearly, none of the cited cases dealt with the issue arising from the requests for admission that Hanover has propounded. Hanover has specifically asked the Roscitis to admit or deny that they were in default of the Indemnity Agreement and that they had a duty to post collateral under the Indemnity Agreement. As the case law cited by Hanover in its motion to compel makes clear, requests for admission relating to the parties interpretation of an agreement at issue is proper as it requests admissions relating to "facts, the application of law to fact, or

opinions about either." Fed. R. Civ. P. 36. As the court in Booth Oil v. Safety-Kleen, Corp., 194 F.R.D. 76, 80 (W.D. N.Y. 2000) stated:

> "A statement of a party's understanding of the meaning or intent is therefore a statement of fact, and where the question of the meaning of the document is at issue in the case, a request directed to another party seeking an admission or denial of a documents meaning or intent by that party as stated in the request relates to a statement of fact, and is authorized by Rule 36."

Thirdly, the Roscitis continue to maintain that they have no duty to admit or deny requests for admissions 4 and 5 because Hanover did not provide them with a "full package of information recounting the billing and payment history" relating to the project in question. This argument fails for a number of reasons. The requests for admission provided by attachment copies of the pay request number 2 and the check in payment of pay request number 2. Request for admission 4 asks whether the check is in payment of the pay request 2. Request for admission 5 merely asks whether the owner on the project paid South Shore certain monies for work pursuant to pay request number 2.[1] The Roscitis need no other documents in order to admit or deny these requests for admissions.

Further, the Roscitis, in arguing Hanover had a duty to provide this full package of materials before they have an obligation to admit or deny these requests, ignore the clear dictates of Rule 36 and the case law construing it. The Roscitis had a duty to reasonably inquire. They did not claim in their original responses, supplemental responses, nor their instant Objection that they made any inquiry, reasonable or not. They merely continue to maintain that unless Hanover

---

[1] Hanover's original request for admission 5 had a typographical error referring to pay request 2 as pay request 12. This typographical error was pointed out and corrected to the Roscitis' counsel by email dated February 11, 2008 (Exhibit 5 to Hanover's Motion to Compel"). Despite the correction, the Roscitis have continued to refuse to admit or deny request for admission number 5.

places the so-called "full package" before them when presenting these requests for admissions, they have no duty to admit or deny the requests. This is not what the rule says and Hanover respectfully requests that the Court deem these requests for admission to be admitted.

With regard to request for admission 8, the Roscitis now for the first time indicate that they are willing to admit it after refusing to admit or deny it in their original responses and supplemental responses. The Roscitis now claim that they have been shown the documents allowing them to admit this request.

The documents in question are ones, as Hanover argued in its motion to compel, that Hanover previously disclosed to the Roscitis in response to their request for production of documents, specifically request for production of documents numbers 14 and 21. Among other documents, Hanover previously produced the documents the Roscitis now claim allowed them to admit this request for admission.

Further, as argued, Fed. R. Civ. P. 36 obligates the Roscitis to reasonably inquire into the matter that is the subject of the request for admission before refusing to admit or deny. No where in the original responses, supplemental responses, nor in this instant Objection do the Roscitis allege that they made any inquiry of anyone before answering the request for admission.

Accordingly, their late admission of request for admission 8, after Hanover was forced to file this motion to compel, should not end the matter. The Roscitis should be required to pay Hanover's reasonable attorney fees and expenses for being forced to file this motion.

The Roscitis do deny request for admission 9. However, they failed to respond completely to the accompanying interrogatory. Hanover asked in the interrogatory that if the Roscitis deny that they made no payments to Vellano Brothers on the Pawtucket Project, then to

provide detail for all payments made, including check numbers, amounts, etc. Obviously, Fed. R. Civ. P. 33 requires the same duty of inquiry as does Rule 36.

Finally, the Roscitis have not provided adequate explanation supporting their refusal to file a more complete answer to interrogatory 14. Since in answering the request for admission 14 the Roscitis are denying that Hanover did not engage in fraud and collusion with the owners on the subject projects in resolving the claims under the bonds Hanover provided, the Roscitis should be obligated to detail the specific bases for that denial. They have refused to do so.

Hanover respectfully requests the relief against the Roscitis as cited in their motion to compel and motion to determine sufficiency of responses.

Respectfully submitted,

THE HANOVER INSURANCE GROUP

By its attorneys,

/s/ Ronald E. Ritland
Ronald E. Ritland, *pro hac vice*
Kevin C. Cain, #3960
PEABODY & ARNOLD LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
[617] 951.2100

Dated: March 21, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the within was served via electronic mail on the following on this 21st day of March, 2008:

Paul J. Moretti, Sr. – pmoretti@tllaw.com
Christopher M. Mulhearn – cmulhearn@frlawri.com

/s/ Ronald E. Ritland
Ronald E. Ritland

679208_1
2114-92646