UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

THE HANOVER INSURANCE GROUP
Plaintiff

v.

ANTHONY F. ROSCITI, JR., SHANNON B. ROSCITI, HENRY V. ROSCITI, JR. and AHR UTILITY CORPORATION
Defendants

CIVIL ACTION NO. 1:06-cv-00276-T-LDA

**RESPONSE OF HANOVER INSURANCE GROUP TO THE OBJECTION OF DEFENDANTS HENRY ROSCITI, JR. AND AHR UTILITY CORPORATION TO HANOVER'S MOTION TO COMPEL AND MOTION TO DETERMINE SUFFICIENCY OF RESPONSES**

The Hanover Insurance Group ("Hanover") files this response to the Objection of defendants Henry Rosciti, Jr., and AHR Utility Corporation (collectively, "defendants") to Hanover's motion to compel more complete answers to interrogatories and motion to determine sufficiency of responses to requests for admissions.

Specifically, Hanover moved to determine the sufficiency of responses to requests for admission 5, 6, 7 and 8 and to compel more complete answers to the accompanying interrogatories. In their Objection, defendants now state their responses to requests for admissions 5 and 6 and the accompanying interrogatories "contained a factual error" and that the defendants are "endeavoring to correct these errors by submitting supplemental responses." (Defendants' Objection, page 2). As noted in its motion to compel and motion to determine sufficiency of responses, Hanover has given these defendants ample opportunity to correct any errors and file any supplemental responses. In fact, counsel for defendants sent an email to

Hanover's counsel, dated February 12, 2008, indicating that there was an error in these responses and that defendants would be filing "an amended response . . . as soon as possible." (Exhibit A to Hanover's Motion to Compel against Defendants).

Although it appears defendants agree that these requests for admissions should be admitted, they have not yet done so. In the meantime, Hanover was forced to file this motion to compel and motion to determine sufficiency of responses. As such, Hanover again requests that requests for admission 5 and 6 be deemed admitted and Hanover be awarded its attorney fees and costs resulting from being forced to file the instant motions.

As have co-defendants Anthony F. Rosciti and Shannon B. Rosciti, in their objection to the motion of Hanover to compel and motion to determine sufficiency of responses, defendants state "discovery methods Hanover has chosen to avail itself vis-a-vis requests for admissions and interrogatories, the same are neither susceptible not (sic!) conducive to the Defendants responding in a manner or fashion that is satisfactory to Hanover." (defendants' Objection, page 2) Rather, they suggest depositions. In doing so, the defendants misconstrue the purpose of Fed. R. Civ. P. 36. As one court held: "Requests for Admissions are intended to save litigants time and money, which would otherwise have to be spent unnecessarily to prove certain facts at trial, or to establish certain facts through complex and costly discovery procedures, such as interrogatories, depositions, or document requests." T. Rowe Price Small-Cap Fund v. Oppenheimer & Co., 174 F.R.D. 38, 43 (S.D.N.Y., 1997).

Defendants also argue that requests for admission 7 and 8 call for legal conclusions which are beyond the scope of Rule 36. Defendants cite three cases in support of its proposition that Hanover's requests for admission relating to defendants' interpretation of the Indemnity Agreement are seeking legal conclusions. These cases are not on point on the issue of whether

requests for admission relating to the parties' interpretation of the contract central to the dispute is proper. The case of English v. Cowell, 117 F.R.D. 132 (C.D. Ill. 1986) involved requests for admission that a whole body of federal law existed. The court concluded the requests were "absurd" as the court obviously could take traditional notice of the statutes. The court in In re: Olympia Holding Corp. v. Belt Concepts of Am., 189 B.R. 846 (Bankr. M.D. Fla. 1995) chiefly held that requests for admission that the defendants admit they were "small businesses" were improper because that related to the chief issue in dispute. Although the court found that requests for admission asking for conclusions of law were generally improper, it did not relate this to the facts before it (perhaps, because the plaintiff eventually admitted these requests for admission did indeed ask for conclusions of law). Finally, Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Company, Inc., 130 F.R.D. 92 (N.D. Ind. 1990) held that requests for admission that a party admit that its patents were invalid was improper as a conclusion of law.

Clearly, none of the cited cases dealt with the issue arising from the requests for admission that Hanover has propounded. Hanover has specifically asked the Roscitis to admit or deny that they were in default of the Indemnity Agreement and that they had a duty to post collateral under the Indemnity Agreement. As the case law cited by Hanover in its motion to compel makes clear, requests for admissions relating to the parties' interpretation of an agreement is proper as it requests admissions relating to "facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36. As the court in Booth Oil v. Safety-Kleen, Corp., 194 F.R.D. 76, 80 (W.D. N.Y. 2000) stated:

> "A statement of a party's understanding of the meaning or intent is therefore a statement of fact, and where the question of the meaning of the document is at issue in the case, a request directed to another party seeking an admission or denial of a document's meaning or intent by that party as stated in the request relates to a statement of fact, and is authorized by Rule 36."

Defendants also assert that their answer to interrogatories 10 – 17 are responsive, arguing Hanover is "merely not satisfied" with the answers given. Again, defendants have misconstrued the rules. Hanover seeks the specific bases for the affirmative defenses asserted by defendants in their answer. Hanover has not argued the theories are inconsistent, but has merely requested that the defendants state the specific bases for the defenses. Each defense has its own elements needed to be proven. In order to understand the defenses completely, Hanover has requested the factual bases for each.

Finally, Hanover requested in its motion to compel that defendants provide a more responsive answer to interrogatory 9. Defendants, in their Objection, have not objected to this request, such that Hanover requests that the Court order defendants to provide a more responsive answer to interrogatory 9.

Hanover respectfully requests the relief stated in its motion to compel and motion to determine the sufficiency of responses.

Respectfully submitted,

THE HANOVER INSURANCE GROUP

By its attorneys,

/s/ Ronald E. Ritland
Ronald E. Ritland, *pro hac vice*
Kevin C. Cain, #3960
PEABODY & ARNOLD LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
[617] 951.2100

Dated: March 21, 2008

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the within was served via electronic mail on the following on this 21st day of March, 2008:

Paul J. Moretti, Sr. – pmoretti@tllaw.com
Christopher M. Mulhearn – cmulhearn@frlawri.com

/s/ Ronald E. Ritland
Ronald E. Ritland

679219_1
2114-92646