UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

| | |
|---|---|
| THE HANOVER INSURANCE GROUP<br>Plaintiff<br><br>v.<br><br>ANTHONY F. ROSCITI, JR., SHANNON B. ROSCITI, HENRY V. ROSCITI, JR. and AHR UTILITY CORPORATION<br>Defendants | CIVIL ACTION NO. 1:06-cv-00276-T-LDA |

## AFFIDAVIT OF RONALD E. RITLAND

I, Ronald E. Ritland, do on oath hereby depose and say:

1. I am an attorney licensed to practice law in the states of Minnesota and Massachusetts. I have been admitted *pro hac vice* to the above-entitled case and am acting as lead trial counsel to Hanover Insurance Group ("Hanover") in this suit. During all relevant times, I have been employed at the law firm of Peabody & Arnold, LLP.

2. I was first retained to represent Hanover in the South Shore Utility Corporation ("South Shore") matter in December of 2005 by the Hanover Bond Claim Attorney, Joseph P. Quinn. G. Donaldson Corporation ("G. Donaldson"), a subcontractor of South Shore on a project commonly known as the Pawtucket Water Treatment Facility ("Pawtucket Project"), filed suit in October of 2005 in the amount of $530,000 against Hanover and South Shore in Rhode Island Superior Court, on a payment bond that Hanover had issued on behalf of South Shore.

3. Under the direction of Hanover as its attorney, I undertook the defense of Hanover to the G. Donaldson lawsuit. As part of the discovery in the G. Donaldson suit, G. Donaldson noted and completed a records deposition of Earth Tech, Inc. ("Earth Tech"), the

**EXHIBIT D**

Project Manager on the Pawtucket Project, on or about May 25, 2006. Pursuant to that deposition, G. Donaldson obtained records from Earth Tech concerning the South Shore/G. Donaldson subcontract, including various communications between Earth Tech and South Shore from September 2005 to February of 2006 indicating Earth Tech's efforts to force South Shore to pay G. Donaldson for its subcontracted work.

4. G. Donaldson's counsel forwarded copies of these documents to me and, pursuant to document requests of the Roscitis in the above action, Hanover has forwarded copies of these documents to the Roscitis.

5. In early March 2006, Mr. Quinn forwarded to me documents from a pipe supplier of South Shore, Vellano Bros., Inc. ("Vellano Bros."), notifying Hanover of its claim in the amount of $755,000 and South Shore and Hanover under the payment bond for material supplied to the Pawtucket Project. Under its direction, I undertook to ascertain from South Shore's counsel whether South Shore had any defenses to this claim.

6. Under the direction of Hanover as its attorney, I sent a letter dated March 17, 2006 to Andrew Daniels, the attorney at the time for South Shore, and all individual indemnitors of South Shore, including the Roscitis, demanding among other things, that the indemnitors post collateral on Hanover's behalf in the amount of $1.3 million, pursuant to the terms and conditions of the indemnity agreement. The amount of the collateral demanded approximately totaled the claims submitted by Vellano Bros. and G. Donaldson.

7. Under the direction of Hanover as its attorney, I sent letters dated March 21, 2006 to Earth Tech and Amtrak asking each to refrain from releasing further funds to South Shore on their respective projects with South Shore without Hanover's prior written consent.

8. During the period from January 1, 2006 to March 30, 2006 other than to forward the letters of March 21, 2006, I had no contact with Earth Tech or Amtrak. After early April 2006, at the request and under the direction of Hanover, as its attorney, I was in contact with the attorneys for Earth Tech and Amtrak concerning the claims of each under the performance bonds that Hanover had issued on behalf of South Shore.

9. I attended one meeting with Earth Tech at the Pawtucket job site on July 19, 2006 with Hanover representative Joseph Quinn. Also attending that meeting was the Earth Tech attorney, Bruce Bean, Project Manager Paul DeLong and Earth Tech's Contract Manager, Ed Bellefluer. The substance of this meeting was confirmed by me in writing to Mr. Bean, which communication has been produced to the Roscitis as part of its document and their document requests.

10. In all instances involved in this matter, I was never authorized to make commitments or decisions on behalf of Hanover on any matter and I acted solely as Hanover's attorney and acted only under the direction of either Robert Grennan, Hanover Bond Claim Assistant Vice President, or Joseph Quinn.

Signed under the pains and penalty of perjury this 11th day of April 2008.

Ronald E. Ritland

680551_1
2114-92646