UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THE HANOVER INSURANCE GROUP | : | |
| | : | |
| v. | : | C.A. No. 06-276T |
| | : | |
| ANTHONY F. ROSCITI, JR., SHANNON ROSCITI, HENRY V. ROSCITI, and AHR UTILITY CORPORATION | : | |

**MEMORANDUM AND ORDER**

Before this Court for determination (28 U.S.C. § 636(b)(1)(A); LR Cv 72(a)) are Plaintiff's Motions to Compel pursuant to Fed. R. Civ. P. 36 and 37. (Document Nos. 47 and 48). The Motions were heard on April 14, 2008. As specified below, Plaintiff's Motions to Compel (Document Nos. 47 and 48) are GRANTED in part and DENIED in part.

**Background**

This diversity action was commenced by The Hanover Insurance Group, a Delaware corporation with its principal place of business in Worcester, Massachusetts ("Hanover"), against a Rhode Island corporation and three Rhode Island residents regarding a May 31, 2005 Agreement of Indemnity (the "Agreement"). See Document No. 1, Ex. A. The Agreement is signed by Anthony F. Rosciti, Jr., Shannon Rosciti and Henry V. Rosciti, as indemnitors of Hanover. Anthony F. Rosciti, Jr. also signed the Agreement in his capacity as President of both Defendant AHR Utility Corporation ("AHR") and, a non-party to this case, South Shore Utility Contractors, Inc., a Rhode Island corporation, ("SSUC"). AHR and SSUC are thus also indemnitors of Hanover under the

Agreement. SSUC is currently the subject of a Superior Court receivership action commenced on May 12, 2006 by Anthony F. Rosciti, Jr. A permanent receiver of SSUC was appointed by the Superior Court on June 5, 2006. The Order of Appointment "restrained and enjoined" any legal proceedings against SSUC unless approved by the Superior Court with prior notice to the Receiver.

Hanover is in the business of providing surety bonds to contractors and other entities. See Document No. 1, ¶ 8. Hanover provided surety bonds to SSUC, as principal to various owners and general contractors, to secure the performance and completion of certain Rhode Island construction projects by SSUC. Id., ¶ 9. In consideration of Hanover's issuance of these surety bonds, the individual Defendants and SSUC executed the Agreement in favor of Hanover. Id., ¶ 10. Hanover received various performance and payment bond claims relating to SSUC's work which resulted in this dispute. Id., ¶¶ 12-16. In this action, Hanover contends that Defendants breached the Agreement, and it seeks both specific performance and a declaratory judgment that Defendants, "jointly and severally," are liable to Hanover and have certain obligations to it under the Agreement.

**Discussion**

On December 11, 2007, Plaintiff served a set of discovery requests on Defendants Anthony and Shannon Rosciti and a set on Defendants Henry Rosciti and AHR. Each set included several requests for admission and a corresponding interrogatory for each request. Defendants responded. Plaintiff now moves pursuant to Fed. R. Civ. P. 37 to compel more complete interrogatory answers and pursuant to Fed. R. Civ. P. 36 to determine the sufficiency of Defendants' responses to requests for admission. After reviewing the written submissions of the parties and considering the arguments of counsel, the discovery disputes raised in Plaintiff's Motions to Compel are resolved as follows:

  **1.**  **Document No. 47 – Defendants Anthony F. Rosciti, Jr. and Shannon Rosciti.**

    **A.**  **Request Nos. 4, 5 and 8.**  Request Nos. 4 and 8 are deemed admitted based on the representations of Defendants' counsel at the hearing.  Request No. 5 which admittedly includes a typographical error as to a material fact is deemed denied.

    **B.**  **Request Nos. 10, 12 and 13.**  Defendants objected on the grounds that these requests each call for a legal opinion.  Rule 36(a)(1)(A), Fed. R. Civ. P., permits a request to admit "facts, the application of law to fact, or opinions about either."  "A request involving what is termed a 'pure matter of law,' i.e., requests for admissions of law unrelated to the facts of the case, is considered improper."  Reliance Ins. Co. v. Marathon LeTourneau Co., 152 F.R.D. 524, 525 n.2 (S.D. W. Va. 1994) (citing Diederich v. Dep't of the Army, 132 F.R.D. 614, 617 (S.D.N.Y. 1990)).  However, "[a] statement of a party's understanding of the meaning or intent of a document is...a statement of fact, and where the question of the meaning of the document is at issue in the case, a request directed to another party seeking an admission or denial of a document's meaning or intent by that party as stated in the request relates to a statement of fact, and is authorized by Rule 36."  Booth Oil Site Admin. Group v. Safety-Kleen Corp., 194 F.R.D. 76, 80 (W.D.N.Y. 2000).  See also Sigmund v. Starwood Urban Retail VI, LLC, 236 F.R.D. 43, 46 (D.D.C. 2006) ("a request for admission that relates to the interpretation of a contract at issue in a case involves the application of law to the unique facts of that case and, therefore, would be permissible under the amended Rule 36").

  Based on this precedent, Defendants' objection that these requests call for a legal conclusion and that the Agreement speaks for itself are overruled.  Defendants shall either admit or deny these requests.

   **C.**  **Interrogatory No. 9.**  In their Supplemental Response, Defendants represent that they would need to review SSUC "billing and payment history records" to "fully answer" this interrogatory.  Defendants shall review such records and "fully answer" this interrogatory.  If such records are unavailable to Defendants after a diligent and reasonable search, Defendants shall further supplement their answer to identify such efforts and why they remain unable to fully answer.

   **D.**  **Interrogatory No. 14.**  Defendants' response is sufficient.

  **2.**  **Document No. 48 – Defendants Henry V. Rosciti and AHR Utility Corporation**

   **A.**  **Request Nos. 5 and 6.**  Request No. 5 is deemed admitted based upon the representations of Defendants' counsel at the hearing.  Further, Request No. 6 is deemed denied for the same reason.

   **B.**  **Request Nos. 7 and 8.**  Defendants' objections are overruled (see Section 1(B) above).  Defendants shall either admit or deny these requests.

   **C.**  **Interrogatory Nos. 9-17.**  Defendants' responses are sufficient.

### Conclusion

As specified above, Plaintiff's Motions to Compel (Document Nos. 47 and 48) are GRANTED in part and DENIED in part.  Defendants shall respond as required by this Order within twenty (20) days.  LR Cv 37(b).


 /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
April 15, 2008