UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THE HANOVER INSURANCE GROUP,<br><br>Plaintiff<br><br>vs.<br><br>ANTHONY F. ROSCITI, JR.; SHANNON B. ROSCITI; HENRY V. ROSCITI; and A.H.R. UTILITY CORPORATION,<br><br>Defendants | : | C.A. No.: 06-276/T |

**MEMORANDUM IN SUPPORT OF ANTHONY F. ROSCITI, JR. & SHANNON B. ROSCITI'S OBJECTION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND FOR ORDER QUASHING SUBPOENA**

NOW COME Defendants, Anthony F. Rosciti, Jr. and Shannon B. Rosciti (collectively, the "Roscitis"), and each of them, by and through counsel, and hereby submit the within memorandum in support of their accompanying objection to Plaintiff, The Hanover Insurance Group's ("Hanover") motion for protective order and for order quashing subpoena in connection with the above-identified action.

It is beyond dispute that on April 7, 2008, the Rosciti's issued, and served, the notice of deposition and witness subpoena, respectively, that is the subject of Hanover's motion upon Attorney Ritland so that he may provide deposition testimony in the instant action. In the first instance, the same was not done, as Hanover suggests, simply to harass Hanover or otherwise delay the instant matter further. In fact, all evidence is to the contrary insofar as it was done as a matter of last resort.

As Hanover correctly points out in its papers, two (2) of its claims examiners were deposed in the instant proceeding. During the course of those depositions, it was made clear that neither of those individuals was engaged in any direct contact with the owners for the so-called Pawtucket project and Amtrak project, respectively. Moreover, neither was the "point person" for Hanover with respect to its "unauthorized" direction or instruction to said project owners to cease further payments of contract funds to South Shore Utility Contractors, Inc. ("South Shore") relative to the subject projects. In fact, both Messrs. Grennan and Quinn, respectively, suggested that it was Attorney Ritland who took the lead in that regard, and, further, was, at all times, Hanover's interface with the project owners. Neither deponent was able to offer any testimony relative to the ongoing dialogue between Hanover and the respective project owners in connection with that issue.

The same was confirmed during the deposition of a representative of EarthTek, Paul DeLong, the project owner for the so-called Pawtucket project wherein although he could only recall that discussions were occurring in a general sense with Attorney Ritland, he was unable to "pinpoint" or otherwise specify the substance of those discussions, the timing with respect to the same, or the exact genesis of the "unauthorized" direction from Hanover to EarthTek that it should no longer remit contract funds to South Shore.

Indeed, this information is seminal to the Roscitis' Counterclaim against Hanover in this case. The documents exchanged in the matter, as well as the other discovery evidence adduced to date in the proceeding is bereft of any of the specifics that the Roscitis now seek from Attorney Ritland. Although the Roscitis appreciate Hanover's willingness to classify certain documents as "undisputed", the same does not substitute or supplant the Roscitis' entitlement to determine the

specifics of certain communications and/or events that gave rise to and/or resulted from the generation of those specific documents, and otherwise support the Counterclaim.

In its motion, Hanover correctly articulates the "lead case" on the issue at hand, *Shelton v. American Motors Co.*, 805 F.2d 1323 (8th Cir. 1987). In that case the court articulated the so-called "three-part" test, as adopted by the First Circuit, to be applied in deciding whether depositions, such as the one of Attorney Ritland, should be allowed. The court reasoned that depositions of opposing counsels should be:

> "limited to where a party seeking to take the deposition has shown that (1) no other means exists to obtain the information than to depose opposing counsel; (2) information is relevant and non-privileged; and (3) information is crucial to the preparation of the case."

*Shelton*, 805 F.2d at 327.

The Roscitis respectfully submit that they have, in fact, satisfied the *Shelton* "three-part" test, and thereby are entitled to take Attorney Ritland's deposition. In the first instance, there appear to be no other means, other than Attorney Ritland's own recollections and/or first-hand knowledge regarding direct communications, other than those in writing, with the project owners for the so-called Pawtucket project and Amtrak project, respectively. This predicament is underscored by the depositions taken in this case to date. In fact, Hanover itself is not entirely certain as to what the form, manner and/or substance of those communications were as demonstrated by Messrs. Grennan and Quinn's depositions. Thus, only Attorney Ritland is now in a position to respond to those questions and "shed light" on the timing and substance of these critical events.

Secondly, the information is clearly relevant, and, as discussed further *infra*, the Roscitis have no interest in endeavoring to take Attorney Ritland's deposition to access privileged communications. And finally, as previously stated, the information sought is necessary, and indispensable, to the Roscitis Counterclaim against Hanover in this matter.

Although Attorney Ritland and Hanover each take the position that, at all times relevant hereto, he was acting solely in his capacity as counsel to Hanover, he was still an agent of Hanover, essentially, doing Hanover's "bidding" *vis-à-vis* its communications and/or negotiations with the subject project owners relative to South Shore. In other words, Attorney Ritland was the conduit by which Hanover chose to communicate with the subject project owners, and, further, direct said owners, without South Shore's consent or authorization, to refrain from disbursing any further **contract** funds. As such, Attorney Ritland and/or Hanover must be accountable for the same, which includes submitting to an examination as to the nature, method and/or substance of his direct communications with the project owners.

In order to ease the concerns raised by Hanover in its motion, the Rosciti's are agreeable to limiting the scope of Attorney Ritland's deposition in terms of timeframe to January 1, 2006, through April 30, 2006, and, further, commit to not impinging upon the attorney/client privilege, meaning that there would be no inquiry into communications that Attorney Ritland had directly with his client, namely Hanover, absent Court approval or a waiver of any such privilege.

The Court should take note that in the event Attorney Ritland's deposition is permitted to go forward, the parties have already stipulated that the same may proceed notwithstanding the "passing" of the so-called discovery deadline I this matter. Thus, the same would suggest that the

"true issue" from Hanover's prospective in bringing the instant motion is its concern with respect to privileged communications, which the Roscitis agree they will not inquire into at deposition.

In addition, in passing upon the subject motion, the Court should be mindful of the fact that in addition to Attorney Ritland, no less than three (3) other attorneys from Attorney Ritland's firm have entered their appearance in the instant case, all of whom have either appeared in open court on behalf of Hanover in this matter, or, alternatively, engaged in discovery in the form of taking depositions for Hanover. Thus, there would be no prejudice or harm that would inure to the detriment of Hanover should this Court require Attorney Ritland to testify as a witness in the instant matter.

WHEREFORE, for the foregoing reasons, the Roscitis respectfully pray that this Court dismiss Hanover's motion for protective order and for order quashing subpoena, that this Court compel Attorney Ritland submit to a deposition pursuant to the duly issued, and served, witness subpoena and notice of deposition, and that this Court award to the Roscitis such other and further relief as this court may deem fair, just and reasonable.

Respectfully submitted,

Anthony F. Rosciti, Jr. and
Shannon B. Rosciti

By their Attorneys,

/s/ Christopher M. Mulhearn
Christopher M. Mulhearn (#5188)
**Ferrucci Russo, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel: (401) 455-1000
Fax: (401) 455-7778
cmulhearn@frlawri.com

Dated: April 30, 2008

## CERTIFICATION

I hereby certify that on this 30th day of April, 2008, the foregoing was served upon **Ronald E. Ritland, Esq.,** via e-mail @ rritland@peabodyarnold.com; **Kevin C. Cain, Esq.**, via e-mail @ kcain@peabodyarnold.com; and **Joseph DeAngelis, Esq.**, via e-mail @ jdeangelis@tllaw.com.

/s/ Christopher M. Mulhearn