UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

| | |
|---|---|
| THE HANOVER INSURANCE GROUP<br>Plaintiff<br><br>v.<br><br>ANTHONY F. ROSCITI, JR., SHANNON B. ROSCITI, HENRY V. ROSCITI, JR. and AHR UTILITY CORPORATION<br>Defendants | CIVIL ACTION NO. 1:06-cv-00276-T-LDA |
| ANTHONY F. ROSCITI, JR.; and SHANNON B. ROSCITI<br>Plaintiffs<br><br>v.<br><br>THE HANOVER INSURANCE GROUP;<br>Defendants | CIVIL ACTION NO. 1:06-cv-00392-T |

**AFFIDAVIT OF JOSEPH P. QUINN IN SUPPORT OF HANOVER INSURANCE GROUP'S MOTION FOR SUMMARY JUDGMENT**

I, Joseph P. Quinn, being duly sworn, deposes and states as follows:

1. I am a Bond Claim Attorney with the plaintiff The Hanover Insurance Group ("Hanover"). I am authorized to make this affidavit on behalf of Hanover. This affidavit is made upon personal knowledge of the facts of this case, including, but not limited to, my review of business records kept in the ordinary course of business at Hanover.

2. The full address of Hanover is 440 Lincoln Street, Worcester, Massachusetts 01653.

3. South Shore was an underground utility contractor doing, among other things, projects in Rhode Island requiring the posting of payment and performance bonds guaranteeing, respectively, its payment of its project-related bills and its completion of the contracted work.

Hanover issued payment and performance bonds ("Bonds") on behalf of South Shore Utility Contractors, Inc., in connection with two South Shore construction projects: the Pawtucket Water Treatment Facility for owner/obligee Earth Tech, Inc. ("Pawtucket Project"); and the Freight Rail Improvement Project for owner/obligee Amtrak ("Amtrak Project"). True and accurate copies of the Bonds are attached to this Affidavit, collectively, as Exhibit No. 1.

4. As partial consideration for Hanover agreeing to write the Bonds, Hanover required the principal owners of and affiliated company to South Shore execute an Agreement of Indemnity ("Indemnity Agreement") in its favor. The indemnitors for South Shore executed the Indemnity Agreement on May 31, 2005. A true and accurate copy of the Indemnity Agreement is attached to this Affidavit as Exhibit No. 2.

5. At all relevant times, Anthony Rosciti and Henry Rosciti were both 50% owners of the shares of South Shore and its sole officers, Shannon Rosciti was wife of Anthony Rosciti, and AHR was an affiliated company of South Shore and was also owned and controlled by Anthony and Henry Rosciti.

6. On July 29, 2005, South Shore submitted Pay Application 2 on Package 2 of the Pawtucket Project to Earth Tech in the amount of $814,185 for work previously completed on that project. This Pay Application 2 included an application for payment of $694,650 for labor and material supplied to the Pawtucket Project by G. Donaldson, Inc. ("G. Donaldson"). In response, Earth Tech paid South Shore the full amount of the Pay Application 2, less 2% (pursuant to an agreement between Earth Tech that Earth Tech would make expedited payments to South Shore in exchange for this 2% reduction), or $797,901.30, by check dated August 10, 2005. True and accurate copies of the Pay Application 2 and check are, collectively, attached to this Affidavit as Exhibit No. 3.

7. South Shore had previously entered into a subcontract with G. Donaldson whereby South Shore agreed to promptly make payment of the sum of $636,000 to G. Donaldson after South Shore received payment for G. Donaldson's work on the Pawtucket Project from Earth Tech.

8. Other than one payment of $100,000, South Shore failed to pay its subcontractor, G. Donaldson, monies owed to it for work it had completed on the Pawtucket Project, from amounts South Shore had collected from Earth Tech. This failure by South Shore, as indemnitor, was a default under Paragraph 7 of the Indemnity Agreement, requiring South Shore to hold funds received on all projects bonded by Hanover in trust to the payment of bonded obligations.

9. In November, 2005, G. Donaldson filed suit in Rhode Island state court against Hanover and South Shore alleging, among other things, that South Shore had failed to pay it for its work and was therefore due $536,000, plus interest, costs and attorney fees. A true and accurate copy of the G. Donaldson Complaint is attached to this Affidavit as Exhibit No. 4.

10. By letters dated March 3, 2006, Vellano Brothers, Inc. ("Vellano Bothers") notified South Shore, Hanover and Earth Tech that it had supplied South Shore piping materials for use on the Pawtucket Project from May 2005 to January 2006, totaling $755,000, but had been paid nothing from South Shore. A true and accurate copy of the claim notice from Vellano Brothers is attached to this Affidavit as Exhibit No. 5.

