UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THE HANOVER INSURANCE GROUP,

Plaintiff

vs. C.A. No.: 06-276/T

ANTHONY F. ROSCITI, JR.; SHANNON B. ROSCITI; HENRY V. ROSCITI; and A.H.R.UTILITY CORPORATION,

Defendants

ANTHONY F. ROSCITI, JR. & SHANNON B. ROSCITI'S SECOND SUPPLEMENTAL ANSWERS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS AND SECOND SET OF INTERROGATORIES

NOW COMES Defendants, Anthony F. Rosciti, Jr. ("A. Rosciti") and Shannon B. Rosciti ("S. Rosciti") (collectively, the "Roscitis"), pursuant to Rules 33 and 36, respectively, of the Federal Rules of Civil Procedure, and hereby supplements their prior answers and responses to Plaintiff, The Hanover Insurance Group's ("Hanover") first set of requests for admissions and second set of interrogatories directed to the Roscitis as follows:

Requests for Admissions & Interrogatories

Request for Admission No. 1: With regard to Paragraph 11 of the Counterclaim filed by the Roscitis, the "Pawtucket Dispute" refers to a claim submitted by G. Donaldson Construction Co., Inc. ("G. Donaldson") against South Shore Utility Contractors, Inc. ("South Shore") and Hanover, as surety, for nonpayment by South Shore to G. Donaldson for labor and material it has supplied South Shore on the Pawtucket Project.

Response to Request for Admission No. 1: Admitted.

Interrogatory No. 1: If the above request for admission is denied, please state the name of the claimant, the amount of the claim and the date the claim was made relating to this "Pawtucket Dispute."

Answer to Interrogatory No. 1: N/A.

Statement of Facts
EXHIBIT C

Request for Admission No. 2: With regard to Paragraph 12 of the Counterclaim filed by the Roscitis, the Roscitis' allegation that South Shore "resolved" the "Pawtucket Dispute" means that the South Shore promised to pay to G. Donaldson as set forth in the letter of South Shore's attorney dated March 22, 2006 and the proposed Judgment Stipulation, both of which are attached to these Requests and Interrogatories as Exhibit 1.

**Response to Request for Admission No. 2:** Objection. This Request for Admission No. 2 calls for a legal conclusion, which the Roscitis are not qualified to give, and thus, the Roscitis are unable to admit or deny the same. Additionally, the Roscitis, in their individual capacities, were not parties to any "settlement" by and between South Shore and G. Donaldson. A. Rosciti is aware, however, through his involvement with South Shore that a "settlement structure" acceptable to South Shore and G. Donaldson was negotiated through counsel for those entities, the terms and conditions of which would be in the possession of those entities and/or their respective designees. Further, the Roscitis are unable to admit or deny this Request for Admission No. 2 insofar as the terms and conditions of the documents and/or items appended thereto as Exhibit 1 speak for themselves.

**Supplemental Response to Request for Admission No. 2:** Admitted.

**Interrogatory No. 2**: If the request for admission is denied, please state in detail how South Shore resolved the "Pawtucket Dispute" including, but not limited to:

1. Details of all discussions by Rosciti, or either of them, and/or South Shore with G. Donaldson concerning resolution of the claim.

2. Terms and conditions of the Agreement between the parties that constituted its resolution.

3. Terms and conditions of payment by South Shore to G. Donaldson to resolve the claim.

4. Dates and amounts of all payments made to G. Donaldson by South Shore pursuant to the resolution of the claim.

**Answer to Interrogatory No. 2:** N/A.