persons. Moreover, the Roscitis reassert and incorporate herein by reference their prior response to this Request for Admission No. 13.

Second Supplemental Response to Request for Admission No. 13: Denied.

Interrogatory No. 13: If the request for admission is denied, please set forth in detail the basis for any denial, including why the Roscitis signed a letter dated April 15, 2007 acknowledging their default, which letter is attached as Exhibit C to Hanover's Complaint in this matter.

Answer to Interrogatory No. 13: N/A.

Supplemental Answer to Interrogatory No. 13: The term "default" is not defined in the Indemnity Agreement. Moreover, the Roscitis believe that they were prevented from completing any performance with respect to Hanover's March 17, 2006 "demand", and thus, did not "default" under any purported obligations set forth in the Indemnity Agreement. However, the Roscitis admit that they had not yet completed performance pursuant to Paragraphs 2 and 3, respectively, of the Indemnity Agreement as "demanded" by Hanover in its March 17, 2006 correspondence as of April 13, 2006, the date each of the Roscitis signed the so-called Acknowledgement of Voluntary Default. Simply put, the Roscitis signed the Acknowledgement of Voluntary Default on or about April 13, 2006, because: (1) the same was presented to them in a pre-prepared form, on South Shore letterhead by Hanover and/or its counsel, Attorney Ritland, (2) South Shore was already rendered insolvent as a result of Hanover's actions, *to wit*, its unauthorized direction to the project owners of the so-called Pawtucket project and Amtrak project, respectively, that no further contract funds should be released and/or paid to South Shore; and (3) Hanover and/or Attorney Ritland advised A. Rosciti that unless the April 13, 2006 Acknowledgement of Voluntary Default was executed Hanover would not honor and/or award to the Rosciti Construction the previously secured and/or arranged for "takeover" contract with respect to the Pawtucket project. Thus, in their mind, the Roscitis had no choice but to sign the April 13, 2006 Acknowledgement of Voluntary Default.

Request for Admission No. 14: In resolving claims under the payment and performance bonds that Hanover provided South Shore on the Pawtucket and Amtrak Projects, Hanover did not engage in fraud or collusion with any other owners or obliges of these respective Projects.

Response to Request for Admission No. 14: Denied.



Statement of Facts
EXHIBIT J

Interrogatory No. 14: If the request for admission is denied, please set forth in detail any and all facts supporting the claim that Hanover engaged in fraud or collusion with any of the owners or obligees in resolving the claims under the performance and payment bonds which Hanover issued on the Pawtucket and Amtrak projects.

Answer to Interrogatory No. 14: In or about February and March, 2006, without either the consent or authorization of South Shore, Hanover embarked on a course of conduct and dealing with the project owners for the so-called Pawtucket Project and Amtrak Project, respectively, wherein it negotiated with said project owners, and, in doing so interfered with, notwithstanding South Shore's direct contractual relationship with said project owners, and directed the project owners to cease making any further payments to South Shore relative to the subject projects. This course of conduct and dealing commenced and occurred well in advance, and, in any event, approximately thirty (30) days prior to, South Shore's execution of a direction of payment letter in favor of Hanover with respect to this Pawtucket Project and Amtrak Project, respectively.