UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THE HANOVER INSURANCE GROUP,

Plaintiff

vs. C.A. No.: 06-276/T

ANTHONY F. ROSCITI, JR.; HENRY V. ROSCITI; and A.H.R.UTILITY CORPORATION,

Defendants

ANTHONY F. ROSCITI, JR.; AND SHANNON B. ROSCITI,

Plaintiffs

vs. C.A. No.: 06-392/T

THE HANOVER INSURANCE GROUP; SOUTH SHORE UTILITY CONTRACTORS, INC., by and through Jonathan N. Savage, Esq., duly appointed Permanent Receiver of South Shore Utility Contractors, Inc.; HENRY V. ROSCITI; And AHR UTILITY CORPORATION,

Defendants

ANTHONY F. ROSCITI, JR. AND SHANNON B. ROSCITI'S MOTION FOR FURTHER ENLARGEMENT OF TIME WITHIN WHICH TO OBJECT OR OTHERWISE RESPOND TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

NOW COMES Defendants, Anthony F. Rosciti, Jr. and Shannon B. Rosciti (collectively, the "Roscitis"), and each of them, by and through counsel, pursuant to Rule 6 of the Federal Rules of Civil Procedure, and hereby moves this Court for a further enlargement of time within which the Roscitis may object or otherwise respond to Plaintiff, The Hanover Insurance Group's

("Hanover") pending motion for summary judgment up to, and including, July 23, 2008, or such other date as this Court may order.

At the outset, the Roscitis state that they loathe to advance the within request; however, as a result of certain circumstances involving the Roscitis' counsel the same is unavoidable, and, further, this request is necessary to insure that the Roscitis' legal rights and/or interests are protected in the instant litigation.

In support of the within request for a further enlargement of time, the Roscitis state as follows:

1. On or about June 20, 2008, Hanover filed its motion for summary judgment, and accompanying papers in support thereof, as against all defendants in the instant case.

2. On June 30, 2008, the Roscitis' counsel wrote to counsel for Hanover, and advised that he was dealing with an unanticipated medical situation within his immediate family, which would result in a parent undergoing an emergency surgical procedure for a life threatening condition on July 2nd. As such, the Roscitis' counsel made a request for an enlargement of time within which to answer or otherwise respond to Hanover's motion for summary judgment for an additional one week.

3. In response to the Roscitis' counsel's request, Hanover's counsel responded by indicating that Hanover would only consent to an extension of time up to, and including, July 9, 2008, or two (2) days beyond the Court's previously established date for responsive papers to be filed in connection with Hanover's motion for summary judgment.

4. On July 1, 2008, in response to Hanover's counsel's reply, the Roscitis' counsel wrote to Hanover's counsel, once again, and indicated the significant nature of the emergent situation that he was dealing with, and requested additional time beyond July 9th.

5. In reply to the same, the Roscitis' counsel was advised by Hanover's counsel that Hanover would only consent to an enlargement of time up through, and including, July 9th, and would not agree to providing the Roscitis with any additional time notwithstanding the circumstances.

6. On or about July 2, 2008, pursuant to Hanover's consent, the Roscitis and Hanover filed a joint motion for enlargement of time within which the Roscitis may object or otherwise respond to Hanover's summary judgment, and, further, in doing so, requested an enlargement of time up through, and including July 9, 2008.

7. On July 9, 2008, this Court entered an order granting the parties' joint request for an enlargement of time.

8. Notwithstanding, the Roscitis' counsel is still dealing with and/or addressing the medical situation involving the above-referenced immediate family member, which has recently impaired the Roscitis' counsel from maintaining regular office hours and/or work schedule during the past week or so.

9. Accordingly, the Roscitis respectfully request a further enlargement of time within which to object or otherwise respond to Hanover's motion for summary judgment up to, and including, July 23, 2008.

10. The Roscitis respectfully submit that the instant action has been pending since 2006, and, further, the requested fourteen (14) day extension will not inure to the detriment and/or prejudice of Hanover in any respect.

11. The within request is being made out of necessity, and not for any other purpose so that the Roscitis' legal rights and/or interests may be protected.

WHEREFORE, for the foregoing reasons, the Roscitis respectfully request that this Court grant the within motion for a further enlargement of time to object or otherwise respond to Hanover's motion for summary judgment, that this Court enter an order enlarging the time within which the Roscitis may answer or otherwise respond to Hanover's pending motion for summary judgment up to, and including, July 23, 2008, and that this Court award the Roscitis such other further relief as this Court may deem fair, just and reasonable.

Respectfully submitted,

Anthony F. Rosciti, Jr. & Shannon B. Rosciti

By their Attorneys,

/s/ Christopher M. Mulhearn
Christopher M. Mulhearn (#5188)
**Ferrucci Russo, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel: (401) 455-1000
Fax: (401) 455-7778
cmulhearn@frlawri.com

Dated: July 9, 2008

**CERTIFICATION**

I hereby certify that on this 9th day of July, 2008, the foregoing was served upon **Ronald E. Ritland, Esq.,** via e-mail @ rritland@peabodyarnold.com; **Kevin C. Cain, Esq.**, via e-mail @ kcain@peabodyarnold.com; and **Joseph DeAngelis, Esq.**, via e-mail @ jdeangelis@apslaw.com.

/s/ Christopher M. Mulhearn