UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THE HANOVER INSURANCE GROUP,<br><br>Plaintiff<br><br>vs.<br><br>ANTHONY F. ROSCITI, JR.; HENRY V. ROSCITI; and A.H.R. UTILITY CORPORATION,<br><br>Defendants | : | C.A. No.: 06-276/T |
| ANTHONY F. ROSCITI, JR.; AND SHANNON B. ROSCITI,<br><br>Plaintiffs<br><br>vs.<br><br>THE HANOVER INSURANCE GROUP; SOUTH SHORE UTILITY CONTRACTORS, INC., by and through Jonathan N. Savage, Esq., duly appointed Permanent Receiver of South Shore Utility Contractors, Inc.; HENRY V. ROSCITI; and AHR UTILITY CORPORATION, | : | C.A. No. 06-392/T |

**ANTHONY F. ROSCITI, JR. AND SHANNON B. ROSCITI'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

NOW COME Defendants, Anthony F. Rosciti, Jr. and Shannon B. Rosciti (collectively, the "Roscitis"), by and through counsel, pursuant to Local Rule 56 for the United States District

Court for the District of Rhode Island, and hereby responds to Plaintiff, The Hanover Insurance Group's ("Hanover") statement of undisputed facts in support of its motion for summary judgment as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. The Roscitis admit that they entered into an Indemnity Agreement with Hanover, and, further, that the Indemnity Agreement purports to indemnify Hanover for "all losses" resulting from the issuing of the bonds on behalf of South Shore Utility Contractors, Inc. ("South Shore"). Notwithstanding, however, the Roscitis state that the interpretation of the Indemnity Agreement is a matter of law and not a statement of fact, and, as such, it is irrelevant to the issues presented by Hanover in its motion for summary judgment.

5. The Roscitis can neither admit nor deny Paragraph 5 insofar as it states a conclusion which the Roscitis have no knowledge.

6. Admitted.

7. The Roscitis admit that South Shore entered into a subcontract with G. Donaldson Construction, Inc. ("G. Donaldson"); however, the contract was not simply a lump sum contract, but was a quantity and sum certain contract. See Anthony F. Rosciti, Jr. Affidavit, at ¶6.

8. Admitted.

9. The Roscitis can neither admit nor deny Paragraph 7 insofar as it states a conclusion which the Roscitis have no knowledge.

10. Admitted.

11. The Roscitis admit that South Shore reached agreement in terms of a settlement amount, payment schedule and amount with G. Donaldson. However, insofar as Hanover contacted the project owners with respect to the so-called Pawtucket Project and Amtrak Project, respectively, directly and advised said project owners not to release any further contract funds to South Shore absent the express consent of Hanover, South Shore was left without any flow of funds with which to consummate its agreed-upon settlement and payment schedule with G. Donaldson. See Anthony F. Rosciti, Jr. Affidavit, at ¶¶6, 7 and 17.

12. Admitted.

13. Admitted.

14. Admitted.

15. The Roscitis make no response to Paragraph 15 insofar as the same is not directed to either of them.

16. Admitted.

17. Insofar as the Roscitis had less than two (2) full business days within which to consider and act upon Hanover's so-called demand that they post additional collateral under the Indemnity Agreement, they were not in default of the same as of March 21, 2006. See Anthony F. Rosciti, Jr. Affidavit, at ¶12.

18. The Roscitis make no response to Paragraph 18 insofar as the same is not directed to either of them.

19. Admitted.

20. The Roscitis can neither admit nor deny Paragraph 20 insofar as it states a conclusion which the Roscitis have no knowledge.

21. Admitted.

22. Admitted.

23. It was South Shore, by and through its President, Anthony F. Rosciti, Jr., that a "take over" arrangement was secured with Rosciti Construction on behalf of South Shore relative to the Pawtucket Project and Amtrak Project, respectively. In fact, Hanover indicated that it would withhold its consent to the secured "take over" arrangement unless South Shore and Anthony F. Rosciti, Jr., as well as the other individual indemnitors acknowledged a voluntary default under the Indemnity Agreement, which culminated the same being signed and delivered to Hanover on or about April 13, 2006. See Anthony F. Rosciti, Jr. Affidavit, at ¶¶ 21 and 22.

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted.

30. Admitted.

31. The Roscitis make no response to Paragraph 31 insofar as the same is not directed to either of them.

32. Admitted.

33. Admitted.

Respectfully submitted,

Anthony F. Rosciti, Jr. &
Shannon B. Rosciti

By their Attorneys,

/s/ Christopher M. Mulhearn
Christopher M. Mulhearn (#5188)
**Ferrucci Russo, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel: (401) 455-1000
Fax: (401) 455-7778
Email: cmulhearn@frlawri.com

Dated: July 23, 2008

## CERTIFICATION

I hereby certify that on this 23rd day of July, 2008, the foregoing was served upon **Ronald E. Ritland, Esq.**, via e-mail @ rritland@peabodyarnold.com; **Kevin C. Cain, Esq.**, via e-mail @ kcain@peabodyarnold.com; **Joseph DeAngelis, Esq.**, via e-mail @ jdeangelis@apslaw.com; and **John P. Connelly, Esq.**, via e-mail @ jconnelly@peabodyarnold.com.

/s/ Christopher M. Mulhearn