UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THE HANOVER INSURANCE GROUP, :
:
Plaintiff :
:
vs. :
: C.A. No. 06-276T
ANTHONY F. ROSCITI, JR.; HENRY V. :
ROSCITI; and A.H.R. UTILITY CORPORATION, :
:
Defendants :

---

ANTHONY F. ROSCITI, JR. and :
SHANNON B. ROSCITI, :
:
Plaintiffs :
:
vs. : C.A. No. 06-392T
:
THE HANOVER INSURANCE GROUP; :
SOUTH SHORE UTILITY :
CONTRACTORS, INC., by and through :
Jonathan N. Savage, Esq., duly appointed :
Permanent Receiver of South Shore Utility :
Contractors, Inc.; HENRY V. ROSCITI; :
And A.H.R. UTILITY CORPORATION :

**A.H.R. UTILITY CORPORATION AND HENRY V. ROSCITI JR.'S RESPONSE TO PLANITIFF'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

NOW COME Defendants, A.H.R. Utility Corporation and Henry V. Rosciti (collectively, the "Defendants"), by and through counsel, pursuant to Local Rule 56 for the United States District of Rhode Island, and hereby responds to Plaintiff, The Hanover Insurance Group's ("Hanover") statement of undisputed facts in support of its motion for summary judgment as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Defendants admit that they entered into an Indemnity Agreement with Hanover, and, further, that the Indemnity Agreement purports to indemnify Hanover for "all losses" resulting from the issuing of the bonds on behalf of South Shore Utility Contractors, Inc. ("South Shore"). Notwithstanding, however, Defendants state that the interpretation of the Indemnity Agreement is a matter of law and not a statement of fact, and, as such, it is irrelevant to the issues presented by Hanover in its motion for summary judgment.

5. Defendants can neither admit nor deny Paragraph 5 insofar as it states a conclusion as to which the Defendants have no knowledge.

6. Admitted.

7. Defendants admit that South Shore entered into a subcontract with G. Donaldson Construction, Inc. ("G. Donaldson"); however, the contract was not simply a lump sum contract, but was a quantity and sum contract. *See* Henry V. Rosciti, Jr. Affidavit at ¶6.

8. Admitted.

9. Defendants can neither admit nor deny Paragraph 7 insofar as it states a conclusion as to which the Defendants have no knowledge.

10. Admitted.

11. Defendants admit that South Shore reached agreement in terms of a settlement amount, payment schedule and amount with G. Donaldson. However, insofar as Hanover contacted the project owners with respect to the so-called Pawtucket Project and Amtrak Project directly and advised said project owners not to release any further contract funds to South Shore absent the express consent of Hanover, South Shore was left without any flow of funds with

which to consummate its agreed-upon settlement and payment schedule with G. Donaldson. *See* Henry V. Rosciti, Jr. Affidavit at ¶¶6, 7 and 17.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Defendants have no knowledge of the facts referenced in this paragraph and therefore deny them.

17. Insofar as Defendants had less than two (2) full business days within which to consider and act upon Hanover's so-called demand that they post additional collateral under the Indemnity Agreement, they were not in default of the same as of March 21, 2006. *See* Henry V. Rosciti, Jr. Affidavit at ¶12.

18. Admitted.

19. Admitted.

20. Defendants can neither admit nor deny Paragraph 20 insofar as it states a conclusion as to which the Defendants have no knowledge.

21. Admitted.

22. Admitted.

23. South Shore, by and through its President, Anthony F. Rosciti, Jr., secured a "take over" arrangement with Rosciti Construction on behalf of South Shore relative to the Pawtucket Project and Amtrak Project, respectively. In fact, Hanover indicated that it would withhold its consent to the secured "take over" arrangement unless South Shore and Anthony F. Rosciti, Jr., as well as the other individual indemnitors acknowledged a voluntary default under

the Indemnity Agreement, which culminated the same being signed and delivered to Hanover on or about April 13, 2006. *See* Anthony F. Rosciti, Jr. Affidavit at ¶¶ 21 and 22.

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted.

30. Admitted.

31. Defendants have no knowledge of the facts referenced in this paragraph and therefore deny them.

32. Admitted.

33. Admitted.

Respectfully submitted,

Henry V. Rosciti &
A.H.R. Utility Corp.
By their Attorneys,

/s/ Jeffrey M. Crudup
Joseph DeAngelis (#1395)
Jeffrey Crudup (#7721)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th FL
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 351-4607
Email: jdeangelis@apslaw.com
Email: jcrudup@apslaw.com

Dated: ______________________

**CERTIFICATION**

I hereby certify that on this ______ day of July, 2008, the foregoing was served upon **Ronald E. Ritland, Esq.,** via e-mail @ rritland@peabodyarnold.com; **Kevin C. Cain, Esq.**, via e-mail @ kcain@peabodyarnold.com; **Christopher M. Mulhearn.**, via e-mail @ cmulhearn@frlawri.com; and **John P. Connelly, Esq.**, via e-mail @ jconnelly@peabodyarnold.com.

/s/ Jeffrey M. Crudup

*463273_1.doc*