11. By letter dated March 17, 2006 to all indemnitors, Hanover demanded that the indemnitors, and each of them, post collateral in the amount of $1.3 million to indemnify and hold Hanover harmless from loss resulting from these two claims. The indemnitors failed and/or refused to post collateral with Hanover as demanded. A true and accurate copy of the March 17, 2006 letter is attached to this Affidavit as Exhibit No. 6.

12. In failing to immediately post collateral as demanded, the indemnitors, and each of them, were in default of their joint and several obligations to Hanover under the Indemnity Agreement as of March 21, 2006.

13. Pursuant to the terms and conditions of the Indemnity Agreement, by letter dated March 21, 2006, Hanover advised Amtrak on the Amtrak Project and Earth Tech of the Pawtucket Project to release no further monies under the respective contracts with South Shore without Hanover's prior written consent. A true and accurate copy of the March 21, 2006 letter is attached to this Affidavit as Exhibit No. 7.

14. By letter dated April 13, 2006, South Shore and the indemnitors acknowledged their collective default under the Indemnity Agreement. A true and accurate copy of the April 13, 2006 letter is attached to this Proof of Claim as Exhibit No. 8.

15. By separate letters dated April 13, 2006, South Shore wrote to Amtrak and Earth Tech to advise each of its default under the respective construction projects, its voluntary termination of those contracts and its direction that all future contract funds be paid to Hanover, as surety. True and accurate copies of the two April 13, 2006 letters are attached to this Affidavit, collectively, as Exhibit No. 9.

16. Pursuant to it obligations under the performance bonds, Hanover arranged for the completion of South Shore's contracts under both the Amtrak and Pawtucket Projects by a replacement contractor. Pursuant to its payment bond obligations, Hanover resolved through payment the claims of labor and material suppliers of South Shore on the two projects which South Shore had refused and/or failed to pay.

17. As a result, as of the date of this Affidavit, Hanover has incurred a loss under the Bonds totaling $1,795,679.54, including payments to G. Donaldson of $520,000 and to Vellano Brothers of $681,293.16, to resolve each claim and suit.

18. In addition, Hanover has incurred $316,329.27 in attorney and consultant fees in the investigation and adjustment of the claims under the performance and payment bonds, including the reletting of the work on the Pawtucket and Amtrak Projects and defense of payment bond claims in litigation. Hanover also incurred attorney fees in enforcing its rights under the Indemnity Agreement through this suit and through the receivership proceeding of South Shore.

19. The total loss and expense as of the date of this amended affidavit $2,112,008.81. Attached to this Affidavit is a spreadsheet detailing all performance and payment bond payments made by Hanover to date as Exhibit No. 10. In addition, attached to this Affidavit are copies of all checks issued by Hanover on various claims and expenses, as detailed in the spreadsheet, as Exhibit No. 11.

20. Pursuant to the terms of the Indemnity Agreement, the indemnitors owe Hanover a joint and several obligation to reimburse it for all loss, expense and interest occasioned by Hanover having written bonds on behalf of South Shore. Accordingly, South Shore is obligated to indemnify Hanover the total amount of its loss of $2,112,008.81. In addition, South Shore owes Hanover indemnity for interest at the highest legal maximum rate on the losses and expenses incurred.

21. The claims paid by Hanover as detailed in this Affidavit are true and accurate, the balances detailed in this Affidavit are presently due to Hanover from the indemnitors, no part of Hanover's claims against the indemnitors have been paid or satisfied, and there are no set-offs or counterclaims to the knowledge or belief of the undersigned.

22. In May of 2006, Anthony Rosciti, Jr., as president and major shareholder of South Shore, instituted a receivership action against South Shore in Rhode Island Superior Court.

23. After due notice and hearing on February 28, 2008, Hanover's amended proof of claim in the receivership action was approved by the Superior Court in the amount of $1,795,679.54. The Court, in approving Hanover's amended proof of claim, considered the same documentation submitted here as part of this Affidavit. The court took Hanover's additional claim for attorney/consultant fees under advisement pending an in camera review of the individual attorney and consultant bills.

Signed this 16th day of June, 2008 under the pains and penalties of perjury.

Joseph P. Quinn, Esquire

Commonwealth of Massachusetts

Worcester County, ss. June 16, 2008

On this date, before me, personally appeared Joseph P. Quinn, Esquire proven to me through satisfactory evidence of identification (which was: license.) to be the person who signed the foregoing instrument on behalf of Hanover Insurance Group, who swore or affirmed that he is the Bond Claim Attorney of Hanover Insurance Group and that the foregoing instrument was signed on its behalf and he acknowledged that he signed the same for its stated purposes and as the free act and deed of Hanover Insurance Group.

Barbara A. Garlick
Notary Public
My Commission Expires: November 3, 2011
Print Name: BARBARA A. GARLICK

683846_1
2114-92646